# EXHIBIT B

**IN AND FOR THE THIRTEENTH
JUDICIAL CIRCUIT OF FLORIDA
IN AND FOR HILLSBOROUGH COUNTY
FLORIDA – CIVIL DIVISION**


JERARD BROWN, and
ELIZABETH CARDONA,

     Plaintiff(s),

                              CASE NO.:

     v.
                              DIVISION:

VIVINT SOLAR, INC.,
VIVINT SOLAR DEVELOPER, LLC, and
SOLAR MOSAIC, INC.,

     Defendant(s).

## <u>COMPLAINT</u>

### General Allegations

1.      This is an action seeking damages in excess of $15,000.00, exclusive of attorney's fees and costs.

2.      Plaintiff, Jerard Brown, ("**Mr. Brown**") is a consumer who resides at 1514 Banner Elk Street, Valrico, Florida, and the incident that is the subject of Mr. Brown's claims occurred there.

3.      Plaintiff, Elizabeth Cardona, ("**Ms. Cardona**") is a consumer who resides at 2304 Woodway Drive, Orlando, Florida and the incident that is the subject of Ms. Cardona's claims occurred there.

4.      Defendant, Vivint Solar, Inc., is a Delaware corporation with a principal office at 1800 W. Ashton Blvd. Lehi, Utah 84043.

<u>Cardona/Brown v. Vivint Solar, Inc., *et al.*</u>
- Complaint
            Page 1 of 22

5.     Defendant Vivint Solar Developer LLC is registered in Florida as a foreign limited liability company with a principal office at 1800 W. Ashton Blvd. Lehi, Utah 84043.

6.     The two Vivint Defendants in this matter are solar energy providers and are referred to at times herein as "**Vivint Solar**."

7.     Defendant, Solar Mosaic, Inc., is a Delaware corporation with a principal office at 1212 Broadway, Suite 300, Oakland, California 94612.

8.     Solar Mosaic, Inc. is a finance company that provides financing for the purchase of Vivint Solar's products.

9.     The Vivint Solar, Inc, Vivint Solar Developer LLC, and Solar Mosaic, Inc., are referred to at times herein as "**Defendants.**"

**Statement of Claim for Counts I - III**
**Violations of the Fair Credit Reporting Act - Elizabeth Cardona**

10.     Plaintiffs re-adopt and re-allege the above paragraphs and incorporate them by reference.

11.     This is an action for damages and other relief brought by a consumer pursuant to the federal Fair Credit Reporting Act ("**FCRA**"), 15 U.S.C. § 1681, *et seq.*  The FCRA restricts access to consumer credit reports except for specific, statutorily enumerated purposes under 15 U.S.C. §1681b.

12.     Defendants, a solar energy provider and its captive finance company, without notice or permission, accessed Plaintiff Elizabeth Cardona's consumer report under false pretenses, without any permissible purpose or authorization.

13.     Defendants, as a part of their routine business practice, regularly obtain consumer credit reports from consumers in Florida and elsewhere upon false pretenses, without authorization by the consumer, and without a permissible purpose.

14.     Vivint Solar has been placed on notice of this illegal activity repeatedly, but has refused to discontinue the practice.

15.     Solar Mosaic, Inc., has been placed on notice of this illegal activity repeatedly, but has refused to discontinue the practice.

16.     On or about January 2017, Plaintiff Elizabeth Cardona was met at her home by a door-to-door salesman from the Vivint Solar defendants.

17.     During the visit, the Vivint Solar representative began to offer his pitch for enrolling Ms. Cardona for solar energy.

18.     Upon information and belief, the Vivint Solar representative was an agent of Vivint Solar, Inc., and/or Vivint Solar Developer, LLC, and approached Ms. Cardona on behalf of those companies to sell their solar power services.

19.     Upon information and belief, the Vivint Solar representative was an agent of Solar Mosaic, Inc., and approached Ms. Cardona on behalf of that company to finance Vivint Solar's solar power services.

20.     Upon information and belief, Solar Mosaic, Inc., is a finance company used by Vivint Solar to indirectly finance purchases of Vivint Solar's product.  Solar Mosaic, Inc., does not directly approach the consumer about financing, but gets involved in a transaction when Vivint Solar's salesman goes door-to-door to make a sale, and Vivint Solar's salesman completes and submits an electronic credit application for Solar Mosaic, Inc. financing.

21.     During the Vivint Solar representative's visit to Ms. Cardona, Ms. Cardona specifically told the representative that she did not want her credit report pulled.

22.     The Vivint Solar representative assured Ms. Cardona that they were not going to look at her credit.

23.     Ms. Cardona did not sign or authorize the Vivint Solar representative to use her signature.

24.     Ms. Cardona later received an alert about a new hard inquiry of her credit report by "Solar Mosaic."

25.     Ms. Cardona was not provided, nor given the opportunity to review, any paperwork or documents, paper or electronic.

26.     Ms. Cardona never provided any authorization to have her credit report pulled by Vivint Solar or Solar Mosaic.

27.     Ms. Cardona called Vivint Solar and complained about the fact that her credit was pulled, but her complaints were ignored.

28.     Ms. Cardona filed a complaint with the Orange County Sheriff's office.

29.     Pursuant to 15 U.S.C. §1681b, a consumer report can be obtained only for the specific purposes stated thereunder, including for use in connection with a credit transaction that the consumer initiated, a firm credit offer, employment purposes, or a business transaction in which an individual has accepted personal liability for business credit.

30.     None of the three Defendants had a permissible purpose to obtain Ms. Cardona's credit report.

31.     The Vivint Solar defendants knew or should have known that Ms. Cardona did not authorize any inquiry into her credit information at any time, nor initiated any credit transaction.

32.     Discovery in this case will show that all three Defendants, as a pattern and practice, regularly obtain consumer reports on consumers without a permissible purpose and/or under false pretenses.

33.     Consumers across Florida and across the country have complained to both the Vivint Solar defendants and Solar Mosaic, Inc. that their door-to-door sales agents pulled their credit without consent or authorization.

34.     Consumers across Florida and across the country have complained to both the Vivint Solar defendants and Solar Mosaic, Inc. that their door-to-door sales agents obtained credit reports upon false pretenses, a federal crime.

35.     Upon information and belief, Defendants maintain a complaint tracker that documents the numerous instances where consumers have complained that Defendants have obtained their consumer credit reports without authorization.

36.     Consumers from Florida and across the country have complained to the Better Business Bureau and other entities that Defendants have obtained their consumer credit reports without authorization.

37.     Consumers from Florida and across the country have complained to state attorneys general and police departments that Defendants have obtained their consumer credit reports without authorization.

38.     The above facts, as well as forthcoming discovery in this case, will show that it is a corporate policy and culture at Defendants' businesses to look the other way and dismiss these numerous complaints and tacitly encourage their sales agents hide important sales details from consumers, forge and falsify authorization documents, or obtain credit reports without permission.

39.     Despite ample and repeated notice of this problem, Vivint Solar to this day continues to allow its salespeople to routinely invade the privacy of consumers and intentionally

violate the Act by requesting credit reports on Vivint Solar's own behalf and on behalf of Solar Mosaic, Inc. without a permissible purpose.

40.      As a result of all three Defendants' willful, wanton, reckless, and/or negligent action, Ms. Cardona has been damaged.

41.      The consumer reports obtained by Defendants included a trove of sensitive personal and private information about Ms. Cardona, such as credit history profile, pay histories, employer information and the like.

42.      Ms. Cardona's privacy has been invaded as a result of the willful, wanton, reckless and/or negligent conduct of Defendants.

43.      Ms. Cardona has lost trust and is suspicious, and has been constrained to monitor her credit regularly to prevent unauthorized access to her sensitive credit information.

44.      Ms. Cardona has suffered mental and emotional distress, worry, and aggravation as a result of Defendants' actions.

45.      Defendants have violated the Fair Credit Reporting Act by willfully and/or negligently obtaining Ms. Cardona's consumer credit report without a statutorily permissible purpose. 15 U.S.C. § 1681b; 1681q; 1681n and §1681o.

### Count I – Fair Credit Reporting Act
### (Cardona v. Vivint Solar, Inc)

46.      Ms. Cardona re-alleges and incorporates the above paragraphs by reference.

47.      Defendant, Vivint Solar, Inc., knowingly, willfully, and recklessly violated the FCRA by obtaining Ms. Cardona's consumer credit report upon false pretense and without a statutorily permissible purpose. 15 U.S.C. § 1681b; 1681q; 1681n and §1681o.

**WHEREFORE**, Plaintiff, Elizabeth Cardona, demands judgment against Defendant, Vivint Solar, Inc., for:

(a)     Actual and compensatory damages as provided for in the Fair Credit Reporting Act;

(b)     Punitive damages as provided for in the Fair Credit Reporting Act;

(c)     A declaration that the conduct complained of violates the provisions of the Fair Credit Reporting Act, 15 U.S.C. § 1681b;

(d)     An Order requiring that the Defendants return Plaintiff's confidential consumer report and destruction of any copies;

(e)     Attorney's fees and costs as provided in any applicable contract, rule or statute; and

(f)     Such other and further relief as the Court shall deem just and proper.

### Count II – Fair Credit Reporting Act
### (Cardona v. Vivint Solar Developer, LLC)

48.     Ms. Cardona re-alleges and incorporates the above paragraphs by reference.

49.     Defendant, Vivint Solar Developer, LLC, knowingly, willfully, and recklessly violated the FCRA by obtaining Ms. Cardona's consumer credit report upon false pretense and without a statutorily permissible purpose. 15 U.S.C. § 1681b; 1681q; 1681n and §1681o.

**WHEREFORE**, Plaintiff Elizabeth Cardona demands judgment against Defendant, Vivint Solar Developer, LLC, for:

(a)     Actual and compensatory damages as provided for in the Fair Credit Reporting Act;

(b)     Punitive damages as provided for in the Fair Credit Reporting Act;

(c)     A declaration that the conduct complained of violates the provisions of the Fair Credit Reporting Act, 15 U.S.C. § 1681b;

(d)     An Order requiring that the Defendants return Plaintiff's confidential consumer report and destruction of any copies;

(e)     Attorney's fees and costs as provided in any applicable contract, rule or statute; and

(f)     Such other and further relief as the Court shall deem just and proper.

**Count III – Fair Credit Reporting Act**
**(Cardona v. Solar Mosaic, Inc.)**

50.     Ms. Cardona re-alleges and incorporates the above paragraphs by reference.

51.     Defendant, Solar Mosaic, Inc., knowingly, willfully, and recklessly violated the FCRA by obtaining Ms. Cardona's consumer credit report upon false pretense and without a statutorily permissible purpose. 15 U.S.C. § 1681b; 1681q; 1681n and §1681o.

**WHEREFORE**, Plaintiff, Elizabeth Cardona, demands judgment against Defendant, Solar Mosaic, Inc., for:

(a)     Actual and compensatory damages as provided for in the Fair Credit Reporting Act;

(b)     Punitive damages as provided for in the Fair Credit Reporting Act;

(c)     A declaration that the conduct complained of violates the provisions of the Fair Credit Reporting Act, 15 U.S.C. § 1681b;

(d)     An Order requiring that the Defendants return Plaintiff's confidential consumer report and destruction of any copies;

(e)     Attorney's fees and costs as provided in any applicable contract, rule or statute ; and

(f)     Such other and further relief as the Court shall deem just and proper.

**Statement of Claim for Counts IV-VI**
**Declaratory Relief**

52.     This is an action for declaratory relief pursuant to Chapter 86, Florida Statutes (the Florida Declaratory Judgment Act).[1]

53.     Ms. Cardona re-alleges and incorporates the above paragraphs by reference.

54.     Ms. Cardona maintains that each of Defendants' conduct violates the Fair Credit Reporting Act, 15 U.S.C. § 1681b, as the Defendants knew or should have known they did not have a permissible purpose to pull her credit, were on notice of the complained-of conduct through numerous complaints from other consumers, but nonetheless continued and continue to allow their employees to violate the Act.

55.     Defendants engaged and continue to engage in the complained of conduct despite being put on notice of the same in violation of the Fair Credit Reporting Act.

56.     Ms. Cardona is in doubt concerning her rights, and a bona fide present controversy exists between Ms. Cardona and the Defendants concerning the proper interpretation of the Fair Credit Reporting Act and the parties' respective rights and obligations thereunder, with respect to issues which include but are not limited to the following:

---

[1] Florida law clearly provides that the Florida Declaratory Judgment Act confers substantive legal rights. *See,* § 86.101, Fla. Stat. (stating that chapter 86 "is declared to be substantive and remedial. Its purpose is to settle and to afford relief from insecurity and uncertainty with respect to rights, status, and other equitable or legal relations and is to be liberally administered and construed"). Florida appellate courts likewise hold that the Florida Declaratory Judgment Act is substantive. *School Bd. of Leon County v. Mitchell,* 346 So.2d 562, 564 (Fla. 1st DCA 1977) ("Chapter 86 is both substantive and remedial, and is to be liberally construed"); *Koscot Interplanetary, Inc. v. State ex rel. Conner,* 230 So.2d 24, 25 (Fla. 4th DCA 1970) (Chapter 86 "providing for declaratory decrees, is substantive and remedial").

(a)      Were Defendants lawfully able to pull Ms. Cardona's credit report under the circumstances?

(b)      What are the parties' respective rights and obligations concerning the Fair Credit Reporting Act in relation to Defendants' complained of conduct?

57.      The rights, status, or other equitable or legal relations of the parties are affected by the Fair Credit Reporting Act.  Accordingly, pursuant to Chapter 86, Florida Statutes, Ms. Cardona may obtain a declaration of rights, status, or other equitable or legal relations thereunder.

58.      Section 86.011, Florida Statutes states that this Court has "jurisdiction … to declare rights, status, and other equitable or legal relations whether or not further relief is or could be claimed."  Thus, regardless of whether damages are available to Ms. Cardona under Count I-III, this Court still has jurisdiction to determine the parties' respective rights, status, and other equitable or legal relations under the Fair Credit Reporting Act.

59.      Section 86.011(2), Florida Statutes states that "The court may render declaratory judgments on the existence, or nonexistence … Of any fact upon which the existence or nonexistence of such immunity, power, privilege, or right does or may depend, whether such immunity, power, privilege, or right now exists or will arise in the future."  Thus, the Court still has jurisdiction to determine whether Defendants' conduct has been unlawful, in order to prevent the same unlawful conduct in the future.

60.      Section 86.021, Florida Statutes states, "Any person claiming to be interested or who may be in doubt about his or her rights under a … contract, … or whose rights, status, or other equitable or legal relations are affected by a statute … may have determined any question of construction or validity arising under such statute, … contract, … or any part thereof, and

obtain a declaration of rights, status, or other equitable or legal relations thereunder." Thus, the Court has jurisdiction to determine the rights of "any person" (such as Ms. Cardona) who is in doubt about her rights under the Fair Credit Reporting Act.

61.     Section 86.071, Florida Statutes states, in pertinent part, that when a declaratory action "concerns the determination of an issue of fact, the issue may be tried as issues of fact are tried in other civil actions in the court in which the proceeding is pending. To settle questions of fact necessary to be determined before judgment can be rendered, the court may direct their submission to a jury." Thus, the existence of disputed fact issues does not prevent the Court from providing declaratory relief under Chapter 86.

62.     Section 86.101, Florida Statutes states, "This chapter is declared to be substantive and remedial. Its purpose is to settle and to afford relief from insecurity and uncertainty with respect to rights, status, and other equitable or legal relations and is to be liberally administered and construed." Thus, Chapter 86 is substantive in nature, and this Court must liberally administer and construe Chapter 86, in order to afford the parties relief from insecurity and uncertainty with respect to their respective rights, status, and other equitable or legal relations under the Fair Credit Reporting Act.

63.     Section 86.111, Florida Statutes states, "The existence of another adequate remedy does not preclude a judgment for declaratory relief." Again, this statute confirms that declaratory relief is available under Chapter 86, regardless of whether damages are available to Ms. Cardona under Counts I-III.

### Count IV – Declaratory Relief
### (Cardona v. Vivint Solar, Inc)

64.     Ms. Cardona re-alleges and incorporates the above paragraphs by reference.

65.     For the reasons set forth above, declaratory relief pursuant to Chapter 86 of the Florida Statutes is appropriate.

**WHEREFORE**, Plaintiff, Elizabeth Cardona, demands judgment against Defendant, Vivint Solar, Inc., for:

(a)     A declaration that the conduct complained of violates the provisions of the Fair Credit Reporting Act, 15 U.S.C. § 1681b;

(b)     An Order requiring that the Defendants return Plaintiff's confidential consumer report and destruction of any copies;

(c)     Attorney's fees and costs as provided in any applicable contract, rule or statute; and

(d)     Such other and further relief as the Court shall deem just and proper.

### Count V – Declaratory Relief
### (Cardona v. Vivint Solar Developer, LLC)

66.     Ms. Cardona re-alleges and incorporates the above paragraphs by reference.

67.     For the reasons set forth above, declaratory relief pursuant to Chapter 86 of the Florida Statutes is appropriate.

**WHEREFORE**, Plaintiff, Elizabeth Cardona, demands judgment against Defendant, Vivint Solar Developer, LLC, for:

(a)     A declaration that the conduct complained of violates the provisions of the Fair Credit Reporting Act, 15 U.S.C. § 1681b;

(b)     An Order requiring that the Defendants return Plaintiff's confidential consumer report and destruction of any copies;

(c)     Attorney's fees and costs as provided in any applicable contract, rule or statute ; and

(d)      Such other and further relief as the Court shall deem just and proper.

**Count VI – Declaratory Relief**
**(Cardona v. Solar Mosaic, Inc.)**

68.      Ms. Cardona re-alleges and incorporates the above paragraphs by reference.

69.      For the reasons set forth above, declaratory relief pursuant to Chapter 86 of the

Florida Statutes is appropriate.

**WHEREFORE**, Plaintiff, Elizabeth Cardona, demands judgment against Defendant,

Solar Mosaic, Inc., for:

(a)      A declaration that the conduct complained of violates the provisions of the

Fair Credit Reporting Act, 15 U.S.C. § 1681b;

(b)      An Order requiring that the Defendants return Plaintiff's confidential

consumer report and destruction of any copies;

(c)      Attorney's fees and costs as provided in any applicable contract, rule or

statute; and

(d)      Such other and further relief as the Court shall deem just and proper.

**Statement of Claim for Counts VII - IX**
**Violations of the Fair Credit Reporting Act - Jerard Brown**

70.      Plaintiffs re-adopt and re-allege the above paragraphs and incorporate them by

reference.

71.      On or about October 2017, Plaintiff, Jerard Brown, was met at his home by a

door-to-door salesman from the Vivint Solar defendants.

72.      During the visit, the Vivint Solar representative began to offer his pitch for

enrolling Mr. Brown for solar energy.

73.      Upon information and belief, the Vivint Solar representative was an agent of Vivint Solar, Inc., and/ or Vivint Solar Developer, LLC, and approached Mr. Brown on behalf of those companies to sell their solar power services.

74.      Upon information and belief, the Vivint Solar representative was an agent of Solar Mosaic, Inc., and approached Mr. Brown on behalf of that company to finance Vivint Solar's solar power services.

75.      Upon information and belief, Solar Mosaic, Inc., is a finance company used by Vivint Solar to indirectly finance purchases of Vivint Solar's product.  Solar Mosaic, Inc., does not directly approach the consumer about financing, but gets involved in a transaction when Vivint Solar's salesman goes door-to-door to make a sale, and Vivint Solar's salesman completes and submits an electronic credit application for Solar Mosaic, Inc. financing.

76.      During the visit, Mr. Brown did not sign or authorize the Vivint Solar representative to use his signature.

77.      During the visit, Mr. Brown was not provided, nor given the opportunity to review, any paperwork or documents, paper or electronic.

78.      During the visit, Mr. Brown never provided any authorization to have his credit report pulled by Vivint Solar.

79.      Soon after the visit, Mr. Brown received an alert about a new hard inquiry of his credit report by "Solar Mosaic."

80.      Mr. Brown called Vivint Solar and complained about the fact that his credit was pulled, but his complaints were ignored.

81.      Pursuant to 15 U.S.C. §1681b, a consumer report can be obtained only for the specific purposes stated thereunder, including for use in connection with a credit transaction that

the consumer initiated, a firm credit offer, employment purposes, or a business transaction in which an individual has accepted personal liability for business credit.

82.     None of the three Defendants had a permissible purpose to obtain Mr. Brown's credit report.

83.     The Vivint Solar defendants knew or should have known that Mr. Brown did not authorize any inquiry into his credit information at any time, nor initiated any credit transaction.

84.     As a result of all three Defendants' willful, wanton, reckless, and/or negligent action, Mr. Brown has been damaged.

85.     The consumer reports obtained by Defendants included a trove of sensitive personal and private information about Mr. Brown, such as credit history profile, pay histories, employer information and the like.

86.     Mr. Brown's privacy has been invaded as a result of the willful, wanton, reckless and/or negligent conduct of Defendants.

87.     Mr. Brown has suffered mental and emotional distress, worry, and aggravation as a result of Defendants' actions.

88.     Defendants have violated the Fair Credit Reporting Act by willfully and/or negligently obtaining Mr. Brown's consumer credit report without a statutorily permissible purpose. 15 U.S.C. § 1681b; 1681q; 1681n and §1681o.

**Count VII – Fair Credit Reporting Act**
**(Brown v. Vivint Solar, Inc)**

89.     Mr. Brown re-alleges and incorporates the above paragraphs by reference.

90.     Defendant, Vivint Solar, Inc., knowingly, willfully, and recklessly violated the FCRA by obtaining Mr. Brown's consumer credit report upon false pretense and without a statutorily permissible purpose. 15 U.S.C. § 1681b; 1681q; 1681n and §1681o.

**WHEREFORE**, Plaintiff, Jerard Brown, demands judgment against Defendant, Vivint Solar, Inc., for:

(a)     Actual and compensatory damages as provided for in the Fair Credit Reporting Act;

(b)     Punitive damages as provided for in the Fair Credit Reporting Act;

(c)     A declaration that the conduct complained of violates the provisions of the Fair Credit Reporting Act, 15 U.S.C. § 1681b;

(d)     An Order requiring that the Defendants return Plaintiff's confidential consumer report and destruction of any copies;

(e)     Attorney's fees and costs as provided in any applicable contract, rule or statute; and

(f)     Such other and further relief as the Court shall deem just and proper.

### Count VIII – Fair Credit Reporting Act
### (Brown v. Vivint Solar Developer, LLC)

91.     Mr. Brown re-alleges and incorporates the above paragraphs by reference.

92.     Defendant, Vivint Solar Developer, LLC, knowingly, willfully, and recklessly violated the FCRA by obtaining Mr. Brown's consumer credit report upon false pretense and without a statutorily permissible purpose. 15 U.S.C. § 1681b; 1681q; 1681n and §1681o.

**WHEREFORE**, Plaintiff, Jerard Brown, demands judgment against Defendant, Vivint Solar Developer, LLC, for:

(a)     Actual and compensatory damages as provided for in the Fair Credit Reporting Act;

(b)     Punitive damages as provided for in the Fair Credit Reporting Act;

(c)     A declaration that the conduct complained of violates the provisions of the Fair Credit Reporting Act, 15 U.S.C. § 1681b;

(d)     An Order requiring that the Defendants return Plaintiff's confidential consumer report and destruction of any copies;

(e)     Attorney's fees and costs as provided in any applicable contract, rule or statute; and

(f)     Such other and further relief as the Court shall deem just and proper.

### Count IX – Fair Credit Reporting Act
### (Brown v. Solar Mosaic, Inc.)

93.     Mr. Brown re-alleges and incorporates the above paragraphs by reference.

94.     Defendant, Solar Mosaic, Inc., knowingly, willfully, and recklessly violated the FCRA by obtaining Mr. Brown's consumer credit report upon false pretense and without a statutorily permissible purpose. 15 U.S.C. § 1681b; 1681q; 1681n and §1681o.

**WHEREFORE**, Plaintiff, Jerard Brown, demands judgment against Defendant, Solar Mosaic, Inc., for:

(a)     Actual and compensatory damages as provided for in the Fair Credit Reporting Act;

(b)     Punitive damages as provided for in the Fair Credit Reporting Act;

(c)     A declaration that the conduct complained of violates the provisions of the Fair Credit Reporting Act, 15 U.S.C. § 1681b;

(d)     An Order requiring that the Defendants return Plaintiff's confidential consumer report and destruction of any copies;

(e)     Attorney's fees and costs as provided in any applicable contract, rule or statute ; and

(f)      Such other and further relief as the Court shall deem just and proper.

**Statement of Claim for Counts X - XII**
**Declaratory Relief**

95.      This is an action for declaratory relief pursuant to Chapter 86, Florida Statutes (the Florida Declaratory Judgment Act).

96.      Mr. Brown re-alleges and incorporates the above paragraphs by reference.

97.      Mr. Brown maintains that each of Defendants' conduct violates the Fair Credit Reporting Act, 15 U.S.C. § 1681b, as the Defendants knew or should have known they did not have a permissible purpose to pull his credit, were on notice of the complained-of conduct through numerous complaints from other consumers, but nonetheless continued and continue to allow their employees to violate the Act.

98.      Defendants engaged and continue to engage in the complained of conduct despite being put on notice of the same in violation of the Fair Credit Reporting Act.

99.      Mr. Brown is in doubt concerning his rights, and a bona fide present controversy exists between Mr. Brown and the Defendants concerning the proper interpretation of the Fair Credit Reporting Act and the parties' respective rights and obligations thereunder, with respect to issues which include but are not limited to the following:

(a)      Were Defendants lawfully able to pull Mr. Brown's credit report under the circumstances?

(b)      What are the parties' respective rights and obligations concerning the Fair Credit Reporting Act in relation to Defendants' complained of conduct?

100.      The rights, status, or other equitable or legal relations of the parties are affected by the Fair Credit Reporting Act.  Accordingly, pursuant to Chapter 86, Florida Statutes, Mr. Brown may obtain a declaration of rights, status, or other equitable or legal relations thereunder.

101.     Section 86.011, Florida Statutes states that this Court has "jurisdiction … to declare rights, status, and other equitable or legal relations whether or not further relief is or could be claimed."   Thus, regardless of whether damages are available to Mr. Brown under Count I-III, this Court still has jurisdiction to determine the parties' respective rights, status, and other equitable or legal relations under the Fair Credit Reporting Act.

102.     Section 86.011(2), Florida Statutes states that "The court may render declaratory judgments on the existence, or nonexistence … Of any fact upon which the existence or nonexistence of such immunity, power, privilege, or right does or may depend, whether such immunity, power, privilege, or right now exists or will arise in the future."   Thus, the Court still has jurisdiction to determine whether Defendants' conduct has been unlawful, in order to prevent the same unlawful conduct in the future.

103.     Section 86.021, Florida Statutes states, "Any person claiming to be interested or who may be in doubt about his or her rights under a … contract, … or whose rights, status, or other equitable or legal relations are affected by a statute … may have determined any question of construction or validity arising under such statute, … contract, … or any part thereof, and obtain a declaration of rights, status, or other equitable or legal relations thereunder."   Thus, the Court has jurisdiction to determine the rights of "any person" (such as Mr. Brown) who is in doubt about his rights under the Fair Credit Reporting Act.

104.     Section 86.071, Florida Statutes states, in pertinent part, that when a declaratory action "concerns the determination of an issue of fact, the issue may be tried as issues of fact are tried in other civil actions in the court in which the proceeding is pending. To settle questions of fact necessary to be determined before judgment can be rendered, the court may direct their

submission to a jury." Thus, the existence of disputed fact issues does not prevent the Court from providing declaratory relief under Chapter 86.

105.      Section 86.101, Florida Statutes states, "This chapter is declared to be substantive and remedial. Its purpose is to settle and to afford relief from insecurity and uncertainty with respect to rights, status, and other equitable or legal relations and is to be liberally administered and construed." Thus, Chapter 86 is substantive in nature, and this Court must liberally administer and construe Chapter 86, in order to afford the parties relief from insecurity and uncertainty with respect to their respective rights, status, and other equitable or legal relations under the Fair Credit Reporting Act.

106.      Section 86.111, Florida Statutes states, "The existence of another adequate remedy does not preclude a judgment for declaratory relief." Again, this statute confirms that declaratory relief is available under Chapter 86, regardless of whether damages are available to Mr. Brown under Counts VII - IX.

**Count X – Declaratory Relief**
**(Brown v. Vivint Solar, Inc)**

107.      Mr. Brown re-alleges and incorporates the above paragraphs by reference.

108.      For the reasons set forth above, declaratory relief pursuant to Chapter 86 of the Florida Statutes is appropriate.

**WHEREFORE**, Plaintiff, Jerard Brown, demands judgment against Defendant, Vivint Solar, Inc., for:

(a)      A declaration that the conduct complained of violates the provisions of the Fair Credit Reporting Act, 15 U.S.C. § 1681b;

(b)      An Order requiring that the Defendants return Plaintiff's confidential consumer report and destruction of any copies;

(c)  Attorney's fees and costs as provided in any applicable contract, rule or statute; and

(d)  Such other and further relief as the Court shall deem just and proper.

**Count XI – Declaratory Relief**
**(Brown v. Vivint Solar Developer, LLC)**

109.  Mr. Brown re-alleges and incorporates the above paragraphs by reference.

110.  For the reasons set forth above, declaratory relief pursuant to Chapter 86 of the Florida Statutes is appropriate.

**WHEREFORE**, Plaintiff, Jerard Brown, demands judgment against Defendant, Vivint Solar Developer, LLC, for:

(a)  A declaration that the conduct complained of violates the provisions of the Fair Credit Reporting Act, 15 U.S.C. § 1681b;

(b)  An Order requiring that the Defendants return Plaintiff's confidential consumer report and destruction of any copies;

(c)  Attorney's fees and costs as provided in any applicable contract, rule or statute; and

(d)  Such other and further relief as the Court shall deem just and proper.

**Count XII – Declaratory Relief**
**(Brown v. Solar Mosaic, Inc.)**

111.  Mr. Brown re-alleges and incorporates the above paragraphs by reference.

112.  For the reasons set forth above, declaratory relief pursuant to Chapter 86 of the Florida Statutes is appropriate.

**WHEREFORE**, Plaintiff, Jerard Brown, demands judgment against Defendant, Solar Mosaic, Inc., for:

(a)     A declaration that the conduct complained of violates the provisions of the Fair Credit Reporting Act, 15 U.S.C. § 1681b;

(b)     An Order requiring that the Defendants return Plaintiff's confidential consumer report and destruction of any copies;

(c)     Attorney's fees and costs as provided in any applicable contract, rule or statute; and

(d)     Such other and further relief as the Court shall deem just and proper.


## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury as to all issues so triable.



DATE:  **15th day of October 2018**.

Respectfully submitted,

CRAIG E. ROTHBURD, P.A.

/s/ *Craig E. Rothburd*

CRAIG E. ROTHBURD, ESQ.-FBN: 0049182
320 W. Kennedy Blvd., #700
Tampa, Florida   33606
Telephone:     (813) 251-8800
Fax:              (813) 251-5042
Primary Email:        crothburd@e-rlaw.com
Secondary Email:      mropp@e-rlaw.com
*Counsel for Plaintiffs*
CERPA File No.  6698