IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JERARD BROWN and
ELIZABETH CARDONA,                                          CASE NO.: 8:18-cv-02838-SCB-JSS

       Plaintiffs,

    v.

VIVINT SOLAR, INC.,
VIVINT SOLAR DEVELOPER, LLC,
and SOLAR MOSAIC, INC.,

       Defendants.
_____/

## DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT
## AND AFFIRMATIVE DEFENSES

Defendants Vivint Solar, Inc., Vivint Solar Developer, LLC, and Solar Mosaic, Inc. ("Solar Mosaic") (collectively "Defendants"), by their undersigned counsel, hereby submit their answer to the complaint ("Complaint") of Plaintiffs Jerard Brown and Elizabeth Cardona (collectively "Plaintiffs").

## AS TO "GENERAL ALLEGATIONS"

1.      Admitted in part.  Defendants admit only that the Complaint seeks damages as enumerated in this paragraph but specifically denies any liability for those purported damages.

2.      After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, therefore, the allegations are denied.

3.      After reasonable investigation, Defendants are without knowledge or

information sufficient to form a belief as to the truth of the allegations of this paragraph and, therefore, the allegations are denied.

4.      Admitted.

5.      Admitted.

6.      Admitted in part.  Defendants admit that Plaintiffs purport to refer to Vivint Solar, Inc. and Vivint Solar Developer, LLC as "Vivint Solar" in the Complaint. Defendants specifically deny that Vivint Solar, Inc. and Vivint Solar Developer, LLC are the same legal entities.  It is further admitted that Vivint Solar Developer, LLC is a solar energy provider.  Vivint Solar Inc. is Vivint Solar Developer, LLC's parent company.  Defendants deny the remaining allegations of this paragraph.

7.      Admitted in part.  Solar Mosaic is a Delaware corporation with its principal office at 300 Lakeside Drive, 24th Floor, Oakland, California, 94612.

8.      Admitted in part.  Solar Mosaic provides financing for the purchase and installation of solar equipment offered by Vivint Solar Developer, LLC.

9.      Admitted in part.  Defendants admit that Plaintiffs purport to refer to Vivint Solar, Inc., Vivint Solar Developer, LLC, and Solar Mosaic as "Defendants" in the Complaint.  Defendants specifically deny that Vivint Solar, Inc., Vivint Solar Developer, LLC, and Solar Mosaic are the same legal entities.

**AS TO "STATEMENT OF CLAIM FOR COUNTS I-III VIOLATIONS OF THE FAIR CREDIT REPORTING ACT – ELIZABETH CARDONA"**

10.      Defendants incorporate by reference their preceding responses as if fully stated herein.

11.     Admitted in part.  Defendants admit only that the Complaint seeks damages under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq* ("FCRA"), but specifically denies any liability for those purported damages.  The remaining allegations of this paragraph are denied as conclusions of law to which no response is required.

12.     The allegations of this paragraph contain legal conclusions as to which no response is required.  To the extent a response is required, Defendants deny the allegations in this paragraph.

13.     Denied.

14.     The allegations of this paragraph contain legal conclusions as to which no response is required.  To the extent a response is required, Defendants deny the allegations in this paragraph.

15.     The allegations of this paragraph contain legal conclusions as to which no response is required.  To the extent a response is required, Defendants deny the allegations in this paragraph.

16.     Denied.  After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, therefore, the allegations are denied.  By way of further answer, Mosaic Solar does not engage in the direct sale of solar equipment to consumers.

17.     Denied.  After reasonable investigation, Defendants Vivint Solar, Inc., Vivint Solar Developer, LLC are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, therefore, the allegations are denied. Defendant Mosaic Solar denies the allegations of this paragraph as it does not engage in the direct sale of solar energy to consumers.  By way of further answer, Mosaic Solar does not

engage in the direct sale of solar equipment to consumers.

18.     The allegations of this paragraph contain legal conclusions as to which no response is required.  To the extent a response is required, Defendants deny the allegations in this paragraph.

19.     The allegations of this paragraph contain legal conclusions as to which no response is required.  To the extent a response is required, Defendants deny the allegations in this paragraph.

20.     Admitted in part.  Defendants admit only that Solar Mosaic is a finance company that finances the purchase and installation of Vivint Solar Developer, LLC solar equipment. Defendant Solar Mosaic does not engage in direct sales with consumers.  Defendants deny that Vivint Solar Developer LLC's salesman completes and submits an electronic credit application for Solar Mosaic, Inc. financing.  Defendants deny all other allegations contained in this paragraph.

21.     Denied.  After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, therefore, the allegations are denied.

22.     Denied.  After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, therefore, the allegations are denied.

23.     Denied.

24.     After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

25.     Denied.  After reasonable investigation, Defendants are without

4

knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, therefore, the allegations are denied.

26.     The allegations of this paragraph contain legal conclusions as to which no response is required.  To the extent a response is required, Defendants deny the allegations in this paragraph.

27.     Denied.

28.     After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

29.     Denied as conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

30.     Denied as conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

31.     Denied as conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

32.     Denied.  Defendants specifically deny that they, as a pattern or practice, regularly obtain consumer reports on consumers without a permissible purpose and/or under false pretenses.

33.     Admitted in part.  By way of further answer, a very small percentage of consumers who have engaged with an employee, agent or representative of Vivint Solar Developer, LLC, Vivint Solar Inc., or someone purporting to represent Vivint Solar Developer or LLC, Vivint Solar Inc. have complained that their credit was pulled without consent or authorization, resulting in a "he said, she said" scenario.  Defendant Mosaic Solar denies all allegations of this paragraph.

34.     Admitted in part.  By way of further answer, a very small percentage of consumers who have engaged with an employee, agent or representative of Vivint Solar Developer, LLC, Vivint Solar Inc., or someone purporting to represent Vivint Solar Developer or LLC, Vivint Solar Inc. have complained that their credit data was obtained under false pretenses, resulting in a "he said, she said" scenario.  Vivint Solar Developer, LLC and Vivint Solar Inc. deny the remaining allegations of this paragraph.  Defendant Mosaic Solar denies all allegations of this paragraph.

35.     Admitted in part.  Defendant Mosaic Solar keeps a record of all instances where consumers (included those not related to any Defendants in this action) report instances of their credit being obtained without authorization.  Defendant Vivint Solar Developer, LLC maintains a complaint tracker at the direction of legal and for purposes of seeking legal advice.

36.     Admitted in part.  By way of further answer, a very small percentage of consumers who have engaged with an employee, agent or representative of Defendants or someone purporting to represent Defendants have complained to the Better Business Bureau or others that their credit was pulled without authorization, resulting in a "he said, she said" scenario.

37.     Admitted in part.  By way of further answer, a very small percentage of consumers who have engaged with an employee, agent or representative of Defendants or someone purporting to represent Defendants have filed complaints that their credit was pulled without authorization.  Defendants specifically deny that they have received complaints or from the Florida Attorney General relating to obtaining consumer credit reports without authorization.

38.     Denied.

39.     Denied.  Vivint Solar specifically denies that there was ample notice of a

problem. Vivint Solar further denies that it continued to allow its salespeople to routinely invade the privacy of consumers and violate the Act by pulling credit reports without a permissible purpose. By way of further answer, it is specifically denied that Vivint Solar ever allowed its salespeople to routinely invade the privacy of consumers and violate the Act by pulling credit reports without a permissible purpose either on its own behalf or on behalf of Solar Mosaic.

40. Denied as conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

41. Denied as conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

42. Denied as conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

43. Denied. After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, therefore, the allegations are denied.

44. Denied as conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

45. Denied as conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

## AS TO "COUNT I – FAIR CREDIT REPORTING ACT
### (Cardona v. Vivint Solar, Inc.)"

46. Vivint Solar, Inc. incorporates by reference its preceding responses as if fully stated herein.

47. Denied as conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

**WHEREFORE**, Defendant Vivint Solar, Inc., requests that judgment be entered in its favor and against Plaintiff, together with such other relief, including costs and attorney's fees, as the Court deems just and proper.

## AS TO "COUNT II – FAIR CREDIT REPORTING ACT
## (Cardona v. Vivint Solar Developer, LLC)"

48.     Vivint Solar Developer, LLC incorporates by reference their preceding responses as if fully stated herein.

49.     Denied as conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in this paragraph.

**WHEREFORE**, Defendant Vivint Solar Developer, LLC requests that judgment be entered in its favor and against Plaintiff, together with such other relief, including costs and attorney's fees, as the Court deems just and proper.

## AS TO "COUNT III – FAIR CREDIT REPORTING ACT
## (Cardona v. Solar Mosaic, Inc.)"

50.     Solar Moasic incorporates by reference its preceding responses as if fully stated herein.

51.     Denied as conclusions of law to which no response is required.

**WHEREFORE**, Defendant Mosaic Solar requests that judgment be entered in its favor and against Plaintiff, together with such other relief, including costs and attorney's fees, as the Court deems just and proper.

## AS TO "STATEMENT OF CLAIM FOR COUNTS IV-VI
## DECLARATORY RELIEF"

52.     Admitted in part.  Defendants admit only that this Complaint seeks relief

under Chapter 86, Florida Statutes, but specifically denies any liability under that statute. Defendants deny the remaining allegations contained in footnote 1 of this paragraph as conclusions of law to which no response is required.

53.     Defendants incorporate by reference the preceding responses as if fully stated herein.

54.     Admitted in part.  Defendants admit only that the Complaint seeks damages under the FCRA, but specifically denies any liability for those purported damages.  The remaining allegations of this paragraph are denied as conclusions of law to which no response is required.

55.     Denied as conclusions of law to which no response is required.

56.     Denied as conclusions of law to which no response is required.

57.     Denied as conclusions of law to which no response is required.

58.     Denied as conclusions of law to which no response is required.

59.     Denied as conclusions of law to which no response is required.

60.     Denied as conclusions of law to which no response is required.

61.     Denied as conclusions of law to which no response is required.

62.     Denied as conclusions of law to which no response is required.

63.     Denied as conclusions of law to which no response is required.

## AS TO "COUNT IV-DECLARATORY RELIEF
### (Cardona v. Vivint Solar, Inc.)"

64.     Vivint Solar, Inc. incorporates by reference the preceding responses as if fully stated herein.

65.     Denied as conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in this paragraph.

**WHEREFORE**, Defendant Vivint Solar, Inc. requests that judgment be entered in its favor and against Plaintiff, together with such other relief, including costs and attorney's fees, as the Court deems just and proper.

## AS TO "COUNT V-DECLARATORY RELIEF
## (Cardona v. Vivint Solar Developer, LLC)"

66.     Vivint Solar Developer, LLC incorporates by reference the preceding responses as if fully stated herein.

67.     Denied as conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in this paragraph.

**WHEREFORE**, Defendant Vivint Solar Developer, LLC requests that judgment be entered in its favor and against Plaintiff, together with such other relief, including costs and attorney's fees, as the Court deems just and proper.

## AS TO "COUNT VI-DECLARATORY RELIEFF
## (Cardona v. Solar Mosaic, Inc.)"

68.     Solar Mosaic incorporates by reference the preceding responses as if fully stated herein.

69.     Denied as conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in this paragraph.

**WHEREFORE**, Defendant Solar Mosaic requests that judgment be entered in its favor and against Plaintiff, together with such other relief, including costs and attorney's fees, as the Court deems just and proper.

## AS TO "STATEMENT OF CLAIM FOR COUNTS VII-IX
## (Violations of the Fair Credit Reporting Act – Jerard Brown)

70.     Defendants incorporate by reference the preceding responses as if fully

10

stated herein.

71.     Admitted in part.  Defendant Mosaic Solar's records show Jerard Brown submitted his application on September 26, 2017.

72.     Admitted in part.  Defendants admit only that one or more Vivint Solar Developer, LLC sales representatives were at the location.  Defendant Mosaic Solar denies the allegations of this paragraph.

73.     The allegations of this paragraph contain legal conclusions as to which no response is required.  To the extent a response is required, Defendants deny the allegations in this paragraph.

74.     The allegations of this paragraph contain legal conclusions as to which no response is required.  To the extent a response is required, Defendants deny the allegations in this paragraph.

75.     Admitted in part.  Defendants admit only that Solar Mosaic is a finance company that finances the purchase and installation of Vivint Solar Developer, LLC solar equipment. Solar Mosaic does not engage in direct sales with consumers.  Defendants deny that Vivint Solar Developer, LLC's salesman completes and submits an electronic credit application for Solar Mosaic, Inc. financing.  Defendants deny the remaining allegations asserted in this Paragraph.

76.     Denied.

77.     Denied.

78.     The allegations of this paragraph contain legal conclusions as to which no response is required.  To the extent a response is required, Defendants deny the allegations in this paragraph.

DMEAST #28302230 v2

79.     After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

80.     Admitted in part.  Defendants admit only that Mr. Brown called Vivint Solar.

81.     The allegations of this paragraph contain legal conclusions as to which no response is required.  To the extent a response is required, Defendants deny the allegations in this paragraph.

82.     Denied as conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in this paragraph.

83.     Denied as conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

84.     Denied as conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

85.     Denied as conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

86.     Denied as conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

87.     Denied as conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

88.     Denied as conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

## AS TO "COUNT VII – FAIR CREDIT REPORTING ACT (Brown v. Vivint Solar, Inc.)"

89.     Vivint Solar, Inc. incorporates by reference its preceding responses as if

fully stated herein.

90.    Denied as conclusions of law to which no response is required.

**WHEREFORE**, Defendant Vivint Solar, Inc. requests that judgment be entered in its favor and against Plaintiff, together with such other relief, including costs and attorney's fees, as the Court deems just and proper.

## AS TO "COUNT VIII – FAIR CREDIT REPORTING ACT (Brown v. Vivint Solar Developer, LLC)"

91.    Vivint Solar Developer, LLC incorporates by reference its preceding responses as if fully stated herein.

92.    Denied as conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in this paragraph.

**WHEREFORE**, Defendant Vivint Solar Developer, LLC requests that judgment be entered in its favor and against Plaintiff, together with such other relief, including costs and attorney's fees, as the Court deems just and proper.

## AS TO "COUNT IX – FAIR CREDIT REPORTING ACT (Brown v. Solar Mosaic, Inc.)"

93.    Solar Mosaic incorporates by reference its preceding responses as if fully stated herein.

94.    Denied as conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in this paragraph.

**WHEREFORE**, Defendant Solar Mosaic requests that judgment be entered in its favor and against Plaintiff, together with such other relief, including costs and attorney's fees, as the Court deems just and proper.

13

## AS TO "STATEMENT OF CLAIM FOR COUNTS X-XII DECLARATORY RELIEF"

95.     Admitted in part.  Defendants admit only that this Complaint seeks relief under Chapter 86, Florida Statutes, but specifically denies any liability under that statute. Defendants deny the remaining allegations this paragraph as conclusions of law to which no response is required.

96.     Defendants incorporate by reference the preceding responses as if fully stated herein.

97.     Admitted in part.  Defendants admit only that the Complaint seeks damages under the FCRA, but specifically denies any liability for those purported damages.  The remaining allegations of this paragraph are denied as conclusions of law to which no response is required.

98.     Denied as conclusions of law to which no response is required.

99.     After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the factual allegations of this paragraph and, therefore, the allegations are denied. The remaining allegations of this paragraph are denied as conclusions of law to which no response is required.

100.    Denied as conclusions of law to which no response is required.

101.    Denied as conclusions of law to which no response is required.

102.    Denied as conclusions of law to which no response is required.

103.    Denied as conclusions of law to which no response is required.

104.    Denied as conclusions of law to which no response is required.

105.    Denied as conclusions of law to which no response is required.

106.    Denied as conclusions of law to which no response is required.

14

## AS TO "COUNT X-DECLARATORY RELIEF
## (Brown v. Vivint Solar, Inc.)"

107.    Vivint Solar, Inc. incorporates by reference the preceding responses as if fully stated herein.

108.    Denied as conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in this paragraph.

**WHEREFORE**, Defendant Vivint Solar, Inc. requests that judgment be entered in its favor and against Plaintiff, together with such other relief, including costs and attorney's fees, as the Court deems just and proper.

## AS TO "COUNT XI-DECLARATORY RELIEFF
## (Brown v. Vivint Solar Developer, LLC)"

109.    Vivint Solar Developer, LLC incorporates by reference the preceding responses as if fully stated herein.

110.    Denied as conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in this paragraph.

**WHEREFORE**, Defendant Vivint Solar Developer, LLC requests that judgment be entered in its favor and against Plaintiff, together with such other relief, including costs and attorney's fees, as the Court deems just and proper.

## AS TO "COUNT XII-DECLARATORY RELIEF
## (Brown v. Solar Mosaic, Inc.)"

111.    Solar Mosaic incorporates by reference the preceding responses as if fully stated herein.

112.    Denied as conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in this paragraph.

15

**WHEREFORE**, Defendant Solar Mosaic requests that judgment be entered in its favor and against Plaintiff, together with such other relief, including costs and attorney's fees, as the Court deems just and proper.

## AFFIRMATIVE DEFENSES

1.      Plaintiffs' Complaint fails to state any claim upon which relief may be granted.

2.      Plaintiffs lack standing to bring or maintain the claims asserted in the Complaint as they have not suffered any actual damages.

3.      Plaintiffs' claims are barred by the applicable statutes of limitations.

4.      Plaintiffs' claims, insofar as they arise under state law, are barred in whole and completely preempted by the FCRA.

5.      Plaintiffs' claims have no nexus and were therefore improperly joined into a single action.

6.      Plaintiffs' claims may be subject to a binding arbitration agreement thereby precluding them from asserting their claims in a single action in court.

7.      Plaintiffs are barred from relief against Defendants inasmuch as any alleged harm suffered by Plaintiffs was not caused in fact or proximately caused by any act, action, or omission of Defendants or any of their employees, agents, or ostensible agents.

8.      Plaintiffs have failed to mitigate their damages, if any.

9.      Any and all damages sustained by Plaintiffs are the direct result of their own actions or omissions or the acts or omissions of unrelated third parties over which Defendants had no control.

DMEAST #28302230 v2

10.     Plaintiffs' claims are barred, in whole or in part, by the doctrines of unclean hands, equitable estoppel, laches, acquiescence, and other doctrines of equitable relief.

11.     Defendants have acted in good faith and not willfully, maliciously, recklessly, wantonly, and/or negligently.

12.     Defendants have acted with due care at all times and complied with all applicable laws, regulations and standards and otherwise acted reasonably.

13.     Defendants have violated no duty or obligation owed to the Plaintiffs under common law, by statute, under any applicable contract, affidavit, or otherwise.

14.     Defendants reserve the right to assert additional defenses at such time and to such extent as warranted by discovery and the factual developments of this case.

**WHEREFORE**, Defendants Vivint Solar, Inc., Vivint Solar Developer, LLC and Solar Mosaic, Inc., deny any liability whatsoever, and demand judgment in its favor and against Plaintiffs.

Respectfully Submitted,

Dated: December 3, 2018

/s/ *Jenny N. Perkins*
Jenny N. Perkins, Esq.
Florida Bar No. 77570
perkinsj@ballardspahr.com
1735 Market Street, 51st Fl
Philadelphia, PA 19103
Phone: (215) 864-8378
Fax:     (215) 864-8999

Brian R. Cummings, Esq.
Greenspoon Marder LLP
Florida Bar No. 25854
SunTrust Financial Centre
401 E. Jackson St., Suite 1825
Tampa, FL 33602
Phone: (813) 769-7020
Fax:     (813) 426-8580
Brian.Cummings@gmlaw.com

17

*Attorneys for Defendants*
*Vivint Solar, Inc.,*
*Vivint Solar Developer, LLC, and,*
*Solar Mosaic, Inc.*

18

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the above and foregoing Answer

has been furnished, via ECF upon the following counsel of record:

Craig E. Rothburd, Esq.
Florida Bar No. 49182
320 W. Kennedy Boulevard, #700
Tampa, FL 33606
crothburd@e-rlaw.com
mropp@e-rlaw.com


*Attorneys for Plaintiffs*



/s/ *Jenny N. Perkins*
Jenny N. Perkins