**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | |
|---|---|
| ELIZABETH CARDONA and : | |
| JERARD BROWN, : | |
| Plaintiffs, : | |
| : | |
| v. : | CASE NO.:   18-cv-02838-SCB-JSS |
| : | |
| VIVINT SOLAR, INC., : | |
| VIVINT SOLAR DEVELOPER, LLC, and : | |
| SOLAR MOSAIC, INC., : | |
| Defendants. : | |

**MOTION TO COMPEL COMPLETE RESPONSES TO PLAINTIFFS'
INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS
DIRECTED TO DEFENDANT SOLAR MOSAIC, INC.**

Plaintiffs, Elizabeth Cardona and Jerard Brown, by and through counsel of record, move to compel Defendants Solar Mosaic, Inc. ("Mosaic") under Federal Rules of Civil Procedure 26 and 37 to provide complete responses and documents responsive to Plaintiffs' Interrogatories and Requests for Production of Documents, and state as follows:

### BACKGROUND

This is a consumer protection case against a solar energy provider (Vivint) and its captive finance company (Mosaic) who—without notice or permission—accessed the consumer reports of Plaintiffs Elizabeth Cardona and Jerard Brown under false pretenses, without any permissible purpose or authorization. Obtaining a consumer credit report under false pretenses is a felony under federal law. 15 U.S.C. § 1681q. Plaintiffs allege that Defendants sent door-to-door salesmen to their home for the purpose of soliciting sales, and that their salesmen—unilaterally and without permission or authorization—pulled their consumer credit reports.

Plaintiffs further averred that "[d]iscovery in this case will show that all three Defendants, as a pattern and practice, regularly obtain consumer reports on consumers without a permissible

1

purpose and/or under false pretenses." (Compl. ¶ 32). Indeed, many consumers across the United States have filed lawsuits and made complaints against Vivint for the same privacy violation based on the intrusion into a the consumer's credit history, as well as other fraudulent sales tactics that result in consumers entering into agreements for solar panels that produce energy that the consumer is also required to purchase, often under the pretext that the solar panel transaction would be free or save the consumer money. These lawsuits include, but are not limited to:

- *State of New Mexico, ex rel. v. Vivint Solar Developer*, D-202-CV-2018-01936 (N.M. 2nd Dist.) (alleging "high pressure and illegal door-to-door sales; making false, misleading and fraudulent statements; willfully omitting material facts," etc., leading consumers into entering 20-year leases for solar panels);

- *Christine & Timothy Droney v. Vivint Solar*, Civil Action No. 18-cv-00849 (D.N.J. RBK-KMW) (impermissibly pulling credit report without authorization or consent);

- *Douglas Littlejohn v. Vivint Solar, Inc.*, Civil Action No. 16-cv-09446 (D.N.J. NLH-JS) (impermissibly pulling credit report without authorization or consent);

- *Vasu Pulipati v. Vivint Solar, Inc.*, Case No. RG18891702, (Ca. Super. Ct., Alameda Cty.) (impermissibly pulling credit report without authorization or consent); and,

- *Rasmussen v. Vivint Solar, Inc.*, Case No. 18-004129-CI (Sixth Judicial District of Florida, Pinellas County).

The instant case is currently in discovery. On January 25, 2019, Plaintiffs served Interrogatories and Requests for Production of Documents on Mosaic.

Mosaic served its Response to these discovery requests on March 1, 2019, which largely objected to each and every request. To those requests that Mosaic did respond, Mosaic refused to produce relevant documents or provide fulsome interrogatory answers. Mosaic also improperly withheld documents as "confidential" even though the parties have entered into a confidentiality agreement.

## MOTION TO COMPEL

On May 16, 2019, Plaintiffs served Mosaic with a letter outlining the many areas deficiency discovery. (Exhibit "A," Discovery Deficiency Letter to Mosaic). The documents requested include basic documents such as:

- subscriber agreements with consumer reporting agencies;
- Mosaic's customer operations manual, training manual, and other documents bearing on Mosaic's policies, practices, and procedures relating to its compliance with the FCRA;
- job descriptions and personnel files of the employees involved; and,
- similar consumer complaints (involving forgery, creating false accounts, obtaining consumer reports without consent, and providing false information to a consumer).

(Id.).

Mosaic has refused to provide these documents, arguing relevance, proportionality, confidentiality concerns, and more. Its objections are unsupported by both the Federal Rules of Civil Procedure and decisional law. Accordingly, Plaintiffs filed this Motion to Compel, requesting this Court overrule Defendant's objections and order Defendant to provide the relevant discovery to Plaintiffs before June 30, 2019.

## CHART OF PLAINTIFFS' REQUESTS FOR PRODUCTION OF DOCUMENTS
## AND VIVINT'S RESPONSES AT ISSUE

| NO. | REQUEST | RESPONSE |
|---|---|---|
| 15. | Your subscriber or user agreements with each of the consumer reporting agencies. | In addition to its general objections, Defendant objects to this Request on the grounds that it seeks documents that are not proportional to the needs of this case. Specifically, Plaintiffs have alleged violations of the FCRA, and the documents sought by this Request have no bearing on whether Defendant violated the statute in these isolated instances. Defendant also objects to this Request as the documents sought have no probative value to Plaintiffs' claims. Defendant further objects to the extent that the information sought in this Request was the subject of a motion to compel in another lawsuit brought by Plaintiffs' counsel against co-defendant Vivint Solar Developer, LLC, *Littlejohn v. Vivint Solar* (Case No. 16-9446), on which United States Magistrate Judge Joel Schneider for the United States District Court for the District of New Jersey ruled that Plaintiff was not entitled to the documents sought. |
| 17. | Your Customer Operations Manual. | In addition to its general objections, Defendant objects to this Request on the grounds that it is overly broad, unduly vague by referring to an undefined capitalized term, and not proportional to the needs of this case. Defendant further objects to this Request to the extent it has been propounded for purposes of harassment in seeking a document of no probative value that contains Defendant's confidential and/or proprietary information, and other commercially sensitive information. Defendant further objects to this Request to the extent it seeks documents that are protected by the work product privilege. |

4

| 18. | Your Training Manual. | In addition to its general objections, Defendant objects to this Request on the grounds that it is overly broad, unduly vague by referring to an undefined capitalized term, and not proportional to the needs of this case. Defendant further objects to this Request to the extent it seeks documents that are protected by the work product privilege. Defendant further objects to this Request to the extent it has been propounded for purposes of harassment in seeking a document of no probative value that contains Defendant's confidential and/or proprietary information, and other commercially sensitive information. See. e.g., Miller v. Trans Union, LLC, No. 06 C 2883, 2007 U.S. Dist. LEXIS 59730 at *8-9 (N.D. Ill. Aug. 14, 2017) (denying plaintiff's motion to compel defendant to produce its entire training manual because only those portions of its training manual that refer to the FCRA and defendant's policies and procedures with respect to obtaining consumer reports are relevant to plaintiff's FCRA claim). |
| --- | --- | --- |
| 19. | Any and all policy and procedure manual or other documents which address your policies, practices, and/or procedures bearing on your obtaining consumer reports only for a "permissible purpose" as listed in 15 U.S.C. §1681b of the FCRA. | In addition to its general objections, Defendant objects to this Request on the grounds that it is overly broad, unduly vague by referring to an undefined capitalized term, and not proportional to the needs of this case. Defendant further objects to this Request to the extent it has been propounded for purposes of harassment in seeking a document of no probative value that contains Defendant's confidential and/or proprietary information, and other commercially sensitive information. Defendant further objects to this Request to the extent it seeks documents that are protected by the work product privilege. |
| 20. | Any manuals, memoranda, bulletins or other documents instructing your Employees, agents, or representatives | In addition to its general objections, Defendant objects to this Request on the grounds that it is overly broad, unduly |

|     |                                                                                                                                                                                             |                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                 |
| --- | ------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------- | ------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------- |
|     | as to the requirements of 15 U.S.C. § 1681 b of the FCRA.                                                                                                                                   | vague by referring to an undefined capitalized term, and not proportional to the needs of this case. Defendant further objects to this Request to the extent it has been propounded for purposes of harassment in seeking a document of no probative value that contains Defendant's confidential and/or proprietary information, and other commercially sensitive information. Defendant further objects to this Request to the extent it seeks documents that are protected by the work product privilege.                  |
| 21. | The job description of any agents, representatives or employee(s) of you who had contact with either Plaintiff.                                                                             | In addition to its general objections, Defendant objects to this Request on the grounds that it is overly broad, unduly burdensome, and does not describe the documents sought with reasonable particularity. Defendant also objects to this Request as it seeks documents that are not proportional to the needs of this case. Defendant objects to this Request to the extent it seeks confidential and proprietary business information. Defendants object to this Request as improper because it does not seek documents. |
| 23. | The personnel files for each employee, agent or representative of you who had contact with either Plaintiff, including any disciplinary records or records of Complaints.                   | In addition to its general objections, Defendant objects to this Request on the grounds that it is overly broad, calls for a legal determination as to Defendant's "agents" or "representatives," and is not proportional to the needs of this case. Defendant further objects to this Request to the extent it has been propounded for purposes of harassment in seeking documents of no probative value to this case that contains Defendant's confidential and/or proprietary information, other commercially sensitive information, and private employee information. |
| 29. | Any complaints that involved allegations that you engaged in forgery.                                                                                                                       | In addition to its general objections, Defendant objects to this Request on the grounds that it is overly broad, temporally and geographically unlimited, unduly                                                                                                                                                                                                                                                                                                                                                                |

6

| | | | |
|---|---|---|---|
| | | | burdensome, and does not describe the documents sought with reasonable particularity. Defendant also objects to the terms "complaints," "you" and "forgery" as vague, ambiguous, and seeking a legal conclusion. Defendant further objects to this Request because it seeks documents that are not proportional to the needs of this case. Specifically, Plaintiffs have alleged violations of the FCRA, and the documents sought by this Request have no bearing on whether Defendant violated the statute in these isolated instances. Further, Plaintiffs have not alleged that Defendant forged any documents and their request for same is nothing more than a fishing expedition. Defendants further object to this Request because it is being propounded for the improper purpose of soliciting potential clients for Plaintiffs' counsel and/or their law firms. |
| | 30. | Any complaints that involved allegations that you created false account(s). | In addition to its general objections, Defendants object to this Request on the grounds that it is overly broad, temporally and geographically unlimited, unduly burdensome, and does not describe the documents sought with reasonable particularity. Defendant also objects to the terms "complaints," "you" and "false account(s)" as vague, ambiguous, and seeking a legal conclusion. Defendant further object to this Request because it seeks documents that are not proportional to the needs of this case. Specifically, Plaintiffs have alleged violations of the FCRA, and the documents sought by this Request have no bearing on whether Defendant violated the statute in these isolated instances. Further, Plaintiffs have not alleged that Defendant created false accounts and their request for same is nothing more than a fishing expedition. Defendants further object to this Request because it is being propounded for the improper purpose of soliciting potential |

| | | |
|---|---|---|
| | | clients for Plaintiffs' counsel and/or their law firms. |
| 31. | Any complaint that involved allegations that you obtained a consumer report without consent. | In addition to its general objections, Defendants object to this Request on the grounds that it is overly broad, temporally and geographically unlimited, unduly burdensome, and does not describe the documents sought with reasonable particularity. Defendant also object to the terms "complaint," "you" and "without consent" as vague, ambiguous, and seeking a legal conclusion. Defendant further objects to this Request because it seeks documents that are not proportional to the needs of this case. Specifically, Plaintiffs have alleged violations of the FCRA, and the documents sought by this Request have no bearing on whether Defendant violated the statute in these isolated instances. Defendants further object to this Request because it is being propounded for the improper purpose of soliciting potential clients for Plaintiffs' counsel and/or their law firms. |
| 32. | Any complaints that involved allegations that you provided false information to a consumer. | In addition to its general objections, Defendant objects to this Request on the grounds that it is overly broad, temporally and geographically unlimited, unduly burdensome, and does not describe the documents sought with reasonable particularity. Defendant also objects to the terms "complaint" "you" and "false information" as vague, ambiguous, and seeking a legal conclusion. Defendant further objects to this Request because it seeks documents that are not proportional to the needs of this case. Specifically, Plaintiffs have alleged violations of the FCRA, and the documents sought by this Request have no bearing on whether Defendants violated the statute in these isolated instances. Defendants further object to this Request because it is being propounded for the improper purpose of |

| | | soliciting potential clients for Plaintiffs' counsel and/or their law firms. |
|---|---|---|

**Chart of Plaintiffs' Interrogatories and Mosaic's Responses at Issue**

| 14. | Identify all complaints from 2015 to the present relating to you or your agent(s) or employee(s): engaging in forgery; creating false accounts; accessing customers' and/or prospective customers' Consumer Report without consent; and/or providing false information in order to access a consumer report. For each complaint identified, include the date of the Complaint, whether said Complaint was in writing, the nature of the Complaint and the disposition of the complaint. In addition, Identify and describe the location and content of any documents related to said Complaints. | In addition to its general objections, Defendant objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, and seeks information that is not proportional to the needs of this case. Specifically, Plaintiffs have alleged violations of the FCRA, and the information sought by this Interrogatory has no bearing on whether Defendant violated the statute in these isolated instances. Defendant further objects on the ground that Plaintiffs have not alleged that Defendant engaged in forgery or created a false accounting and, therefore complaints reflecting those allegations have no bearing on this case. Defendant further objects to this Interrogatory because it is being propounded for the improper purpose of scouting potential clients for Plaintiffs' counsel and/or their law firms. |
|---|---|---|

## MEMORANDUM OF LAW – WHY THE MOTION TO COMPEL SHOULD BE GRANTED

This Court is well aware of the broad scope of discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" See FED. R. CIV. P. 26(b)(1). "The party objecting to the discovery request has the burden to explain, *with specificity*, why the request is unduly burdensome, vague, or overly broad.") (emphasis supplied). *Siddiq v. Saudi Arabian Airlines Corp.*, 2011 WL 6936485, at *3 (M.D. Fla. 2011).

9

Where a party objects on the basis of confidentiality, such objection is improper if that party fails to establish—with admissible evidence—that the information sought is confidential and its disclosure would be harmful. *I.S.E.L., Inc. v. American Synthol, Inc*., No. 3:08-cv-870-J-25TEM, 2009 WL 3367237, *2 (M.D. Fla. Oct. 15, 2009) (stating "under Rule 26(c)(G) of the Federal Rules of Civil Procedure, there is no absolute privilege that immunizes trade secrets and similar confidential information from discovery"). Here, Defendant failed to substantiate its purported confidentiality objections with affidavits or other evidence. *See* Fed. R. Civ. P. 34(b)(2). Further, the parties have entered into a confidentiality agreement, so to the extent Mosaic objects that the discovery sought will reveal confidential information, this objection serves no purpose.

Further, the information sought is plainly relevant and proportional to the needs of the case. A number of the document requests met with objection sought uncontroversial information, such as:

- job descriptions and personnel files of the employees involved; and,
- policies and procedures regarding the propriety of accessing a consumer report.

Plaintiffs can discern no valid basis for Mosaic to withhold these relevant, focused set of documents. Mosaic's form objections are unpersuasive, and lack the specificity required to prove that the production of such documents would somehow work an undue burden. *See Siddiq*, 2011 WL 6936485, at *3.

Plaintiffs are also entitled to the subscriber agreements between Mosaic and the consumer reporting agencies Trans Union, LLC, Experian, and Equifax. These agreements will likely reflect Mosaic's knowledge of their legal obligations under the Fair Credit Reporting Act. Mosaic's knowledge of the law is relevant to whether it "willfully" violated the law. *Collins v. Experian Info. Sols., Inc.*, 775 F.3d 1330, 1336 (11th Cir. 2015) ("A violation is 'willful' for the purposes

of the FCRA if the defendant violates the terms of the Act with knowledge or reckless disregard for the law."). Further, the agreements may shed light on Mosaic's duties when notifying the consumer reporting agency of an impermissible pull. Similar information is routinely produced. *See, e.g.*, *Zahran v. Trans Union Corp.*, No. 01 C 1700, 2002 WL 31010822, at *4 (N.D. Ill. Sept. 9, 2002) (denying Trans Union's motion for a protective order to prevent disclosure of its subscriber agreements, stating that they did not qualify as "trade secrets" or "other confidential information"); *Gamby v. First Nat'l Bank Of Omaha*, No. 06-11020, 2009 WL 963116, at *2 (E.D. Mich. Apr. 8, 2009).

Plaintiffs also seek complaints involving forgery, creating false accounts, obtaining consumer reports without consent, and providing false information to a consumer. These requests contemplate any and all communications (emails, etc.) Mosaic sent to Vivint alerting Vivint that its sales agents were accused of this conduct. Consumer complaints have been ordered to be produced in other cases. See Order dated Mar. 6, 2019 in *Pulipati v. Vivint Solar, Inc.*, No. RG18891702 (Alameda Cty., CA) (Ex. "B" hereto); Letter Order dated Jan. 25, 2019 allowing the discovery of complaints from six states, Ex. "C" hereto.

As demonstrated by the many consumer complaints identified previously, there is substantial evidence in the public record that Vivint's fraudulent conduct in the sales of solar panels is part of a larger pattern and practice of privacy invasions (through impermissible credit pulls) and fraudulent conduct including forgery of names on 20-year leases for solar panels. Solar Mosaic's participation in and knowledge of Vivint's fraud and the fraud by Vivint's salespersons is entirely relevant. As such, the complaints sought regarding other instances of fraud, forgery, impermissible credit pulls, etc. are plainly relevant to show that Mosaic was on notice of such misconduct but nonetheless proceeded recklessly with respect to the rights of consumers.

## LOCAL RULE 3.01(G) CERTIFICATE

The undersigned states that counsel for the Plaintiffs (Mr. Milz and Mr. Rothburd) met and conferred by phone with opposing counsel (Ms. Perkins and Mr. Cummings) prior to sending the May 16, 2019 discovery deficiency letter, allowed a number of days after the May 22, 2019 for a response (which did not come), and then Mr. Milz and Ms. Perkins discussed the dispute again by phone June 5, 2019 prior to the filing of this motion.  Despite these good faith efforts to resolve the matters in this motion, we were unable to reach an agreement.

**WHEREFORE**, Plaintiffs pray this Honorable Court grant this Motion to Compel to require Defendant Vivint Solar, Inc. and Vivint Solar Developer, LLC to produce the relevant discovery before June 30, 2019, and grant any such other and further relief as this Court deems just and proper.

**Respectfully submitted,**

*/s/ Andrew M. Milz*
ANDREW M. MILZ
*Admitted pro hac vice*

FLITTER MILZ, P.C.
450 N. Narberth Avenue, Suite 101
Narberth, PA 19072
(610) 822-0782 (ph)
(610) 667-0552 (fax)
amilz@consumerslaw.com


CRAIG E. ROTHBURD
FBN: 0049182
320 W. Kennedy Blvd., #700
Tampa, Florida   33606
(813) 251-8800 (ph)
(813) 251-5042 (fax)
crothburd@e-rlaw.com
mropp@e-rlaw.com

**CERTIFICATE OF SERVICE**

I certify that on June 6, 2019, the foregoing was filed with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to counsel of record.

*/s/ Andrew M. Milz*
CARY L. FLITTER
ANDREW M. MILZ
JODY THOMAS LÓPEZ-JACOBS

FLITTER MILZ, P.C.
450 N. Narberth Avenue, Suite 101
Narberth, PA 19072
(610) 822-0782

**ATTORNEYS FOR PLAINTIFF**