# Exhibit A

# FLITTER MILZ, P.C.
## CONSUMERSLAW.COM
### ATTORNEYS AT LAW

CARY L. FLITTER [1,2,3]
ANDREW M. MILZ [1,2]
JODY THOMAS LÓPEZ-JACOBS [1,2]

[1] PA BAR  |  [2] NJ BAR  |  [3] NY BAR

TOLLFREE: 888-668-1225

RESPOND TO:

PHILA
(610) 668-0011
jlopez-jacobs@consumerslaw.com

May 16, 2019

*Via Email: perkinsj@ballardspahr.com*
Jenny N. Perkins, Esquire
Florida Bar No. 77570
1735 Market Street, 51st Floor
Philadelphia, PA 19103

*Via Email: brian.cummings@gmlaw.com*
Brian R. Cummings, Esquire
Greenspoon Marder LLP
Florida Bar No. 25854
SunTrust Financial Centre
401 E. Jackson St., Suite 1825
Tampa, FL 33602

RE:   **Elizabeth Cardona and Jerard Brown v. Vivint Solar, Inc., et al.**
       **Case No.: 18-02838-SCB-JSS**

Dear Counsel:

Upon reviewing Defendant Solar Mosaic's responses to Interrogatories and Requests for Production of Documents, Plaintiffs have noticed some deficiencies warranting follow-up, addressed below:

**Request for Production of Documents No. 15.** This request seeks the subscriber or user agreements between Solar Mosaic and the consumer reporting agencies Trans Union, LLC, Experian, and Equifax. These agreements will likely reflect Solar Mosaic's knowledge of their legal obligations under the Fair Credit Reporting Act. Solar Mosaic's knowledge of the law is relevant to whether it "willfully" violated the law. *Collins v. Experian Info. Sols., Inc.*, 775 F.3d 1330, 1336 (11th Cir. 2015) ("A violation is 'willful' for the purposes of the FCRA if the defendant violates the terms of the Act with knowledge or reckless disregard for the law."). Similar information is routinely produced. *See, e.g., Zahran v. Trans Union Corp.*, No. 01 C 1700, 2002 WL 31010822, at *4 (N.D. Ill. Sept. 9, 2002) (denying Trans Union's motion for a protective order to prevent disclosure of its subscriber agreements, stating that they did not qualify as "trade secrets" or "other confidential information"); *Gamby v. First Nat'l Bank Of Omaha*, No. 06-11020, 2009 WL 963116, at *2 (E.D. Mich. Apr. 8, 2009). Mosaic is directed to produce the documents as requested here.

**Request for Production of Documents Nos. 17–20.** These requests seek Solar Mosaic's customer operations manual, training manual, and other documents bearing on Mosaic's policies, practices, and procedures relating to its compliance with the FCRA. Your main objection

Jenny N. Perkins, Esquire
Brian R. Cummings, Esquire
May 16, 2019
Page 2

(confidentiality) lacks substance because the parties have signed a confidentiality agreement. Further, such documents likely reflect Mosaic's knowledge of the applicable law and how it instructs its employees with that law in mind. Solar Mosaic's knowledge of the law—and its policy actions/inactions taken with such knowledge in mind—is relevant to whether it "willfully" violated the law. Mosaic is directed to produce the documents as requested.

**Request for Production of Documents Nos. 21, 23, & 25**. These requests seek the job description and employees' agreements of the Mosaic employees who had contact with Plaintiff, along with their personnel files. The formal job duties and responsibilities of these employees bears on their culpability of Mosaic in general due to the malfeasance or misfeasance of its employees. Similarly, the employees' disciplinary history is relevant to Mosaic's culpability. Mosaic is directed to produce the documents as requested.

**Interrogatory No. 14; Request for Production of Documents Nos. 29–32**. These requests seek complaints against you involving allegations of forgery, providing false information to a consumer, obtaining a consumer report without consent, and creating false accounts—all of which occurred in this case. These requests contemplate any and all communications (emails, etc.) you sent to Vivint alerting Vivint that its sales agents were accused of this conduct. These complaints are relevant to whether there is a pattern and practice of similar misconduct, and would also demonstrate that Mosaic had notice of its wrongdoing, which is relevant to punitive damages. Mosaic is directed to produce the documents and answer the Interrogatory as requested.

If Plaintiffs do not hear from you by 9:00am on May 22, 2019, they will be constrained to ask the Court for appropriate relief.

Yours very truly,

ANDREW M. MILZ

AMM:osl

cc: Craig E. Rothburd, Esquire (via email:_craig@rothburdpa.com_)