## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

| | |
|---|---|
| ELIZABETH CARDONA and | : |
| JERARD BROWN, | : |
|                Plaintiffs, | : |
| | : |
|       v. | :    CASE NO.:   18-cv-02838-SCB-JSS |
| | : |
| VIVINT SOLAR, INC., | : |
| VIVINT SOLAR DEVELOPER, LLC, and | : |
| SOLAR MOSAIC, INC., | : |
|              Defendants. | : |

### MOTION TO COMPEL COMPLETE RESPONSES TO PLAINTIFFS' INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS DIRECTED TO DEFENDANTS VIVINT SOLAR, INC. AND VIVINT SOLAR DEVELOPER, LLC

Plaintiffs, Elizabeth Cardona and Jerard Brown, by and through counsel of record, move to compel Defendants Vivint Solar, Inc. and Vivint Solar Developer, LLC ("Vivint") under Federal Rules of Civil Procedure 26 and 37 to provide complete responses and documents responsive to Plaintiffs' Interrogatories and Requests for Production of Documents, and state as follows:

### BACKGROUND

This is a consumer protection case against a solar energy provider (Vivint) and its captive finance company who—without notice or permission—accessed the consumer reports of Plaintiffs Elizabeth Cardona and Jerard Brown under false pretenses, without any permissible purpose or authorization. Obtaining a consumer credit report under false pretenses is a felony under federal law. 15 U.S.C. § 1681q. Plaintiffs allege that Defendants sent door-to-door salesmen to their home for the purpose of soliciting sales, and that their salesmen—unilaterally and without permission or authorization—pulled their consumer credit reports.

Plaintiffs further averred that "[d]iscovery in this case will show that all three Defendants, as a pattern and practice, regularly obtain consumer reports on consumers without a permissible purpose and/or under false pretenses." (Compl. ¶ 32). Indeed, many consumers across the United States have filed lawsuits and made complaints against Vivint for the same privacy violation based on the intrusion into a the consumer's credit history, as well as other fraudulent sales tactics that result in consumers entering into agreements for solar panels that produce energy that the consumer is also required to purchase, often under the pretext that the solar panel transaction would be free or save the consumer money. These lawsuits include, but are not limited to:

- *State of New Mexico, ex rel. v. Vivint Solar Developer*, D-202-CV-2018-01936 (N.M. 2nd Dist.) (alleging "high pressure and illegal door-to-door sales; making false, misleading and fraudulent statements; willfully omitting material facts," etc., leading consumers into entering 20-year leases for solar panels);

- *Christine & Timothy Droney v. Vivint Solar*, Civil Action No. 18-cv-00849 (D.N.J. RBK-KMW) (impermissibly pulling credit report without authorization or consent);

- *Douglas Littlejohn v. Vivint Solar, Inc.*, Civil Action No. 16-cv-09446 (D.N.J. NLH-JS) (impermissibly pulling credit report without authorization or consent);

- *Vasu Pulipati v. Vivint Solar, Inc.*, Case No. RG18891702, (Ca. Super. Ct., Alameda Cty.) (impermissibly pulling credit report without authorization or consent); and,

- *Rasmussen v. Vivint Solar, Inc.*, Case No. 18-004129-CI (Sixth Judicial District of Florida, Pinellas County).

The instant case is currently in discovery. On January 25, 2019, Plaintiffs served Interrogatories and Requests for Production of Documents on Vivint.

Vivint served its Response to these discovery requests on March 1, 2019, which largely objected to each and every request. To those requests that Vivint did respond, Vivint refused to produce relevant documents or provide fulsome interrogatory answers. Vivint also improperly withheld documents as "confidential" even though the parties have entered into a confidentiality agreement.

## MOTION TO COMPEL

On May 16, 2019, Plaintiffs served Vivint with a letter outlining the many areas deficiency discovery. (Exhibit "A," Discovery Deficiency Letter to Vivint). The documents requested include basic documents such as:

- emails mentioning either Plaintiff;

- subscriber agreements with consumer reporting agencies;

- Vivint's Customer Operations Manual;

- Vivint's Training Manual;

- informational material regarding the propriety of accessing a consumer report;

- job descriptions and personnel files of the employees involved;

- similar consumer complaints (involving forgery, creating false accounts, obtaining consumer reports without consent, and providing false information to a consumer);

- credit consent forms from consumers; and

- documents evidencing net worth.

(Id.).

Vivint has refused to provide these documents, arguing relevance, proportionality, confidentiality concerns, and more. Its objections are unsupported by both the Federal Rules of Civil Procedure and decisional law. Accordingly, Plaintiffs filed this Motion to Compel, requesting this Court overrule Defendant's objections and order Defendant to provide the relevant discovery to Plaintiffs before June 30, 2019.

### CHART OF PLAINTIFFS' REQUESTS FOR PRODUCTION OF DOCUMENTS AND VIVINT'S RESPONSES AT ISSUE

| NO. | REQUEST | RESPONSE |
|---|---|---|
| 3. | All documents, including without limitation computer records or electronically stored information, which refer to relate to Plaintiffs, or are retrievable under any number assigned to Plaintiffs by you. | In addition to their general objections, Vivint objects to this Request on the ground that it is overly broad, unduly burdensome, and does not describe the documents sought with reasonable particularity. Vivint further objects to the extent that this Request seeks information protected by the attorney-client privilege and/or work-product doctrine. Vivint objects on the ground that this Request seeks information that is not relevant to any party's claim or defense in this case, nor proportional to the needs of the case. |
| 7. | Any and all emails in any way mentioning either Plaintiff. | In addition to their general objections, Vivint objects to this Request on the grounds that is duplicative, overly broad, unduly burdensome, and does not describe the documents sought with reasonable particularity. Vivint further objects to the extent that this Request seeks information protected by the attorney client privilege and/or work-product doctrine. Vivint objects on the ground that this Request seeks information that is not relevant to any party's claim or defense in this case, nor proportional to the needs of the case. |
| 8. | Any and all written or recorded statements prepared or obtained which | In addition to their general objections, Vivint objects to this Request on the |

| | | |
|---|---|---|
| | reference any Plaintiff, their social security numbers, their identities or any allegations or defenses asserted in this action. | ground that it is duplicative overly broad, unduly burdensome, and does not describe the documents sought with reasonable particularity. Vivint further objects to the extent that this Request seeks information protected by the attorney client privilege and/or work-product doctrine. Subject to and without waiver of the foregoing, Vivint hereby produces the statement of Jacob Thebert. |
| 9. | Any consumer reports in your possession which refer or relate to either Plaintiff, their social security number, or other identifiers. | In addition to their general objections, Vivint objects to this Request on the grounds that it is duplicative, overly broad, unduly burdensome, and does not describe the documents sought with reasonable particularity. Vivint further objects to the terms "consumer reports" and "other identifiers" as vague, ambiguous, and undefined. Subject to and without waiver of the foregoing, and to the extent such documents exist, Vivint shall produce non-privileged records responsive to this Request in their possession, custody and/or control at a time and place that is mutually convenient for all parties, and subject to the entry of a mutually-agreeable confidentiality agreement as appropriate. |
| 10. | Any and all documents bearing credit scoring assessments in connection with either Plaintiff's name or any of his personal identifiers. | In addition to their general objections, Vivint objects to this Request on the grounds that it is duplicative, overly broad, unduly burdensome, and does not describe the documents sought with reasonable particularity. particularity. [sic] Vivint further objects to the term "credit scoring assessments" as vague, ambiguous, and undefined. Subject to and without waiver of the foregoing, and to the extent such documents exist, Vivint shall produce non-privileged records responsive to this Request in their possession, custody and/or control at a time and place that is mutually convenient for all parties, and subject to the entry of a mutually- |

| | | |
|---|---|---|
| | | agreeable confidentiality agreement as appropriate. |
| 11. | All documents which relate to any and all authorizations extended to you by either Plaintiff, as contemplated under the FCRA 15 U.S.C. 1681b(2), pertaining to the accessing of either Plaintiff's consumer report as reflected by the initial pleading filed by Plaintiffs in this case. | In addition to their general objections, Vivint objects to this Request on the grounds that it is duplicative, overly broad, unduly burdensome, and does not describe the documents sought with reasonable particularity. Vivint objects to the Request to the extent it calls for a legal conclusion. Subject to and without waiver of the foregoing, and to the extent such documents exist, Vivint shall produce nonprivileged records responsive to this Request in their possession, custody and/or control at a time and place that is mutually convenient for all parties, and subject to the entry of a mutually-agreeable confidentiality agreement as appropriate. |
| 12. | All documents which relate to the "permissible purpose," as contemplated under 15 U.S.C. 1681b, under which you accessed the consumer report of either Plaintiff as alleged in the initial pleading filed in this case. | In addition to their general objections, Vivint objects to this Request on the grounds that it is duplicative, overly broad, unduly burdensome, and does not describe the documents sought with reasonable particularity. Vivint objects to the Request to the extent it calls for a legal conclusion. Subject to and without waiver of the foregoing, and to the extent such documents exist, Vivint shall produce nonprivileged records responsive to this Request in their possession, custody and/or control at a time and place that is mutually convenient for all parties, and subject to the parties' entry of a mutually agreeable confidentiality agreement as appropriate. |
| 13. | Any and all documents referencing communications of any type between you and any of the consumer reporting agencies which in any way reference either Plaintiff. | In addition to their general objections, Vivint objects to this Request on the grounds that it is duplicative, overly broad, unduly burdensome, and does not describe the documents sought with reasonable particularity. Subject to and without waiver of the foregoing, and to the extent such documents exist, Vivint shall produce non-privileged records responsive to this |

| | | |
|---|---|---|
| | | Request in their possession, custody and/or control at a time and place that is mutually convenient for all parties, and subject to the parties' entry of a mutually agreeable confidentiality agreement as appropriate. |
| 14. | All documents which relate to the details of your receipt of information, related to either Plaintiff, from any consumer reporting agency. | In addition to their general objections, Vivint objects to this Request on the grounds that it is duplicative, overly broad, unduly burdensome, and does not describe the documents sought with reasonable particularity. Subject to and without waiver of the foregoing, and to the extent such documents exist, Vivint shall produce non-privileged records responsive to this Request in their possession, custody and/or control at a time and place that is mutually convenient for all parties, and subject to the parties' entry of a mutually agreeable confidentiality agreement as appropriate. |
| 15. | Your subscriber or user agreements with each of the consumer reporting agencies. | In addition to their general objections, Vivint object to this Request on the grounds that it seeks documents that are not proportional to the needs of this case. Specifically, Plaintiffs have alleged violations of the FCRA, and the documents sought by this Request have no bearing on whether Vivint violated the statute in these isolated instances. Vivint also objects to this Request as the documents sought have no probative value to Plaintiffs' claims. Vivint furthers object to the extent that the information sought in this Request was the subject of a motion to compel in another lawsuit, *Littlejohn v. Vivint Solar* (Case No. 16-9446), on which United States Magistrate Judge Joel Schneider for the United States District Court for the District of New Jersey ruled that Plaintiff was not entitled to the documents sought. |
| 16. | Any and all policy and procedure manual or other documents which address your policies, practices, | In addition to their general objections, Vivint object to this Request on the grounds that it is overly broad, unduly |

| | | |
|---|---|---|
| | and/or procedures bearing on your door-to-door sales practices. | burdensome, and does not describe the documents sought with reasonable particularity. Vivint also objects to this Request as it seeks documents that are not proportional to the needs of this case. Vivint object sto [sic] this Request to the extent it seeks confidential and proprietary business information. Subject to and without waiver of the foregoing, and to the extent such documents exist, Vivint shall produce non-privileged records from the time period responsive to this Request in their possession, custody and/or control at a time and place that is mutually convenient for all parties, and subject to the parties' entry of a mutually agreeable confidentiality agreement as appropriate. |
| 17. | Your Customer Operations Manual. | In addition to their general objections, Vivint objects to this Request on the ground that it is overly broad, unduly burdensome, and does not describe the documents sought with reasonable particularity. Vivint further objects to this Request because it seeks documents that are not proportional to the needs of this case. Specifically, Plaintiffs have alleged violations of the FCRA, and the documents sought by this Request have no bearing on whether Vivint violated the statute. Plaintiffs have no compelling reason to request the entirety of Vivint ' [sic] Customer Operations Manual. *See, e.g., Miller v. Trans Union, LLC,* No. 06 C 2883, 2007 U.S. Dist. LEXIS 59730 at *8-9 (N.D. Ill. Aug. 14, 2017) (denying plaintiff's motion to compel defendant to produce its entire training manual because only those portions of its training manual that refer to the FCRA and defendant's policies and procedures with respect to obtaining consumer reports are relevant to plaintiff's FCRA claim). Vivint objects to this Request because it seeks confidential and proprietary business information. |

| 18. | Your Training Manual. | In addition to their general objections, Vivint objects to this Request on the ground that it is overly broad, unduly burdensome, and does not describe the documents sought with reasonable particularity. Vivint further objects to this Request because it seeks documents that are not proportional to the needs of this case. Specifically, Plaintiffs have alleged violations of the FCRA, and the documents sought by this Request have no bearing on whether Vivint violated the statute. Plaintiffs have no compelling reason to request the entirety of Vivint's Customer Operations Manual. *See, e.g., Miller v. Trans Union, LLC,* No. 06 C 2883, 2007 U.S. Dist. LEXIS 59730 at *8-9 (N.D. Ill. Aug. 14, 2017) (denying plaintiff's motion to compel defendant to produce its entire training manual because only those portions of its training manual that refer to the FCRA and defendant's policies and procedures with respect to obtaining consumer reports are relevant to plaintiff's FCRA claim). Vivint objects to this Request because it seeks confidential and proprietary business information. |
| --- | --- | --- |
| 19. | Any and all policy and procedure manual or other documents which address your policies, practices, and/or procedures bearing on your obtaining consumer reports only for a "permissible purpose" as listed in 15 U.S.C. §1681b of the FCRA. | In addition to their general objections, Vivint objects to this Request on the grounds that it is duplicative, overly broad, unduly burdensome, and does not describe the documents sought with reasonable particularity. Vivint further objects to this Request because it seeks documents that are not proportional to the needs of this case. Specifically, Plaintiffs have alleged violations of the FCRA, and the documents sought by this Request have no bearing on whether Vivint violated the statute. Vivint objects to this Request to the extent it seeks confidential and proprietary business information.<br><br>Subject to and without waiver of the foregoing, and to the extent such documents exist, Vivint shall produce non- |

| | | privileged records from the time period responsive to this Request in their possession, custody and/or control at a time and place that is mutually convenient for all parties, and subject to the parties' entry of a mutually agreeable confidentiality agreement as appropriate. |
|---|---|---|
| 20. | Any manuals, memoranda, bulletins or other documents instructing your Employees, agents, or representatives as to the requirements of 15 U.S.C. § 1681b of the FCRA. | In addition to their general objections, Vivint object to this Request on the grounds that it is duplicative, overly broad, unduly burdensome, and does not describe the documents sought with reasonable particularity. Vivint further objects to this Request because it seeks documents that are not proportional to the needs of this case. Specifically, Plaintiffs have alleged violations of the FCRA, and the documents sought by this Request have no bearing on whether Vivint violated the statute in these isolated instances. Vivint object to this Request to the extent it seeks confidential and proprietary business information. |
| 21. | The job description of any agents, representatives or employee(s) of you who had contact with either Plaintiff. | In addition to their general objections, Vivint objects to this Request on the grounds that it is overly broad, unduly burdensome, and does not describe the documents sought with reasonable particularity. Vivint also objects to this Request as it seeks documents that are not proportional to the needs of this case. Vivint objects to this Request to the extent it seeks confidential and proprietary business information. Vivint objects to this Request as improper because it does not seek documents. |
| 22. | Any and all documents evidencing or including data concerning the names, addresses, telephone numbers, current employers, and current whereabouts of each and every one of your employees, agents, or representatives who have communicated with either Plaintiff. | In addition to their general objections, Vivint objects to this Request on the grounds that it is overly broad, unduly burdensome, and does not describe the documents sought with reasonable particularity. Vivint also objects to this Request as it seeks documents that are not proportional to the needs of this case. Vivint further objects to this Request as |

| | | improper because it does not seek documents. |
|---|---|---|
| 23. | The personnel files for each employee, agent or representative of you who had contact with either Plaintiff, including any disciplinary records or records of Complaints. | In addition to their general objections, Vivint objects to this Request on the grounds that is overly broad, unduly burdensome, and does not describe the documents sought with reasonable particularity. Vivint also objects to this Request as it seeks documents that are not proportional to the needs of this case. Specifically, Plaintiffs have no compelling reason to request the personnel files of each and every one of Vivint ' [sic] employees who may have had contact with Plaintiffs. Vivint further objects to this Request to the extent it seeks information that is protected from disclosure as a result of state and federal privacy laws. Vivint further objects to this Request because it is being propounded for the improper purpose of soliciting potential clients for Plaintiffs' counsel and/ or their law firms. |
| 24. | All documents reflecting the whereabouts of your employees, agents, or representatives who were in Plaintiffs' zip codes when their credit was run by you. | In addition to their general objections, Vivint objects to this Request on the grounds that it is overly broad, unduly burdensome, and does not describe the documents sought with reasonable particularity. Vivint also objects to this Request as it seeks documents that are not proportional to the needs of this case. Vivint further object to this Request as the documents sought have no probative value to Plaintiffs' claims. Vivint objects to this Request to the extent it seeks confidential and proprietary business information. Vivint further objects to this Request because it is being propounded for the improper purpose of soliciting potential clients for Plaintiffs' counsel and/ or their law firms. Vivint further objects to this Request because he documents sought herein were the subject of a motion to compel in another pending lawsuit brought by Plaintiffs' counsel, Andrew Milz, *Littlejohn v. Vivint Solar* (Case No. 16- |

| | | 9446), on which United States Magistrate Judge Joel Schneider for the United States District Court for the District of New Jersey ruled that such documents were not discoverable. (*See id.* Dkt. No. 23). |
|---|---|---|
| 25. | The employment agreement for any of your salespersons who had contact with any Plaintiff. | In addition to their general objections, Vivint objects to this Request on the grounds that it is overly broad, unduly burdensome, and does not describe the documents sought with reasonable particularity. Vivint also objects to this Request as it seeks documents that are not proportional to the needs of this case. Vivint further objects to this Request as the documents sought have no probative value to Plaintiffs' claims. Vivint objects to this Request to the extent it seeks confidential and proprietary business information. |
| 26. | The commission or compensation agreement for your salespersons who had contact with any Plaintiff. | In addition to their general objections, Vivint objects to this Request on the grounds that it is overly broad, unduly burdensome, and does not describe the documents sought with reasonable particularity. Vivint also objects to this Request as it seeks documents that are not proportional to the needs of this case. Vivint further objects to this Request as the documents sought have no probative value to Plaintiffs' claims. Vivint object to this Request to the extent it seeks confidential and proprietary business information. |
| 27. | The sales goals or standards for your salespersons who had contact with any Plaintiff. | In addition to their general objections, Vivint objects to this Request on the grounds that it is overly broad, unduly burdensome, and does not describe the documents sought with reasonable particularity. Vivint also objects to this Request as it seeks documents that are not proportional to the needs of this case. Vivint further objects to this Request as the documents sought have no probative value to Plaintiffs' claims. Vivint objects to this Request to the extent it seeks |

| | | confidential and proprietary business information. |
|---|---|---|
| 28. | Any and all "Prospective Customer Consent Forms" obtained by your representatives, employees, and/or agents in Plaintiffs' zip codes in the month in which Plaintiffs' credit was run by you. | In addition to their general objections, Vivint objects to this Request on the grounds that is overly broad, unduly burdensome, and does not describe the documents sought with reasonable particularity. Vivint also objects to this Request as it seeks documents that are not proportional to the needs of this case. Vivint also objects to this Request as the documents sought have no probative value to Plaintiffs' claims. Vivint further objects to this Request because it is being propounded for the improper purpose of soliciting potential clients for Plaintiffs' counsel and/ or their law firms. Vivint further objects to this Request because the documents sought herein were the subject of a motion to compel in another pending lawsuit brought by Plaintiffs' counsel, Andrew Milz, *Littlejohn v. Vivint Solar* (Case No. 16-9446), on which United States Magistrate Judge Joel Schneider for the United States District Court for the District of New Jersey ruled that such documents were not discoverable. (*See id.* Dkt. No. 23). |
| 29. | Any complaints that involved allegations that you engaged in forgery. | In addition to their general objections, Vivint objects to this Request on the grounds that it is overly broad, temporally and geographically unlimited, unduly burdensome, and does not describe the documents sought with reasonable particularity. Vivint also objects to the terms "complaints," "you" and "forgery" as vague, ambiguous, and seeking a legal conclusion. Vivint further object to this Request because it seeks documents that are not proportional to the needs of this case. Specifically, Plaintiffs have alleged violations of the FCRA, and the documents sought by this Request have no bearing on whether Vivint violated the statute in these isolated instances. Further, |

|  |  | Plaintiffs have not alleged that Vivint forged any documents and their request for the same is nothing more than a fishing expedition. Vivint further objects to this Request because it is being propounded for the improper purpose of soliciting potential clients for Plaintiffs' counsel and/or their law firms. |
|  |  | Vivint also objects to the time-period placed on this Interrogatory. Vivint further objects to this Interrogatory to the extent it has no geographical limitation. The documents sought in this Request were the subject of a motion to compel in another pending lawsuit brought by Plaintiffs' counsel, Andrew Milz, *Littlejohn v. Vivint Solar* (Case No. 16-9446), on which United States Magistrate Judge Joel Schneider for the United States District Court for the District of New Jersey ruled that Plaintiff's request was only relevant as to complaints "from Pennsylvania, New Jersey and Delaware, wherein it was alleged that Vivint pulled the credit report of a customer or prospective customer without consent." (*See id.* Dkt. No. 23). The documents sought in this Request was also the subject of discovery dispute in another pending lawsuit brought by Plaintiffs' counsel, Andrew Milz, *Reilly v. Vivint Solar* (Civil Action No. 18-12356), on which United States Magistrate Judge Joel Schneider for the United States District Court for the District of New Jersey ruled that Plaintiff's request was only relevant as to complaints from California, Massachusetts, and Maryland from the time period of January 1, 2014 through December 31, 2016, where it was alleged that Vivint pulled the credit report of a customer or prospective customer without consent or otherwise forged documents. |

| 30. | Any complaints that involved allegations that you created false account(s). | In addition to their general objections, Vivint objects to this Request on the grounds that it is overly broad, temporally and geographically unlimited, unduly burdensome, and does not describe the documents sought with reasonable particularity. Vivint also objects to the terms "complaints," "you" and "false account(s)" as vague, ambiguous, and seeking a legal conclusion. Vivint further objects to this Request because it seeks documents that are not proportional to the needs of this case. Specifically, Plaintiffs have alleged violations of the FCRA, and the documents sought by this Request have no bearing on whether Vivint violated the statute in these isolated instances. Further, Plaintiffs have not alleged that Vivint created false accounts and their request for the same is nothing more than a fishing expedition. Vivint further objects to this Request because it is being propounded for the improper purpose of soliciting potential clients for Plaintiffs' counsel and/or their law firms. Vivint also objects to the time-period placed on this Interrogatory. Vivint further objects to this Interrogatory to the extent it has no geographical limitation. The documents sought in this Request were the subject of a motion to compel in another pending lawsuit brought by Plaintiffs' counsel, Andrew Milz, *Littlejohn v. Vivint Solar* (Case No. 16-9446), on which United States Magistrate Judge Joel Schneider for the United States District Court for the District of New Jersey ruled that Plaintiff's request was only relevant as to complaints "from Pennsylvania, New Jersey and Delaware, wherein it was alleged that Vivint pulled the credit report of a customer or prospective customer without consent." (*See id.* Dkt. No. 23). The documents sought in this Request were also the subject of discovery dispute in another pending lawsuit brought by |
|-----|-----|-----|

| | | |
|---|---|---|
| | | Plaintiffs' counsel, Andrew Milz, *Reilly v. Vivint Solar* (Civil Action No. 18-12356), on which United States Magistrate Judge Joel Schneider for the United States District Court for the District of New Jersey ruled that Plaintiff's request was only relevant as to complaints from California, Massachusetts, and Maryland from the time period of January 1, 2014 through December 31, 2016, where it was alleged that Vivint pulled the credit report of a customer or prospective customer without consent or otherwise forged documents. |
| 31. | Any complaint that involved allegations that you obtained a consumer report without consent. | In addition to their general objections, Vivint objects to this Request on the grounds that it is overly broad, temporally and geographically unlimited, unduly burdensome, and does not describe the documents sought with reasonable particularity. Vivint also objects to the terms "complaint," "you" and "without consent" as vague, ambiguous, and seeking a legal conclusion. Vivint further objects to this Request because it seeks documents that are not proportional to the needs of this case. Specifically, Plaintiffs have alleged violations of the FCRA, and the documents sought by this Request have no bearing on whether Vivint violated the statute in these isolated instances. Vivint further objects to this Request because it is being propounded for the improper purpose of soliciting potential clients for Plaintiffs' counsel and/or their law firms. Vivint also objects to the time-period placed on this Interrogatory. Vivint further object to this Interrogatory to the extent it has no geographical limitation. The documents sought in this Request were the subject of a motion to compel in another pending lawsuit brought by Plaintiffs' counsel, Andrew Milz, *Littlejohn v. Vivint Solar* (Case No. 16-9446), on which United States Magistrate Judge Joel Schneider for the United States District |

| | | |
|---|---|---|
| | | Court for the District of New Jersey ruled that Plaintiff's request was only relevant as to complaints "from Pennsylvania, New Jersey and Delaware, wherein it was alleged that Vivint pulled the credit report of a customer or prospective customer without consent." (*See id.* Dkt. No. 23). The documents sought by this Request were also the subject of discovery dispute in another pending lawsuit brought by Plaintiffs' counsel, Andrew Milz, *Reilly v. Vivint Solar* (Civil Action No. 18-12356), on which United States Magistrate Judge Joel Schneider for the United States District Court for the District of New Jersey ruled that Plaintiff's request was only relevant as to complaints from California, Massachusetts, and Maryland from the time period of January 1, 2014 through December 31, 2016, where it was alleged that Vivint pulled the credit report of a customer or prospective customer without consent or oherwise [sic] forged documents. |
| 32. | Any complaints that involved allegations that you provided false information to a consumer. | In addition to their general objections, Vivint objects to this Request on the grounds that it is overly broad, temporally and geographically unlimited, unduly burdensome, and does not describe the documents sought with reasonable particularity. Vivint also objects to the terms "complaint" "you" and "false information" as vague, ambiguous, and seeking a legal conclusion. Vivint further objects to this Request because it seeks documents that are not proportional to the needs of this case. Specifically, Plaintiffs have alleged violations of the FCRA, and the documents sought by this Request have no bearing on whether Vivint violated the statute in these isolated instances. Vivint further objects to this Request because it is being propounded for the improper purpose of soliciting potential clients for Plaintiffs' counsel and/or their law firms. Vivint also object to the time-period |

| | | |
|---|---|---|
| | | placed on this Interrogatory. Vivint further objects to this Interrogatory to the extent it has no geographical limitation. The documents sought in this Request were the subject of a motion to compel in another pending lawsuit brought by Plaintiffs' counsel, Andrew Milz, *Littlejohn v. Vivint Solar* (Case No. 16-9446), on which United States Magistrate Judge Joel Schneider for the United States District Court for the District of New Jersey ruled that Plaintiff's request was only relevant as to complaints "from Pennsylvania, New Jersey and Delaware, wherein it was alleged that Vivint pulled the credit report of a customer or prospective customer without consent." (*See id.* Dkt. No. 23). The documents sought in this Request were also the subject of discovery dispute in another pending lawsuit brought by Plaintiffs' counsel, Andrew Milz, *Reilly v. Vivint Solar* (Civil Action No. 18-12356), on which United States Magistrate Judge Joel Schneider for the United States District Court for the District of New Jersey ruled that Plaintiff's request was only relevant as to complaints from California, Massachusetts, and Maryland from the time period of January 1, 2014 through December 31, 2016, where it was alleged that Vivint pulled the credit report of a customer or prospective customer without consent or otherwise forged documents. |
| 33. | Any and all records reflecting your current net worth, gross receipts for the past three years, copies of your annual report to shareholders for each of the preceding five years, as well as the quarterly profit and loss statements, and balance sheets for each of the preceding eight quarters. | In addition to their general objections, Vivint objects that this Request is overly broad, unduly burdensome, argumentative, and does not describe the documents sought with reasonable particularity. Vivint also objects to this Request as seeking information that is publically available, and equally available to Plaintiffs. Vivint further objects on the ground that this Request seeks information that is not relevant to any party's claim or defense in this case, nor proportional to the |

| | | |
|---|---|---|
| | | needs of the case. Specifically, Plaintiffs have alleged single violations of the FCRA on individual bases, and the records requested are not relevant to whether Vivint violated that statute in these instances or the damages available under the FCRA which are capped. Vivint further objects to this Request to the extent it seeks sensitive business information that is confidential and proprietary. Vivint objects to this Request to the extent it seeks information relating to an area of inquiry that should be bifurcated. |

**Chart of Plaintiffs' Interrogatories and Vivint's Responses at Issue**

| 5. | Identify all complaints regarding the individuals identified by you in your response to Interrogatory No. 4. | In addition to its general objections, Vivint objects to this request as vague, ambiguous, and overbroad. Vivint further objects on the ground that this Interrogatory seeks information that is not relevant to any party's claim or defense in this case, nor proportional to the needs of the case. Specifically, the terms "all complaints" is undefined and not limited in time or scope. Vivint further objects to the extent this Interrogatory seeks information protected by the attorney-client privilege and/or work product doctrine. Vivint objects to this Interrogatory because it is being propounded for the improper purpose of scouting potential clients for Plaintiffs' counsel and/or their law firms. |
| 8. | Identify the device used by your salesperson to complete the Prospective customer Consent Form and/or Power Purchase Agreement, as well as any software or application utilized by you on that device to complete electronic forms. | In addition to its general objections, Vivint objects to this Interrogatory on the grounds that it is vague and ambiguous as the capitalized terms "Prospective customer Consent Form" and "Power Purchase Agreement" are undefined and, it is unclear whether Plaintiffs are referring to specific documents or these documents in general. Vivint further objects to this Interrogatory on the ground |

| | | that it seeks sensitive business information that is confidential and proprietary as it relates to Vivint' business practices and processes. |
|---|---|---|
| 14. | Identify all complaints from 2015 to the present relating to you or your agent(s) or employee(s): engaging in forgery; creating false accounts; accessing customers' and/or prospective customers' Consumer Report without consent; and/or providing false information in order to access a consumer report.  For each complaint identified, include the date of the Complaint, whether said Complaint was in writing, the nature of the Complaint and the disposition of the complaint.  In addition, Identify and describe the location and content of any documents related to said Complaints. | In addition to its general objections, Vivint objects to this Interrogatory on the grounds that it is overbroad, temporally unlimited and seeks information that is not proportional to the needs of this case. Specifically, Plaintiffs have alleged violations of the FCRA, and the information sought by this Request has no bearing on whether Vivint violated the statute in these isolated and unrelated instances. Vivint further objects to this Interrogatory on the ground that this Interrogatory seeks sensitive business information that is confidential and proprietary. Vivint further objects to the extent this Interrogatory seeks information protected by the attorney-client privilege and/or work product doctrine. Vivint objects to this Interrogatory because it is being propounded for the improper purpose of scouting potential clients for Plaintiffs' counsel and/or their law firms. Vivint also objects to the time-period placed on this Interrogatory. Vivint further objects to this Interrogatory to the extent it has no geographical limitation. The information sought in this Interrogatory was the subject of a motion to compel in another pending lawsuit brought by Plaintiffs' counsel, Andrew Milz, *Littlejohn v. Vivint Solar* (Case No. 16-9446), on which United States Magistrate Judge Joel Schneider for the United States District Court for the District of New Jersey ruled that Plaintiff Littlejohn's request was only relevant as to complaints "from Pennsylvania, New Jersey and Delaware, wherein it was alleged Vivint Solar pulled the credit report of a customer or prospective customer without consent." (*See id.* Dkt. No. 23). The information |

|  |  | sought in this Interrogatory was also the subject of discovery dispute in another pending lawsuit brought by Plaintiffs' counsel, Andrew Milz, *Reilly v. Vivint Solar* (Civil Action No. 18-12356), on which United States Magistrate Judge Joel Schneider for the United States District Court for the District of New Jersey ruled that Plaintiff Reilly's request was only relevant as to complaints from California, Massachusetts, and Maryland from the time period of January 1, 2014 through December 31, 2016. |
| --- | --- | --- |

### MEMORANDUM OF LAW – WHY THE MOTION TO COMPEL SHOULD BE GRANTED

This Court is well aware of the broad scope of discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" See FED. R. CIV. P. 26(b)(1).  "The party objecting to the discovery request has the burden to explain, *with specificity*, why the request is unduly burdensome, vague, or overly broad.") (emphasis supplied). *Siddiq v. Saudi Arabian Airlines Corp.*, 2011 WL 6936485, at *3 (M.D. Fla. 2011).

Where a party objects on the basis of confidentiality, such objection is improper if that party fails to establish—with admissible evidence—that the information sought is confidential and its disclosure would be harmful.  *I.S.E.L., Inc. v. American Synthol, Inc*., No. 3:08-cv-870-J-25TEM, 2009 WL 3367237, *2 (M.D. Fla. Oct. 15, 2009) (stating "under Rule 26(c)(G) of the Federal Rules of Civil Procedure, there is no absolute privilege that immunizes trade secrets and similar confidential information from discovery").  Here, Defendant failed to substantiate its purported confidentiality objections with affidavits or other evidence.  *See* Fed. R. Civ. P. 34(b)(2). Further, the parties have entered into a confidentiality agreement, so to the extent Vivint objects that the discovery sought will reveal confidential information, this objection serves no purpose.

Further, the information sought is plainly relevant and proportional to the needs of the case. A number of the document requests met with objection sought uncontroversial information, such as:

- emails about Plaintiff(s);

- job descriptions and personnel files of the employees involved;

- informational material regarding the propriety of accessing a consumer report;

- Vivint's Training Manual and Customer Operations Manual;

Plaintiffs can discern no valid basis for Vivint to withhold these relevant, focused set of documents. Vivint's form objections are unpersuasive, and lack the specificity required to prove that the production of such documents would somehow work an undue burden. *See Siddiq*, 2011 WL 6936485, at *3.

Plaintiffs are also entitled to the subscriber agreements between Vivint and the consumer reporting agencies Trans Union, LLC, Experian, and Equifax. These agreements will likely reflect Vivint's knowledge of their legal obligations under the Fair Credit Reporting Act. Vivint's knowledge of the law is relevant to whether it "willfully" violated the law. *Collins v. Experian Info. Sols., Inc.*, 775 F.3d 1330, 1336 (11th Cir. 2015) ("A violation is 'willful' for the purposes of the FCRA if the defendant violates the terms of the Act with knowledge or reckless disregard for the law."). Further, the agreements may shed light on Vivint's duties when notifying the consumer reporting agency of an impermissible pull. Similar information is routinely produced. *See, e.g.*, *Zahran v. Trans Union Corp.*, No. 01 C 1700, 2002 WL 31010822, at *4 (N.D. Ill. Sept. 9, 2002) (denying Trans Union's motion for a protective order to prevent disclosure of its subscriber agreements, stating that they did not qualify as "trade secrets" or "other confidential

information"); *Gamby v. First Nat'l Bank Of Omaha*, No. 06-11020, 2009 WL 963116, at *2 (E.D. Mich. Apr. 8, 2009).

Plaintiffs also seek the prospective customer "consent" forms obtained in Plaintiffs' zip codes in the months in which Vivint ran Plaintiffs' credit. Vivint objects that a federal magistrate judge ruled on this issue in a separate case in the District of New Jersey, but this ignores an important qualifier in that ruling. Magistrate Judge Schneider clarified that "[i]f information is provided that can show that there's a good cause to believe that it [i.e. an impermissible pull] happened to someone else, the Court will of course entertain a new discovery request[.]" The instant case <u>is</u> the exact type of evidence that Judge Schneider lacked, as Plaintiffs allege that their credit reports were accessed without a permissible purpose. These consumers deny signing *any* documents, but Vivint nonetheless created a PCCF for Plaintiff Cardona—just like Vivint did with Douglas Littlejohn in New Jersey. *Douglas Littlejohn v. Vivint Solar, Inc.*, Civil Action No. 16-cv-09446 (D.N.J. NLH-JS). This suggests that Vivint has a practice of creating consent forms after the fact as a means of covering up their wrongdoing, which Vivint denies. If other consumers in the same zip code have also had this happen to them, that would suggest a larger pattern and practice of forging consent forms to obtain consumer credit reports, which speaks directly to punitive damages. Judge Herbert in Alameda County, California has compelled these very same documents. See Order dated March 6, 2019 in *Pulipati v. Vivint Solar, Inc.*, No. RG18891702 (Alameda Cty., CA) (Ex. "B" hereto).

Plaintiffs also seek complaints involving forgery, creating false accounts, obtaining consumer reports without consent, and providing false information to a consumer. There should be no temporal limitation on the information sought. Complaints prior to the impermissible pulls here (*i.e.* before 2017) are relevant to how Vivint as on notice of the illegal conduct of its

salespersons.  The complaints that followed (*i.e.* 2017 to the present) tend to show either Vivint ratified ongoing illegal conduct, or took woefully little effort to remediating it.  There is no justifiable reason to limit the complaints geographically because Vivint operates nationally in several states, and the location of a complainant does not alter the fact that the complaint serves as notice to Vivint of wrongdoing on behalf of its salespersons.  Indeed, those documents have been compelled in California.  See Order dated March 6, 2019 in *Pulipati v. Vivint Solar, Inc.*, No. RG18891702 (Alameda Cty., CA) (Ex. "B" hereto).  Further, as Vivint notes, Judge Schneider has allowed the discovery of complaints from six states. (Letter Order dated Jan. 25, 2019, Ex. "C" hereto).

As demonstrated by the many consumer complaints identified previously, there is substantial evidence in the public record that Vivint's fraudulent conduct in the sales of solar panels is part of a larger pattern and practice of privacy invasions (through impermissible credit pulls) and fraudulent conduct including forgery of names on 20-year leases for solar panels. As such, the complaints sought regarding other instances of fraud, forgery, impermissible credit pulls, etc. are plainly relevant to show that Vivint was on notice of such misconduct but nonetheless proceeded recklessly with respect to the rights of consumers.

Plaintiffs are also entitled to documents evidencing Vivint's net worth. Such information is undoubtedly relevant to punitive damages, and Courts regularly allow discovery of such information. *See, e.g.*, *Lane v. Capital Acquisitions*, 242 F.R.D. 667, 669 (S.D. Fla. 2005) (collecting cases).

## LOCAL RULE 3.01(G) CERTIFICATE

The undersigned states that counsel for the Plaintiff (Mr. Milz and Mr. Rothburd) met and conferred by phone with opposing counsel (Ms. Perkins and Mr. Cummings) prior to sending the

May 16, 2019 discovery deficiency letter, allowed a number of days after the May 22, 2019 for a response (which did not come), and then Mr. Milz and Ms. Perkins discussed the dispute again by phone June 5, 2019 prior to the filing of this motion.  Despite these good faith efforts to resolve the matters in this motion, we were unable to reach an agreement.

      **WHEREFORE**, Plaintiffs pray this Honorable Court grant this Motion to Compel to require Defendant Vivint Solar, Inc. and Vivint Solar Developer, LLC to produce the relevant discovery before June 30, 2019, and grant any such other and further relief as this Court deems just and proper.

**Respectfully submitted,**

*/s/ Andrew M. Milz*
ANDREW M. MILZ
*Admitted pro hac vice*

FLITTER MILZ, P.C.
450 N. Narberth Avenue, Suite 101
Narberth, PA 19072
(610) 822-0782 (ph)
(610) 667-0552 (fax)
amilz@consumerslaw.com


CRAIG E. ROTHBURD
FBN: 0049182
320 W. Kennedy Blvd., #700
Tampa, Florida   33606
(813) 251-8800 (ph)
(813) 251-5042 (fax)
crothburd@e-rlaw.com
mropp@e-rlaw.com

## <u>CERTIFICATE OF SERVICE</u>

I certify that on June 6, 2019, the foregoing was filed with the Clerk of the Court using the

CM/ECF system, which will send a notice of electronic filing to counsel of record.

_/s/ Andrew M. Milz_____
ANDREW M. MILZ

FLITTER MILZ, P.C.
450 N. Narberth Avenue, Suite 101
Narberth, PA 19072
(610) 822-0782

**ATTORNEYS FOR PLAINTIFF**