# Exhibit A

# FLITTER MILZ, P.C.
## CONSUMERSLAW.COM
### ATTORNEYS AT LAW

CARY L. FLITTER [1,2,3]
ANDREW M. MILZ [1,2]
JODY THOMAS LÓPEZ-JACOBS [1,2]

[1] PA BAR | [2] NJ BAR | [3] NY BAR

TOLLFREE: 888-668-1225

RESPOND TO:

PHILA
(610) 668-0011
jlopez-jacobs@consumerslaw.com

May 16, 2019

*Via Email: perkinsj@ballardspahr.com*
Jenny N. Perkins, Esquire
Florida Bar No. 77570
1735 Market Street, 51st Floor
Philadelphia, PA 19103

*Via Email: brian.cummings@gmlaw.com*
Brian R. Cummings, Esquire
Greenspoon Marder LLP
Florida Bar No. 25854
SunTrust Financial Centre
401 E. Jackson St., Suite 1825
Tampa, FL 33602

RE:   **Elizabeth Cardona and Jerard Brown v. Vivint Solar, Inc., et al.**
      **Case No.: 18-02838-SCB-JSS**

Dear Counsel:

Upon reviewing the responses to Interrogatories and Requests for Production of Documents directed to Defendants Vivint Solar, Inc. and Vivint Solar Developer, LLC (collectively "Vivint"), Plaintiffs have noticed some deficiencies, addressed below:

**Confidentiality objections.** Vivint has objected to numerous discovery requests on the grounds that a confidentiality agreement has not been reached. This objection is now moot because the parties have since entered into a confidentiality agreement. The objected-to discovery requests include Request for Production of Documents Nos. 3, 9, 10, 11, 12, 13, 14, 16, 19, and 27, and Interrogatory No. 8. Vivint is directed to produce all withheld documents and provide complete answers to the interrogatories. Also, please verify whether documents are being withheld with respect to these discovery requests.

**Request for Production of Documents No. 7.** This request seeks emails mentioning either Plaintiff. Vivint objected based on relevance, and invoked attorney-client privilege and the work product doctrine. However, no email was identified as withheld in the privilege log, and Vivint's emails mentioning Plaintiffs are undoubtedly relevant because Plaintiffs did not have any preexisting, extraneous relationship with Vivint. As such, the statements would only relate to the attempted sales and/or wrongful conduct alleged in the Complaint. Vivint is directed to produce the documents as requested.

| PHILADELPHIA | SCRANTON | NEW JERSEY | NEW YORK |
|---|---|---|---|
| 450 N. NARBERTH AVE., STE. 101 | 216 N. BLAKELY STREET | 1814 EAST RT. 70, SUITE 350 | TWO INTERNATIONAL DR., SUITE 350 |
| NARBERTH, PA 19072 | DUNMORE, PA 18512 | CHERRY HILL, NJ 08003 | RYE BROOK, NY 10573 |
| 610-266-7863 | 570-216-3210 | 856-396-0600 | 914-934-8080 |
| FAX: 610-667-0552 | FAX: 833-775-3450 | FAX: 833-775-3450 | FAX: 833-775-3450 |

Jenny N. Perkins, Esquire
Brian R. Cummings, Esquire
May 16, 2019
Page 2

**Request for Production of Documents No. 8.** This request seeks written statements referencing either Plaintiff, their social security number, or their identities. Vivint objected based on relevance, and invoked attorney-client privilege and the work product doctrine. However, no statement was identified as withheld in the privilege log, and such statements are undoubtedly relevant because Plaintiffs did not have any preexisting, extraneous relationship with Vivint. As such, the statements would only relate to the attempted sales and/or wrongful conduct alleged in the complaint. Vivint is directed to produce these statements, and to clarify whether you are withholding other statements for any reason.

**Request for Production of Documents No. 15.** This request seeks the subscriber agreements between Vivint and the consumer reporting agencies Trans Union, LLC, Experian, and Equifax. These agreements will likely reflect Vivint's knowledge of their legal obligations under the Fair Credit Reporting Act. Vivint's knowledge of the law is relevant to whether it "willfully" violated the law. *Collins v. Experian Info. Sols., Inc.*, 775 F.3d 1330, 1336 (11th Cir. 2015) ("A violation is 'willful' for the purposes of the FCRA if the defendant violates the terms of the Act with knowledge or reckless disregard for the law."). Further, the agreements may shed light on Vivint's duties when notifying the consumer reporting agency of an impermissible pull. Similar information is routinely produced. *See, e.g., Zahran v. Trans Union Corp.*, No. 01 C 1700, 2002 WL 31010822, at *4 (N.D. Ill. Sept. 9, 2002) (denying Trans Union's motion for a protective order to prevent disclosure of its subscriber agreements, stating that they did not qualify as "trade secrets" or "other confidential information"); *Gamby v. First Nat'l Bank Of Omaha*, No. 06-11020, 2009 WL 963116, at *2 (E.D. Mich. Apr. 8, 2009). Vivint is directed to produce the documents requested.

**Request for Production of Documents Nos. 17 & 18.** These requests seek the Customer Operations Manual and Training Manual. Vivint objects to the production of these documents in their entirety, relying on an Illinois district court case involving a *pro se* consumer plaintiff who "fail[ed] to explain why the entire manual is relevant." *Miller v. Trans Union, LLC*, No. 06 C 2883, 2007 WL 2351199, at *3 (N.D. Ill. Aug. 14, 2007). Unlike *Miller*, which involved a debt collector's lack of authority to access a consumer report in the context of debt collection,[1] the instant case involves allegations of fraud, forgery, and lack of consent to access a consumer report in the context of a sales solicitation. As such, Vivint's official Training Manual and Customer Operations Manual would shed light on how it instructs its employees and salespersons to handle the solicitation, the prerequisites to accessing a consumer report, and the

---

[1] *See Miller v. Trans Union LLC*, No. 06 C 2883, 2007 WL 641559, at *1 & *5 (N.D. Ill. Feb. 28, 2007) (*pro se* complaint regarding the impermissible access of consumer report for purposes of collection; holding that such access was not "in connection with a credit transaction").

Jenny N. Perkins, Esquire
Brian R. Cummings, Esquire
May 16, 2019
Page 3

procedures in place to ensure legally permissible credit inquiries. Vivint is directed to produce the documents requested.

**Request for Production of Documents No. 20.** This request seeks manuals, memoranda, bulletins, or other documents instructing your employees as to the requirements of 15 U.S.C. § 1681b of the FCRA. Vivint objected that "the documents sought by this Request have no bearing on whether Vivint violated the statute in these isolated instances," and that the documents sought were not described with "reasonable particularity." Plaintiffs clarify that the request seeks Vivint's informational material regarding the propriety of accessing a consumer report, where such material was created to edify Vivint's salespersons and employees. Such documents are relevant to Vivint's knowledge of the FCRA, and accordingly whether they willfully violated the FCRA. Vivint is directed to produce the documents requested as clarified here.

**Request for Production of Documents No. 21.** This request seeks job descriptions for salespersons or employees who had contact with either Plaintiff. Vivint objects that this request is somehow "overly broad," "burdensome," and vague, and "because [the request] does not seek documents." This objection is baseless. Vivint is directed to clarify whether it maintains such documents as that term is defined in Plaintiffs' Requests for Production, and if so, to produce such documents.

**Request for Production of Documents No. 22.** This request seeks documents containing contact information of employees who communicated with either Plaintiff. Vivint objected that this request is "overly broad," "burdensome," vague, and "because [the request] does not seek documents." This objection is baseless. Vivint is directed to clarify whether it maintains such documents, and if so, to produce such documents.

**Request for Production of Documents No. 23.** This request seeks personnel files of persons who had contact with either Plaintiff. Vivint objects that this request is burdensome. Plaintiffs agree to limit this request to only the salespersons involved in the solicitations of Plaintiffs. Vivint also objects to this request "to the extent it seeks information that is protected from disclosure as a result of state and federal privacy laws," but no law is identified. Vivint is directed to identify the specific provisions of the law it is invoking and to explain how the confidentiality agreement does not address these concerns. Because this objection appears to be moot in light of the confidentiality agreement, Vivint is directed to produce the documents requests, as clarified here.

Jenny N. Perkins, Esquire
Brian R. Cummings, Esquire
May 16, 2019
Page 4

---

**Request for Production of Documents No. 24.** This request seeks documents reflecting the current whereabouts of employees who were in Plaintiffs' zip codes when Vivint ran their credit. Vivint objects that Judge Schneider ruled on this issue in a separate case in the District of New Jersey, but this assertion is plainly false. Regardless, the instant case involves unrelated solicitations in Florida involving employees who no longer work with Vivint. Plaintiffs need this information to contact Vivint's former salespersons (including Mr. Martins) so that they can be deposed. Further, because at least two salespersons are alleged to have accessed Plaintiffs' consumer reports without a permissible purpose, Plaintiffs should have the opportunity to inquire other local salespersons regarding the sales tactics Vivint taught them. Vivint is directed to produce the documents requested.

**Request for Production of Documents No. 25.** This request seeks employment agreements. Vivint produced the agreements for two of the salespersons involved (Martins and Coan), but did not produce the employment agreement of Jacob Thebert, who is claimed to have "shadowed" Coan during his solicitation of Plaintiff Brown. Vivint is directed to produce the employment agreement of Jacob Thebert.

**Request for Production of Documents No. 26.** The employment agreements of the salespersons involved in this case refer to a Sales Manager Commission Plan dated 10/30/2016. (See Vivint-Cardona/Brown 000038 & 000065). This commission plan was not provided, even though it is clearly part of the employment agreement. Vivint is directed to produce the commission plan forming part of the employment agreements of Mr. Martins and Mr. Coan, as requested.

**Request for Production of Documents No. 28.** This request seeks the Prospective Customer Consent Forms obtained in Plaintiffs' zip codes in the months in which Vivint ran Plaintiffs' credit. Vivint objects that Judge Schneider ruled on this issue in a separate case in the District of New Jersey, but this ignores an important qualifier in that ruling. Judge Schneider clarified that "[i]f information is provided that can show that there's a good cause to believe that it [i.e. an impermissible pull] happened to someone else, the Court will of course entertain a new discovery request[.]" The instant case *is* the exact type of evidence that Judge Schneider lacked, as Plaintiffs allege that their credit reports were accessed without a permissible purpose. These consumers deny signing any documents, but Vivint nonetheless created a PCCF for Plaintiff Cardona—just like Vivint did with Douglas Littlejohn in New Jersey. This suggests that Vivint has a practice of creating PCCFs after the fact as a means of covering up their wrongdoing, which Vivint denies. If other consumers in the same zip code have also had this happen to them, that would suggest a larger pattern and practice of forging consent forms to obtain consumer credit reports, which speaks directly to punitive damages. Vivint is directed to produce the

Jenny N. Perkins, Esquire
Brian R. Cummings, Esquire
May 16, 2019
Page 5

documents requested. Finally, Judge Herbert in Alameda County, California has compelled these very same documents. See Order dated March 6, 2019 in *Pulipati v. Vivint Solar, Inc.*, No. RG18891702 (Alameda Cty., CA).

**Request for Production of Documents Nos. 29–32, and Interrogatory No. 14.** These requests seek complaints involving forgery, creating false accounts, obtaining consumer reports without consent, and providing false information to a consumer. Plaintiffs agree to limit the time period to all above-described complaints from January 1, 2014 through December 31, 2016, which reasonably encompasses the time period for the events in this case. However, there is no justifiable reason to limit the complaints geographically because Vivint operates nationally in several states, and the location of a complainant does not alter the fact that the complaint serves as notice to Vivint of wrongdoing on behalf of its salespersons. Indeed, those documents have been compelled in California. See Order dated March 6, 2019 in *Pulipati v. Vivint Solar, Inc.*, No. RG18891702 (Alameda Cty., CA). Further, as Vivint notes, Judge Schneider has allowed the discovery of complaints from six states. Vivint is directed to produce the documents as requested here and to provide a complete interrogatory answer.

**Request for Production of Documents No. 33.** This request seeks documents evidencing Vivint's net worth. Such information is undoubtedly relevant to punitive damages. Courts regularly allow discovery of such information. *See, e.g., Lane v. Capital Acquisitions*, 242 F.R.D. 667, 669 (S.D. Fla. 2005) (collecting cases). Vivint is directed to produce the documents as requested.

**Interrogatory No. 5.** This interrogatory seeks all complaints regarding individuals who you identified as having communicated with either Plaintiff. Vivint objected based on relevance, and invoked attorney-client privilege and the work product doctrine. The privilege log does not identify any complaints withheld, so please advise whether documents are being withheld on that basis. As to the relevance objection, Plaintiff agrees to limit this interrogatory to only those salespersons who communicated with either Plaintiff, which includes Mitchell Coan, Jacob Thebert, and Ricardo Martins. The complaint history of these salespersons is relevant because it would reveal whether Vivint knew about any problems that relate to obtaining a credit report without consent or other forms of fraudulent or deceptive conduct. Vivint is directed to identify the complaints regarding Mitchell Coan, Jacob Thebert, and Ricardo Martins, who all became salespersons within months of the impermissible credit pulls alleged in this case.

**Interrogatory No. 8.** This interrogatory seeks identification of the device and software or application used to complete the Prospective Customer Consent Form and/or Power Purchase Agreement. Vivint responded that it was not sure whether the documents identified refer to specific documents or those category of documents in general. To clarify, Plaintiffs seek

Jenny N. Perkins, Esquire
Brian R. Cummings, Esquire
May 16, 2019
Page 6

---

identification of the device, software, and application used to complete these forms with respect to Plaintiffs. As Vivint's confidentiality objection is moot, Vivint is directed to identify the information as clarified here.

If Plaintiffs do not hear from you by 9:00am on May 22, 2019, they will be constrained to ask the Court for appropriate relief.

Yours very truly,

ANDREW M. MILZ

AMM:osl
c: Craig E. Rothburd, Esquire (via email: *craig@rothburdpa.com*)