# Exhibit C



**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

    CHAMBERS OF
  **JOEL SCHNEIDER**
UNITED STATES MAGISTRATE JUDGE

UNITED STATES COURTHOUSE
ONE JOHN F. GERRY PLAZA
Fourth & Cooper Streets, Room 2060
Camden, New Jersey 08101
(856) 757-5446

**LETTER ORDER**
**ELECTRONICALLY FILED**
January 25, 2019

Andrew W. Milz, Esquire
Flitter Milz, P.C.
525 Route 73 South
Suite 200
Marlton, NJ 08053

Daniel J.T. McKenna, Esquire
Ballard Spahr, LLP
210 Lake East Drive
Suite 200
Cherry Hill, NJ 08002

    Re:    **Reilly v. Vivint Solar**
            **Civil No. 18-12356 (NLH/JS)**

Dear Counsel:

    This Letter Order addresses plaintiff's request to expand the geographic scope of discovery directed to complaints about defendant's sales practices. The Court's September 21, 2017 [Doc. No. 23] Order in <u>Littlejohn</u> limited discovery to Pennsylvania, New Jersey and Delaware. Plaintiff originally requested nationwide discovery. At the recent oral argument on January 22, 2019, plaintiff limited his request to only those states where defendant used a Power Purchase Agreement ("PPA").

    For the reasons to be discussed plaintiff's discovery request is granted in part and denied in part. Plaintiff's discovery is directed to finding out if defendant has a company wide pattern or practice of engaging in the alleged illegal practices at issue in the case. Plaintiff has proffered that a number of similar incidents have occurred around the country. The Court finds that the requested documents are relevant to plaintiff's claims. Relying on a number of alleged similar instances around the country, plaintiff has presented a plausible argument that there are endemic problems with defendant's sales practices. Of course, the Court is not ruling on the merits of plaintiff's claims or whether plaintiff's discovery is admissible at trial.

1

January 25, 2019
Page 2

  Nevertheless, plaintiff's request for discovery in all states where the PPA is used is disproportional to the importance of the discovery. Plaintiff already has extensive discovery and the present case arises from an incident that occurred in New Jersey. Accordingly, the Court limits discovery to the three (3) states plaintiff identified as most important: California, Massachusetts, and Maryland. Also, rather than five (5) years, the time period for relevant discovery is January 1, 2014 through December 31, 2016.

  Accordingly, it is hereby ORDERED defendant shall produce by February 22, 2019, for the time period of January 1, 2014 through December 31, 2016, all complaints from California, Massachusetts, and Maryland, where it was alleged defendant pulled the credit report of a customer or prospective customer without consent or defendant forged someone's signature. Defendant shall produce the information in a spreadsheet format similar to the spreadsheet produced in Littlejohn. Defendant shall exclude the information the Court designated as privileged or work-product.

  It is further ORDERED all present scheduling deadliness shall remain in place.

            Very truly yours,

            *s/ Joel Schneider*
            JOEL SCHNEIDER
            United States Magistrate Judge

JS:aks
cc: Hon. Noel L. Hillman