UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JERARD BROWN and ELIZABETH
CARDONA,

       Plaintiffs,

v.                                                  Case No: 8:18-cv-2838-T-24JSS

VIVINT SOLAR, INC., VIVINT SOLAR
DEVELOPER, LLC and SOLAR MOSAIC,
INC.,

       Defendants.
_____/

## ORDER

THIS MATTER is before the Court on Plaintiffs' Motion to Compel Complete Responses to Plaintiffs' Interrogatories and Requests for Production of Documents Directed to Defendant Solar Mosaic, Inc. ("Motion to Compel Mosaic") (Dkt. 20) and Plaintiffs' Motion to Compel Complete Responses to Plaintiffs' Interrogatories and Requests for Production of Documents Directed to Defendants Vivint Solar, Inc. and Vivint Solar Developer, LLC ("Motion to Compel Vivint") (Dkt. 21), with Defendants' respective responses in opposition (Dkts. 24, 25).  On July 22, 2019, the Court held a hearing on both motions.  For the reasons discussed at the hearing and set forth below, both motions are granted in part and denied in part.

## BACKGROUND

Jerard Brown and Elizabeth Cardona initiated this action in the Thirteenth Judicial Circuit of Florida, alleging several counts of violations of the Fair Credit Reporting Act ("FCRA") and several counts for declaratory relief, against Vivint Solar, Inc., Vivint Solar Developer, LLC (collectively "Vivint"), and Solar Mosaic, Inc. ("Mosaic").  (Dkt. 1-2.)  Plaintiffs generally allege that Defendants violated the FCRA by obtaining Plaintiffs' credit reports "upon false pretenses,

without authorization by the consumer, and without a permissible purpose."  (Dkt. 1-2 ¶¶ 13, 32, 45, 88.)  On November 19, 2018, Defendants removed the action to this Court.  (Dkt. 1.)  In the instant Motions, Plaintiffs move to compel several categories of discovery.

## APPLICABLE STANDARDS

A party is entitled to "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."  Fed. R. Civ. P. 26(b)(1).  "Proportionality requires counsel and the court to consider whether relevant information is discoverable in view of the needs of the case."  *Tiger v. Dynamic Sports Nutrition, LLC*, 2016 WL 1408098, at *2 (M.D. Fla. Apr. 11, 2016).  "Information within this scope of discovery need not be admissible in evidence to be discoverable."  *Id.*  A party may move for an order compelling disclosure or discovery.  Fed. R. Civ. P. 37.  The Court has broad discretion in managing pretrial discovery matters and in deciding to compel.  *Josendis v. Wall to Wall Residence Repairs, Inc*., 662 F.3d 1292, 1306 (11th Cir. 2011); *Perez v. Miami-Dade Cnty*., 297 F.3d 1255, 1263 (11th Cir. 2002).

## ANALYSIS

### A.  Withdrawn Requests

At the hearing, Plaintiffs withdrew several requests.  Based on these withdrawals, the Motion to Compel Mosaic is denied as to request for production twenty-one; and the Motion to Compel Vivint is denied as to requests for production three, seven through fourteen, and twenty-one, and denied as to interrogatory eight.

### B.  Subscriber Agreements

In both motions, Plaintiffs move to compel production of Defendants' subscriber agreements with each of the main credit reporting agencies.  (Dkt. 20 at 4; Dkt. 21 at 7.)  The Court

finds these documents to be relevant and proportional to the needs of the case.  The Motion to Compel Mosaic is granted as to request for production fifteen, and the Motion to Compel Vivint is granted as to request for production fifteen.

### C.  Policies and Procedures

In both motions, Plaintiffs move to compel production of Defendants' policies and procedures.  (Dkt. 20 at 4–6; Dkt. 21 at 7–10.)  In considering the Complaint and the needs of the case, the Court finds these documents to be relevant only to the extent they discuss compliance with the FCRA.  Defendants should produce the portions of the requested policies and procedures which relate to the FCRA along with the tables of contents so Plaintiffs can ensure production of all relevant portions.  The Motion to Compel Mosaic is granted in part and denied in part, as specified herein, as to requests for production seventeen through twenty, and the Motion to Compel Vivint is granted in part and denied in part, as specified herein, as to requests for production sixteen through twenty.

### D.  Employee Information

Plaintiffs move to compel Vivint to provide documents containing the contact information of each employee that communicated with Plaintiffs, as well as those employees' employment agreements, compensation agreements, and sales goals.  (Dkt. 21 at 10.)  Vivint agrees to provide this information.  The Motion to Compel Vivint is granted as to requests for production twenty-two and twenty-five through twenty-seven.  Both motions also request the personnel files for the same employees, including background checks, disciplinary records, and training records.  (Dkt. 20 at 6; Dkt. 21 at 11.)  Defendants agree to provide this information.  However, to the extent the requests encompass criminal records, the motions are denied without prejudice for the parties to confer on safeguarding the employees' privacy rights.  The Motion to Compel Mosaic is granted

in part and denied in part, as specified herein, as to request for production twenty-three, and the Motion to Compel Vivint is granted in part and denied in part, as specified herein, as to request for production twenty-three.

### E. Employees' Location and Prospective Customers

Plaintiffs move to compel Vivint to provide documents "reflecting the whereabouts of [Vivint's] employees, agents, or representatives who were in Plaintiffs' zip codes when their credit was run." (Dkt. 21 at 11.) Plaintiffs also specifically request "Prospective Customer Consent Forms" obtained by Vivint's "representatives, employees, and/or agents in Plaintiffs' zip codes in the month in which Plaintiffs' credit was run." (Dkt. 21 at 28.) The Court finds that Plaintiffs have not established the relevance of these broad requests, or their proportionality to the needs of the case. The Motion to Compel Vivint is denied as to requests for production twenty-four and twenty-eight.

### F. Other Complaints

Both motions move to compel Defendants to provide information regarding other relevant complaints. (Dkt. 20 at 6–9; Dkt. 21 at 13–21.) The parties agree that prior complaints of FCRA violations are relevant to the issue of willfulness under the FCRA. *See Harris v. Mexican Specialty Foods, Inc.*, 564 F.3d 1301, 1310 (11th Cir. 2009) ("A violation is 'willful' for the purposes of the FCRA if the defendant violates the terms of the Act with knowledge or reckless disregard for the law."). However, considering the relevance of prior complaints and the proportionality to the needs of the case, the Court will limit the scope of discovery in this area. Defendants shall produce any prior complaints from Florida, in 2016 and 2017, that allege Defendants violated the FCRA by obtaining a consumer credit report without authorization by the consumer. The Motion to Compel Mosaic is granted in part and denied in part, as specified herein, as to requests for

production twenty-nine through thirty-two and as to interrogatory fourteen; the Motion to Compel Vivint is granted in part and denied in part, as specified herein, as to requests for production twenty-nine through thirty-two and as to interrogatories five and fourteen.

### G.  Net Worth

Plaintiff moves to compel Vivint to provide documents reflecting Vivint's financial records and current net worth.  (Dkt. 21 at 18.)  The parties have agreed to exchange this discovery after the Court rules on dispositive motions.  The Motion to Compel Vivint is denied without prejudice as to request for production thirty-three.

Accordingly, it is **ORDERED** that:

1.  Plaintiffs' Motion to Compel Complete Responses to Plaintiffs' Interrogatories and Requests for Production of Documents Directed to Defendant Solar Mosaic, Inc. (Dkt. 20) and Plaintiffs' Motion to Compel Complete Responses to Plaintiffs' Interrogatories and Requests for Production of Documents Directed to Defendants Vivint Solar, Inc. and Vivint Solar Developer, LLC (Dkt. 21) are **GRANTED IN PART** and **DENIED IN PART** to the extent specified herein; and

2.  Defendants shall produce the discovery compelled by this order on a rolling basis to conclude by August 6, 2019.

**DONE** and **ORDERED** in Tampa, Florida, on July 23, 2019.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record

- 5 -