**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | |
|---|---|
| ELIZABETH CARDONA and <br> JERARD BROWN, <br> Plaintiffs, <br><br> v. <br><br> VIVINT SOLAR, INC., <br> VIVINT SOLAR DEVELOPER, LLC, and <br> SOLAR MOSAIC, INC., <br> Defendants. | CASE NO.:   18-cv-02838-SCB-JSS |

## JOINT MOTION TO AMEND SCHEDULING ORDER

The Plaintiffs, ELIZABETH CARDONA and JERARD BROWN ("Plaintiffs"), and the Defendants VIVINT SOLAR, INC., VIVINT SOLAR DEVELOPER, LLC, and SOLAR MOSAIC, INC. ("Defendants") hereby jointly move the Court for an Order amending the Case Management and Scheduling Order entered on January 29, 2019 (ECF 19) to extend discovery for approximately forty-five (45) days. The current discovery cut-off is September 3, 2019. In support of their motion, the parties state as follows:

1. In the time since the initial Case Management and Scheduling Order was entered, the following discovery has been conducted: On January 25, 2019, Plaintiffs served Interrogatories and Requests for Production of Documents on the Defendants. Defendants served their responses to these discovery requests on March 1, 2019. Plaintiffs sent a discovery deficiency letter dated March 12, 2019. The parties met and conferred about the discovery deficiencies on April 4, 2019 and agreed to certain production subject to a confidentiality agreement. After exchange of drafts, a confidentiality agreement was ultimately executed on April 30, 2019. That day, Defendants made a supplemental production of documents. By letter dated May 16, 2019, Plaintiffs indicated the responses were still deficient. After another meet-and-confer on the topic,

Plaintiffs filed Motions to Compel Discovery (ECF 20, 21) against each Defendant on June 6, 2019. Defendants filed Responses (on extension) on July 1, 2019 (ECF 24, 25). The Court (Sneed, M.J.) heard oral argument on July 22, 2019, and issued an Order granting in part and denying in part the motions to compel on July 23, 2019 (ECF 34). The Court's discovery Order gives Defendants' until August 6, 2019 to make a supplemental production. Also on July 23, 2019, Plaintiffs took the depositions of Mitchell Coan and Ricardo Martins, the sales representatives at issue in this case.

2. Additional discovery is needed by Plaintiffs. This includes the depositions of Defendants' Rule 30(b)(6) witnesses. These depositions were noticed for July 25 and 26, 2019, however Plaintiffs agreed to adjourn those dates at Defendants' request for a mutually convenient time and place TBD. Immediately after the Martins and Coan depositions, Plaintiffs noticed the depositions of Vivint, Inc. (a home security company (different than the solar defendants here), Mr. Coan's former employer) and Briant Katilus (a Vivint Solar manager involved in reprimanding Mr. Martins per Vivint Solar's records; Mr. Martins denies he was ever reprimanded); subpoenas were promptly issued on July 24, and depositions are tentatively scheduled for August 14, 2019. Defendants' supplemental production (due August 6, 2019 by Order) may also trigger the need for follow-up discovery.

3. Additional discovery is needed by Defendants. The Defendants recently served written discovery requests upon the Plaintiffs on July 29, 2019. These would be returnable August 28, 2019. Defendants also wish to depose the Plaintiffs.

4. Lead counsel for Plaintiffs, Andrew M. Milz, will be out of the office for business purposes, attending the Trial Lawyers College in Dubois, WY from August 9-21, 2019, and unavailable for a large swath of the month of August. As such, Plaintiffs foresee the need for

additional time to answer Defendants' recently proffered discovery and to attend their depositions, which will not be able to be accomplished in August.

5. A mediation is scheduled for September 10, 2019 in Tampa in front of James Betts, Esq.

6. Due to the status of discovery, the motion practice, the recently conducted depositions, the additional depositions to come, Defendants' recently propounded discovery, and Plaintiffs' lead counsel's unavailability in August, the Parties foresee the need for additional time and respectfully request that the discovery dates in the current scheduling order (ECF 19) be modified by approximately 45 days. The Court's pre-trial and trial dates will not be altered.

7. As such, the Parties request an extension of the discovery and dispositive motion dates as follows:

| Action | Current Deadline | New Proposed Deadline |
|---|---|---|
| Plaintiffs' Expert Witness Disclosure | July 22, 2019 | July 22, 2019 (unchanged)[1] |
| Defendants' Expert Witness Disclosure | August 22, 2019 | August 22, 2019 (unchanged) |
| **Discovery Cutoff** | **September 3, 2019** | **October 18, 2019** |
| **Dispositive Motions** | **October 1, 2019** | **November 15, 2019** |
| Pre-Trial Conference | January 8, 2020 | January 8, 2020 (unchanged) |
| Trial Term | February 2020 | February 2020 (unchanged) |

**MEMORANDUM OF LAW**

Rule 6(b), Federal Rules of Civil Procedure, allows the Court, in its discretion, to increase the time for a required act to be accomplished for good cause made before the original time expired.

---

[1] Plaintiffs have already provided an interim expert report dated July 22, 2019, which they intend to supplement once sufficient discovery has been conducted in this case.

*Jozwiak v. Stryker Corp.*, 2012 U.S. Dist. LEXIS 17221 (M.D. Fla. 2010). The Parties request an extension of time in order to complete discovery. The Parties participated in two discovery meet and confers and Plaintiffs' filed a motion to compel discovery which resulted in an oral argument before this Court. Further responsive documents have yet to be produced by Defendants. Further depositions of the parties and other important witnesses need to be scheduled and taken. Defendants' recently propounded discovery, and counsel's unavailability in August, will require responses and Plaintiffs' depositions to occur, at the earliest, in September. Therefore, good cause exists to grant this motion.

Under the Federal Rules of Civil Procedure 6(b), the Court "for cause shown is given wide discretion to enlarge the time for doing an act required or allowed under the rules to be done within a specified time." *Woods v. Alleid Concord Financial Corp.*, 373 F.2d 733 (5th Cir. 1967). The Court has the inherent discretion to control its docket and to allow for the orderly proceeding of matters before it. *See Chrysler Int'l. Corp. v. Chemaly*, 280 F.3d 1358, 1360 (11th Cir. 2002) ("[W]e stress the broad discretion district courts have in managing their cases.").

Modification is proper under the good cause standard of Rule 6(b) when it can be shown that the schedule cannot be met despite the diligence of the party seeking the extension of time. *In re Estate of Washington*, 2011 U.S. Dist. LEXIS 75413 (M.D. Fla. 2011). Cases where good cause has not been found to exist and diligence has been found to be lacking are distinguishable from the circumstances attendant to the instant case, where, despite diligent discovery, the need for motion practice, and the need for further discovery make the previously established deadlines difficult to meet. *See S. Grouts & Mortars, Inc. v. 3M Co.*, 575 F.3d 1235, 1242 (11th Cir. 2009) (motion to extend time denied when filed five months after deadline had passed); *Smith v. Sch. Bd. of Orange County*, 487 F.3d 1361, 1367 (11th Cir. 2008) (motion to extend denied when filed one

year after deadline); *Romero v. Drummond Co.*, 552 F.3d 1303, 1318 (11th Cir. 2008) (motion to extend time denied when filed on "the eve of trial").

Furthermore, an extension of time is warranted under Rule 16(b)(4), Federal Rule of Civil Procedure. The instant Motion is being filed prior to the passing of the deadline with sufficient good cause. *Espinal v. Prof'l Recovery Servs.*, 2010 U.S. Dist. LEXIS 120621 (M.D. Fla. 2010). When the moving party for an extension of time establishes that scheduling deadlines could not be met despite diligent efforts, good cause is shown to exist. *Id*. As set forth above, that is the case here.

For the above reasons, the Parties request an extension of time to allow for discovery. This Motion is being made in good faith and not for the purposes of delay. Accordingly, good cause exists to grant this Motion.

WHEREFORE, the Parties respectfully submit this joint request that the Court enter an Order extending the pending deadlines in this case in accordance with the schedule set forth in Paragraph 7 above.

<u>CERTIFICATION OF COUNSEL</u>

Pursuant to Local Rule 3.01(g) counsel for Plaintiffs hereby certifies that he has conferred with counsel for each of the Defendants in good faith in an attempt to resolve the issues raised in this motion. The parties agree on the relief requested and this is a joint request.

**Respectfully submitted,**

| | |
|---|---|
| *Andrew M. Milz* | *Jenny N. Perkins* |
| ANDREW M. MILZ <br> FLITTER MILZ, P.C. <br> 450 N. Narberth Avenue, #101, <br> Narberth, Pennsylvania 19072 <br> Telephone: (610) 668-0018 <br> Fax: (610) 667-0552 <br> Primary Email: amilz@consumerslaw.com <br> Secondary Email: olorenzano@consumerslaw.com <br><br> *Attorney for Plaintiffs (admitted pro hac vice)* <br><br> CRAIG E. ROTHBURD, ESQ.-FBN: 0049182 <br> 320 W. Kennedy Blvd., #700 <br> Tampa, Florida 33606 <br> Telephone: (813) 251-8800 <br> Fax: (813) 251-5042 <br> Primary Email: crothburd@rothburdpa.com <br> Secondary Email: mropp@rothburdpa.com <br><br> *Attorney for the Plaintiffs* | Jenny N. Perkins, Esquire <br> Florida Bar No. 77570 <br> perkinsj@ballardspahr.com <br> 1735 Market Street, 51st Floor <br> Philadelphia, PA 19103 <br> Phone: (215) 864-8378 <br> Fax: (215) 864-8999 <br><br> Brian R. Cummings, Esquire <br> Greenspoon Marder LLP <br> Florida Bar No. 25854 <br> SunTrust Financial Centre <br> 401 E. Jackson St., Suite 1825 <br> Tampa, FL 33602 <br> Phone: (813) 769-7020 <br> Fax: (813) 426-8580 <br> Brian.Cummings@gmlaw.com <br><br> *Attorneys for Defendants* <br> *Vivint Solar, Inc., Vivint Solar Developer, LLC, and, Solar Mosaic, Inc.* |

Date: August 2, 2019

**CERTIFICATE OF SERVICE**

I hereby certify that on August 2, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served on the parties via email.

Date:  8/2/19                                                                        *Andrew M. Milz*
                                                                                              ANDREW M. MILZ