IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ELIZABETH CARDONA andCase No. 8:18-cv-2838- SCB-JSS
JERARD BROWN,

          Plaintiffs,

v.

VIVINT SOLAR, INC.,
VIVINT SOLAR DEVELOPER, LLC, and
SOLAR MOSAIC, INC.,

          Defendants.

## DECLARATION OF CHERI GROOM IN SUPPORT OF DEFENDANT SOLAR MOSAIC, INC.'S MOTION FOR SUMMARY JUDGMENT

Pursuant to 28 U.S.C. § 1746, I declare as follows:

1. My name is Cheri Groom, I am over the age of 18, and I am competent to make this Declaration, which is submitted in support of the Motion for Summary Judgment and Incorporated Memorandum of Law (the "Motion") filed in this action by defendant Solar Mosaic, Inc. ("Mosaic"). If called as a witness, I could and would testify competently to the matters set forth in this Declaration.

2. I am Senior Manager for Fraud, Compliance, and Complaints at Mosaic. I have held this position since December 2017. As it relates to this action, my job responsibilities include overseeing the Fraud, Compliance, and Complaints team, complaint reporting, and managing Mosaic's quality assurance program.

3. In my role as Senior Manager, I am familiar with Mosaic's record-keeping systems and practices, including (1) Mosaic's business procedures and policies for receiving credit applications and originating loans, and (2) the accounts referenced herein related to

1

plaintiffs Elizabeth Cardona and Jerard Brown. Mosaic regularly relies upon records of this type for their accuracy.

4.  As an authorized corporate representative, I can make this Declaration on behalf of Mosaic. This Declaration is based upon my personal knowledge of the facts stated herein and upon a review of Mosaic's records of regularly conducted activity relevant to the issues set forth in the Complaint, including Mosaic's policies, books, and records as they relate to Elizabeth Cardona and Jerard Brown. These books and records are kept in the regular course of business by Mosaic and are made at or near the time by, and from information transmitted by, persons with personal knowledge of the facts reflected in the books and records. It is the regular practice and custom of Mosaic to make, keep, and maintain these books and records as part of its business activity.

5.  The books and records I have examined relating to this matter are in the custody, supervision and control of Mosaic, and I am an authorized custodian for them. In my role as an employee of Mosaic, I have personal knowledge of Mosaic's policies and have reviewed those policies in making this declaration. The policies set forth who created the records referenced herein, when they were made, and that they are made and maintained in the ordinary course of business.

6.  Mosaic is a lending platform that specializes in financing the purchase and installation of residential solar energy systems and batteries.

7.  In the course of conducting its business, Mosaic partners with a variety of sales and installation companies, including but not limited to Vivint Solar, Inc., and Vivint Solar Developer LLC (collectively, "Vivint").

2

8. Mosaic does not directly solicit or interact with prospective customers; rather, customers typically apply for a loan through one of Mosaic's installation partners—a process over which Mosaic exercises little or no direct control.

9. Once the customer submits a loan application through the installation company, Mosaic's automated systems review the customer's data inputs, obtain a credit report, and then either approve or decline the loan application. This process is nearly instantaneous.

10. The consumer's solar equipment serves as collateral for the loan.

11. Neither Vivint nor its salespeople are authorized to act as agents for Mosaic. They have no authority to bind Mosaic to any contracts or to speak for it in any way.

12. Mosaic's electronic credit application provides a set of electronic data fields which a prospective borrower can populate. The fields seek information such as birth date and annual income.

13. Mosaic does not have a company representative, loan officer, or salesperson present when a would-be borrower fills out and submits his or her loan application; rather, the entire credit application takes places online.

14. Mosaic's records reflect that plaintiff Elizabeth Cardona applied for a Mosaic loan on January 23, 2017, using Mosaic's electronic credit application.

15. Consistent with Mosaic's standard practice, in the course of processing Cardona's application, Mosaic requested her credit report from one or more credit reporting agencies.

16. Mosaic's records reflect that Cardona's application was initially declined, but shortly thereafter it was re-reviewed and approved.

17. Mosaic's records reflect that plaintiff Jerard Brown applied for a Mosaic loan on September 26, 2017, using Mosaic's electronic credit application.

40615539 255059.000008

18. Consistent with Mosaic's standard practice, in the course of processing Brown's application, Mosaic requested his credit report from one or more credit reporting agencies.

19. Mosaic's records reflect that Brown's application was declined.

Under the laws of the United States of America and under penalty of perjury, I declare that the foregoing is true and correct.

Dated: November 15, 2019

SOLAR MOSAIC, INC.

By: Cheri Groom
Its: Senior Manager for Fraud, Compliance, & Complaints

4