**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

ELIZABETH CARDONA and
JERARD BROWN,
Plaintiffs,

v.

VIVINT SOLAR, INC.,
VIVINT SOLAR DEVELOPER, LLC, and
SOLAR MOSAIC, INC.,
Defendants.

Civil Action No. 8:18-cv-02838-SCB-JSS

**PLAINTIFFS' MOTION FOR RECONSIDERATION OF ORDER ON EXTENSION OF BRIEFING DEADLINES, OR IN THE ALTERNATIVE, MOTION FOR RELIEF UNDER RULE 56(d)**

Plaintiffs Elizabeth Cardona and Jerard Brown ("Plaintiffs"), through their undersigned counsel, pursuant to M.D. Fla. L.R. 3.01, hereby move for reconsideration of the Court's Endorsed Order dated November 25, 2019 granting an extension through December 6, 2019, yet denying the requested extension through December 20, 2019. (ECF 76). In support thereof, Plaintiffs state as follows:

1. Reconsideration is warranted for at least two reasons. First, the Order conflicts with Magistrate Judge Sneed's discovery Order of November 22, 2019 which required Defendants to produce discovery improperly withheld (in violation of the Court's earlier July 22, 2019 Order) by December 13, 2019 (after the instant briefing deadline). Second, additional time is required to obtain this compelled discovery in order to address the main arguments made by Defendants at summary judgment, Fed. R. Civ. P. 56(d).[1]

[1] Plaintiffs are not currently moving for additional time to respond to the Motion to Exclude the Expert Report

2. On November 15, 2019, Defendants filed Motions for Summary Judgment. (*See* ECF 67 and 70). Therein, the Defendants make the following primary arguments:

a. Plaintiffs gave consent to have their credit pulled. (See e.g. ECF 67: Cardona "expressly provid[ed] consent to have her credit run" (p. 4); Brown "hand signed the consent form" (p.7));

b. Defendants had a "reason to believe" they had consent for the credit pulls. (See e.g. ECF 70 at p. 12-13; ECF 67 at p. 11); [2]

c. Plaintiffs cannot prove the FCRA violations are willful because they cannot show that Defendants "engaged in a systematic practice of obtaining credit reports without permission in 2016 and 2017 in Florida." (ECF 67 at p. 17).

***The November 22, 2019 Order Compelling Discovery***

3. On November 22, 2019, Magistrate Judge Sneed issued a discovery Order (ECF 74) bearing on all the above inquiries fundamental to the summary judgment motions. (The discovery Order is attached hereto as Ex. "A"). The discovery Order was necessary because the Defendants were withholding key discovery bearing on each of these issues that the Court initially compelled by Order dated July 23, 2019, as further set forth in Plaintiff's Motion to Enforce Discovery Order and to Compel (ECF 40, ECF 58 (Reply)).[3] Magistrate Judge Sneed held that the Defendants were in incorrect in withholding this discovery and ordered that:

> Defendants should produce all documents in their possession and control relating to a complaint made in 2016 or 2017, either formally or informally, that Defendants violated the FCRA by obtaining a consumer credit report without authorization by

---

of Evan Hendricks (ECF 68, 69), which can be filed December 6, 2019.

[2] There is no "reason to believe" standard applicable to users of consumer reports, like the instant defendants. That is the standard for credit bureaus. Users must have a permissible purpose, not some "reasonable belief" that they have a permissible purpose. Interpreting the plain language of the FCRA otherwise, is, in the words of one court "nonsensical." *Blumenfeld v. Regions Bank*, No. 16-1652, 2018 WL 4216369, at *5 (N.D. Ala. Sept. 5, 2018). Nonetheless, Plaintiff is constrained to address facts bearing on Defendants' argument on this point.

[3] Plaintiffs' briefing lays out the record that Defendants were deliberately withholding relevant discovery. For instance, discovery revealed at least two other complaints of impermissible credit pulls against Mitchell Coan (who forged Jerard Brown's signature to obtain his credit report without consent), that manager Briant Katilus (who trained Florida representatives, including Ricardo Martins (who forged Elizabeth Cardona's name on a consent form) had several complaints of forgery and ethics violations against him), and that none of this was turned over to Plaintiffs. (ECF 40, 58).

> the consumer in Florida. Additionally, the Court agrees with Plaintiffs that Defendants should produce **all consumer complaints lodged against Mitchell Coan, Jacob Thebert, Ricardo Martins, and Briant Katilus, alleging "credit discrepancies" or forged signatures, without limitation.**
>
> Second, Plaintiffs argue that Defendants must disclose the identities of the relevant complainants. (Dkt. 58 at 3–6.) Although Defendants are correct that they are not required "to create documents that do not exist" (Dkt. 52 at 3), **the identity of these potential witnesses must be disclosed.** *See* Fed. R. Civ. P. 26(a)(1)(A)(i).

(ECF 74 at p. 3) (emphasis added).

4. Magistrate Judge Sneed held that "In accordance with this order, Defendants shall supplement their discovery responses and produce all necessary discovery by December 13, 2019."

5. This date falls *after* Plaintiffs are expected to submit opposition to summary judgment on December 6, 2019. (ECF 76).

6. Plaintiffs' response to the summary judgment motions should come after Defendants produce this discovery and disclose the names of other consumer victims. The magistrate judge has already ruled that this discovery was improperly withheld and should be produced. Plaintiffs' response date should be, at the earliest, December 20, 2019, once Plaintiffs have had the opportunity to evaluate the further discovery responses and obtain statements from these victims.

7. Magistrate Judge Sneed's Order also contemplates the need for reopening discovery on Solar Mosaic's last second argument that the Plaintiffs "provided the last four digits of their social security numbers to the Defendants prior to Mosaic making an inquiry on the Plaintiffs' credit reports." (ECF 74 at p. 4, denying extension on this ground without prejudice due to responses not yet being due). A recently disclosed affidavit from TransUnion demonstrates Mosaic did not submit the last four SSN when requesting Plaintiffs' credit reports. Plaintiffs expect an affidavit from Equifax in the next few days. Additionally, a subpoena to the last credit

bureau, Experian, is in front of the U.S. District Court for the Northern District of Texas. The reason this discovery is late in coming is because the Defendants opposed each of Plaintiffs' subpoenas, and productions were made only after the District Courts in E.D. Pennsylvania and N.D. Georgia ruled on Defendants' objections to the subpoenas and ordered production.[4] Plaintiffs are not asking for a wholesale extension of the discovery deadlines. The TransUnion documents have been turned over and the Equifax documents will be turned over before the December 20, 2019 date. We ask that once the N.D. Texas similarly rules on defendants' objections (if that is the case), that those documents can be used to supplement the summary judgment record.

8. At the time Plaintiffs' first moved for an extension, they did not have Magistrate Judge Sneed's discovery Order, and were only able to reference the (then) pending discovery dispute in a footnote to the Court among the other reasons for a discovery extension demonstrating good cause. (ECF 73 at p. 2).

***Rule 56(d) Contemplates the Need for Extension Here***

9. Pursuant to Rule 56(d), "if a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order."

10. The undersigned declares and certifies that the discovery compelled by Magistrate Judge Sneed is vitally important to Plaintiffs' case, and necessary to opposing summary judgment. First, Plaintiffs must show there was no consent for the credit pull (see ¶3(a) supra) – pitting them

---

[4] These courts did limit production of other complaints evidence to Florida in 2016 and 2017. In all other respects, however, the subpoenas were left intact and the credit bureaus only began production after the district courts ruled.

in a "he said, she said" dispute with Vivint's salesmen. Other complaints evidence – particularly directed at the salesmen and managers in this case, damage the salesmen's credibility and lend credence to the Plaintiffs. Second, other complaints about Vivint salesmen directly bear on whether the defendants had a "reason to believe" the credit pull was initiated by the consumer (see ¶3(b)); i.e., if there were prior complaints that belief may not be reasonable, a jury question. Finally, Plaintiffs must establish negligence or willfulness as an element of their claims. 15 U.S.C. §1681n, o. Defendants' notice of a systemic problem of pulling credit reports without consent, and what (if anything) they did about it goes directly to those willfulness and negligence elements.

11. Defendants are using their stalling and discovery violations (requiring two motions – one to compel and one to enforce, both granted in large part, as set forth above) as a sword at summary judgment, and this should not be permitted.

12. Defendants' briefing exemplifies this. Their main arguments – that there was consent, or they had a "reason to believe" there was consent, and that there was no willful violation – all attack Plaintiffs' alleged dearth of evidence of a pattern and practice. To wit, Vivint Solar argues: "Plaintiffs have not and cannot show, within the parameters already established by the Court, that Vivint Solar was engaged in a systematic practice of obtaining credit reports without permission in 2016 and 2017 in Florida." (ECF 67). **But, as discussed above, the Defendants have not produced that very evidence as Ordered by the Court and have been actively obstructing the search for that same evidence.**

13. Defendants have stalled, withheld probative evidence, and have been ordered (again) to produce it. Now they are trying rush to summary judgment with an incomplete record knowing further evidence has been ordered to be produced after Plaintiffs' responsive deadline.

14. For the reasons set forth above, this Court should grant the relief of a brief extension

to accommodate the necessary discovery already compelled.

**MEMORANDUM OF LAW**

***Reconsideration***

There are three major grounds which justify reconsideration of an order: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." *McGuire v. The Ryland Grp.*, 497 F.Supp.2d 1356, 1358 (M.D. Fla. 2007). Each basis applies here.

First, Magistrate Judge Sneed's Order was not available at the time the extension was first requested, and, as the law of the case relating to Defendants' discovery obligations, it should be given effect. Second, new evidence will surely become available on December 13, 2019, when Defendants, as ordered, must disclose the identities, names and addresses of other complainants who we already know exist. At the very least, two other Floridians have complained about impermissible credit pulls by Mitchell Coan, and there were more complaints than that against the manager, Katilus, all of which are relevant, probative and necessary to the case. Finally, it would be manifest injustice for Defendants to benefit from their discovery obstruction – withholding evidence and forcing Plaintiffs and the Court to twice move on it, and then hold the absence of this evidence against Plaintiffs at summary judgment.

There is good cause for reconsideration and good cause for an extension.

***Extension***

Rule 6(b), Federal Rules of Civil Procedure, allows the Court, in its discretion, to increase the time for a required act to be accomplished for good cause made before the original time expired. *Jozwiak v. Stryker Corp.*, 2012 U.S. Dist. LEXIS 17221 (M.D. Fla. 2010). Under the Federal Rules of Civil Procedure 6(b), the Court "for cause shown is given wide discretion to enlarge the

time for doing an act required or allowed under the rules to be done within a specified time." *Woods v. Alleid Concord Financial Corp.*, 373 F.2d 733 (5th Cir. 1967). The Court has the inherent discretion to control its docket and to allow for the orderly proceeding of matters before it. *See Chrysler Int'l. Corp. v. Chemaly*, 280 F.3d 1358, 1360 (11th Cir. 2002) ("[W]e stress the broad discretion district courts have in managing their cases.").

Modification is proper under the good cause standard of Rule 6(b) when it can be shown that the schedule cannot be met despite the diligence of the party seeking the extension of time. *In re Estate of Washington*, 2011 U.S. Dist. LEXIS 75413 (M.D. Fla. 2011). Cases where good cause has not been found to exist and diligence has been found to be lacking are distinguishable from the circumstances attendant to the instant case, where, despite diligent efforts, the need for motion practice, and the need for further discovery make the previously established deadlines difficult to meet. *See S. Grouts & Mortars, Inc. v. 3M Co.*, 575 F.3d 1235, 1242 (11th Cir. 2009) (motion to extend time denied when filed five months after deadline had passed); *Smith v. Sch. Bd. of Orange County*, 487 F.3d 1361, 1367 (11th Cir. 2008) (motion to extend denied when filed one year after deadline); *Romero v. Drummond Co.*, 552 F.3d 1303, 1318 (11th Cir. 2008) (motion to extend time denied when filed on "the eve of trial").

Furthermore, an extension of time is warranted under Rule 16(b)(4), Federal Rule of Civil Procedure. The instant Motion is being filed prior to the passing of the December 6, 2019 deadline with sufficient good cause. *Espinal v. Prof'l Recovery Servs.*, 2010 U.S. Dist. LEXIS 120621 (M.D. Fla. 2010). When the moving party for an extension of time establishes that scheduling deadlines could not be met despite diligent efforts, good cause is shown to exist. *Id*. As set forth above, that is the case here.

For the above reasons, the Plaintiffs request an extension of time to oppose the Defendants' motions for summary judgment. This Motion is being made in good faith and not for the purposes of delay. Accordingly, good cause exists to reconsider and grant the Motion for extension until December 20, 2019.

**CERTIFICATION OF COUNSEL**

Pursuant to Local Rule 3.01(g) counsel for Plaintiffs hereby certifies that he has conferred with counsel for each of the Defendants in good faith in an attempt to resolve the motion for extension. I emailed and had a phone conversation with counsel for Solar Mosaic, Kalama Lui-Kwan, who represented he had conferred with the Vivint co-defendants, who all took the position that they could only agree to a brief extension until December 6. I spoke with Mr. Lui-Kwan again today, December 3, 2019, at which point he stated that Defendants would oppose this motion for reconsideration. As set forth above, Plaintiffs require additional time, and there is good cause for the extension through December 20, 2019.

Furthermore, I declare and certify pursuant to Fed. R. Civ. P. 56(d) that the discovery compelled by Magistrate Judge Sneed is vitally important to Plaintiffs' case, and necessary to opposing summary judgment. As explained above, Plaintiffs must show there was no consent (see ¶3(a) supra). Other complaints evidence – particularly directed at the salesmen and managers in this case, damage the Vivint salesmen's credibility and lend credence to the Plaintiffs. Next, other complaints about Vivint salesmen directly bear on whether the defendants had a "reason to believe" the credit pull was initiated by the consumer (see ¶3(b)); i.e., if there were prior complaints that belief may not be reasonable, a jury question. Finally, Plaintiffs must establish negligence or willfulness as an element of their claims. 15 U.S.C. §1681n, o. Defendants' notice of a systemic problem of pulling credit reports without consent, and what (if anything) they did

about it goes directly to those willfulness and negligence elements.

Dated: December 3, 2019

*/s/ Andrew M. Milz*
ANDREW M. MILZ
*Admitted pro hac vice*

**WHEREFORE**, Plaintiffs respectfully request that this Court reconsider its earlier Endorsed Order (ECF 76) and enter an Order granting Plaintiffs an Extension of Time to Respond to the Motions for Summary Judgment through and including December 20, 2019.

Respectfully submitted,

Dated: December 3, 2019

*/s/ Andrew M. Milz*
ANDREW M. MILZ
*Admitted pro hac vice*

FLITTER MILZ, P.C.
450 N. Narberth Avenue, Suite 101
Narberth, PA 19072
(610) 822-0782 (ph)
(610) 667-0552 (fax)
amilz@consumerslaw.com
olorenzano@consumerslaw.com

CRAIG E. ROTHBURD
FBN: 0049182
320 W. Kennedy Blvd., #700
Tampa, Florida 33606
(813) 251-8800 (ph)
(813) 251-5042 (fax)
crothburd@e-rlaw.com
mropp@e-rlaw.com

**ATTORNEYS FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 3 day of December, 2019, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system upon all parties of record.

Dated: December 3, 2019

*/s/ Andrew M. Milz*
ANDREW M. MILZ

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

ELIZABETH CARDONA and
JERARD BROWN,

Plaintiffs,

v.

VIVINT SOLAR, INC.,
VIVINT SOLAR DEVELOPER, LLC, and
SOLAR MOSAIC, INC.,

Defendants.

Civil Action No. 8:18-cv-02838-SCB-JSS

**ORDER**

**THIS CAUSE** having come before the Court on Plaintiffs' Motion for Reconsideration of the Court's Endorsed Order Granting in Part and Denying in Part an Extension of Time to Respond to Defendants' Motions for Summary Judgment, and any opposition thereto, and otherwise being duly advised in the premises, it is hereby:

**ORDERED AND ADJUDGED:**

1. The Motion for Reconsideration is is Granted.
2. Plaintiffs shall file their responses to Defendants' Motions for Summary Judgment by December 20, 2019.

**DONE AND ORDERED** in Chambers in Tampa, Florida this_____day of _______, 2019.

____________________________
, J.