**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

JERARD BROWN and
ELIZABETH CARDONA,

    Plaintiffs,

v.	Case No. 8:18-cv-2838-T-24
JSS

VIVINT SOLAR, INC., ET AL.,

    Defendants.
_____/

## ORDER

    This cause comes before the Court on Plaintiffs' Motion to Reopen Discovery. (Doc. No. 88, 93). Defendants oppose the motion. (Doc. No. 94, 95). As explained below, the motion is granted in part.

**I. Background**

    Plaintiffs brought this lawsuit alleging violations of the Fair Credit Reporting Act ("FCRA") by Defendants. Defendant Vivant Solar, Inc. is the parent corporation of Defendant Vivant Solar Developer, LLC (collectively referred to as "Vivant"), and they sell solar panels. Defendant Solar Mosaic, Inc. ("Mosaic") is a financing company that finances solar energy systems. Plaintiffs appear to contend that all three defendants acted together through Vivint's door-to-door salesmen to obtain Plaintiffs' credit reports under false pretenses and without any permissible purpose or authorization.

    Defendants filed motions for summary judgment, and Plaintiffs' responses were initially due on November 29, 2019. Prior to the response deadline, Plaintiffs requested an extension to file their responses. The Court granted a limited extension through December 6, 2019. Thereafter, on November 22, 2019, the magistrate judge granted in part Plaintiffs' motion to

compel certain discovery. Specifically, the magistrate judge directed Defendants to turn over the following documents by December 13, 2019:

> Defendants should produce all documents in their possession and control relating to a complaint made in 2016 or 2017, either formally or informally, that Defendants violated the FCRA by obtaining a consumer credit report without authorization by the consumer in Florida. Additionally, . . . Defendants should produce all consumer complaints lodged against Mitchell Coan, Jacob Thebert, Ricardo Martins, and Briant Katilus, alleging "credit discrepancies" or forged signatures, without limitation. . . . Plaintiffs argue that Defendants must disclose the identities of the relevant complainants. . . . [T]he identity of these potential witnesses must be disclosed.

(Doc. No. 74, p. 3).

After the magistrate judge issued her order, Plaintiffs requested additional time to respond to the motions for summary judgment after Defendants produced the compelled discovery. The Court granted another extension and extended Plaintiffs' response deadline to December 20, 2019.

## II. Motion to Reopen Discovery

On December 17, 2019, after Defendants produced the compelled discovery, Plaintiffs filed the instant motion, in which they ask the Court to reopen discovery through January 31, 2020 and deny Defendants' pending summary judgment motions without prejudice. Specifically, Plaintiffs state the following:

> Defendants collectively produced over 430 new documents . . . and over eight (8) hours of phone call recordings, representing what appears to be hundreds of consumer complaints of impermissible credit pulls by Solar Mosaic and Vivint in Florida—complaints Defendants have heretofore said did not exist and failed to produce. Many of these complaints have been redacted without explanation, and identifying information on victims masked in violation of the Court's November 22, 2019 Order (ECF 74). The recordings are not dated or otherwise identifiable. Further, a cursory initial review of

> this evidence reveals that discovery from material witnesses will be necessary, including at least one Solar Mosaic witness who apparently admitted the existence of a known problem with Vivint's sales agents in a recorded call. Given the limited time frame to file an opposition to Defendants' motions for summary judgment, Plaintiffs need additional time to review, catalogue and authenticate this evidence, and to identify additional witnesses, for the purposes of responding to Defendants' motions. Documents and call recordings must be dated and otherwise authenticated. Material witnesses must be interviewed and/or deposed. If Defendants fail to rectify their deficiencies, a third motion to compel may be necessary. Case law is abundantly clear that summary judgment may only be considered upon an adequate record . . . .

(Doc. No. 88, p. 2). Plaintiffs argue that this newly produced evidence goes directly to issues raised in the pending summary judgment motions; specifically: (1) whether Defendants engaged in a pattern and practice of willfully violating the FCRA; and (2) whether Defendants had a reasonable belief that they were obtaining Plaintiffs' credit reports for a permissible purpose.[1]

Upon review of the summary judgment motions in this case, the instant motion to reopen discovery, and Defendants' opposition thereto, the Court agrees with Plaintiffs that the discovery period should be reopened through January 31, 2020. Defendants may withdraw their pending summary judgment motions and file new ones if they choose; such new motions for summary judgment must be filed by February 4, 2020. Plaintiffs' response to Defendants' summary judgment motions must be filed by February 18, 2020. If Plaintiffs determine that they need to

---

[1] Specifically, Plaintiffs argue the following: "Plaintiffs have already identified a call recording where a Mosaic representative acknowledges or admits the existence of a problem in Florida involving Vivint's sales agents wrongfully pulling credit reports. This is significant because Defendants have argued in their summary judgment motions that they need only have a "reasonable belief" that they pulled Plaintiffs' credit reports for a permissible purpose. . . . If Defendants knew there was a serious problem involving Vivint sales agents impermissibly pulling credit reports, then the "reasonableness" of their belief is undermined, and at some point Defendants' blind reliance on Vivint sales agents to follow the law is no longer reasonable." (Doc. No. 88, p. 8-9).

file another motion to compel, they should do so expeditiously given the short extension to the discovery deadline. The Court will also move the pretrial conference to May 5, 2020 and the trial to June 2020.

### III. Conclusion

Accordingly, it is ORDERED AND ADJUDGED that Plaintiffs' motion to reopen discovery is **GRANTED** to the extent set forth in this order. The Court will issue an amended scheduling order.

DONE AND ORDERED at Tampa, Florida, this 20th day of December, 2019.

SUSAN C. BUCKLEW
United States District Judge

Copies to: Counsel of Record