**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

---

**ELIZABETH CARDONA and**
**JERARD BROWN,**

                **Plaintiffs,**

**v.**                                  **Case No. 8:18-cv-2838-SCB-JSS**

**VIVINT SOLAR, INC., VIVINT**
**SOLAR DEVELOPER, LLC, and**
**SOLAR MOSAIC, INC.,**

                **Defendants.**

---

**DEFENDANT SOLAR MOSAIC, INC.'S**
**MOTION TO MAINTAIN CONFIDENTIALITY DESIGNATIONS OF CERTAIN**
**DOCUMENTS & RECORDINGS PRODUCED IN DISCOVERY**

COMES NOW defendant Solar Mosaic, Inc., ("Mosaic") by counsel, and files this motion to maintain the confidentiality designations of certain documents and recordings that it produced in discovery in the above-referenced case, to which plaintiffs have objected. This motion is filed pursuant to paragraph 14 of the parties' confidentiality agreement. A memorandum of law, affidavit, proposed order, and Local Rule 3.01(g) certification is filed herewith.

**MEMORANDUM OF LAW**

The Court should grant Mosaic's motion to maintain the confidentiality designations of certain documents and recordings that it produced in discovery in the above-referenced case, to which plaintiffs have objected. Mosaic has voluntarily withdrawn the majority of its confidentiality designations on evidence that it has produced and seeks only to keep the following items from the public record (without restricting plaintiffs' or the Court's access):

(1) oral and written communications between Mosaic and non-party individual consumers in the form of call recordings and emails, *see* Fed. R. Civ. P. 5.2 cmt.; and (2) written communications between Mosaic employees about how to address these third-party consumer complaints, which represents sensitive "commercial information," in accordance with Fed. R. Civ. P. 26(c)(1)(G).

### A. The Parties' Confidentiality Agreement

In April 2019, the parties entered into a confidentiality agreement in connection with this matter. See Exh. A to Affidavit of Elizabeth Holt Andrews ("Andrews Decl."), filed concurrently herewith.

The agreement defined confidential information as "information that counsel of record for the designating party, third party, or non-party in good faith has determined implicates common law and statutory privacy interests of confidential information, and may include, by way of example: sensitive personal information, sensitive and personal financial information, non-public confidential proprietary data, non-public confidential proprietary business information; and non-public confidential research, development, personnel, or commercial information." *Id.* ¶ 4.

The agreement further provided that "[a] party may object to the designation of particular 'Confidential' information by giving written notice to the party designating the disputed information. . . . If the parties cannot resolve the objection within fourteen (14) days after the time the notice is received, it shall be the obligation of the party designating the information as 'Confidential' to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Agreement." *Id.* ¶ 14.

2

The agreement also noted that "[i]n connection with a motion filed under this provision, the party designating the information as 'Confidential' shall bear the burden of establishing that *good cause* exists for the disputed information to be treated as such." *Id.* (emphasis added). On a similar note, the paragraph defining "Confidential" noted that "[i]nformation shall be designated as 'Confidential' only upon the *good faith belief* that the information falls within the scope of confidential information under the Federal Rules of Civil Procedure and the precedents thereto." *Id.* ¶ 4 (emphasis added).

**B. The Current Dispute Over Mosaic's Confidentiality Designations**

In response to discovery requests from plaintiffs Elizabeth Cardona and Jerard Brown, and pursuant to orders of this Court, Mosaic produced a series of call recordings between Mosaic customer service representatives and various consumers. Andrews Decl. ¶ 4. Of the approximately 130 recordings produced, one was a call with Cardona, two were calls with Brown, and the remainder were calls from around 45 other individuals—all of whom were third party consumers. *Id.* ¶ 5. Mosaic also produced about 400 pages of documents in the form of customer service tickets, e-mails with and about the relevant consumers, and similar documentation associated with the call recordings. *Id.* ¶ 6. In the production process, Mosaic designated both the call recordings and their accompanying documentation as Confidential pursuant to the parties' confidentiality agreement. *Id.* ¶ 7.

On January 21, 2020, plaintiffs' counsel emailed Mosaic's counsel a formal objection to Mosaic's confidentiality designations. *Id.* ¶ 2; Exh. B to Andrews Decl. at 4–5. The blanket objection covered all 130-odd call recordings and all 400 pages of the documents produced by Mosaic. Exh. B to Andrews Decl. at 4–5.

On January 31, 2020, undersigned counsel responded to the objection notice with an offer of compromise. *Id.* at 3–4. Specifically, Mosaic offered to de-designate (1) three call recordings with Cardona and Brown, (2) any documents in the accompanying production pertaining to Cardona and Brown, and (3) any communications in the 400-page document production between Mosaic and another business entity, such as a credit reporting agency like Equifax or an installation partner like Mosaic's co-defendants, Vivint Solar, Inc., or Vivint Solar Developer, LLC. *Id.* at 3.

Only a handful of call recordings and documents fell into the first two categories, but about 250 pages—more than half of the documents in the original production—fell into the third category. Andrews Decl. ¶ 8. Mosaic asked only that call recordings with non-party individual consumers, Mosaic's written interactions with those consumers, and internal written communications between Mosaic employees retain their confidentiality designations. Exh. B to Andrews Decl. at 3–4.

Making good on its offer, Mosaic included with its email a set of documents with the selected confidentiality designations removed, in line with Mosaic's proposal. *Id.*

Plaintiffs did not directly respond to this offer of compromise. They replied to Mosaic's email on February 3, 2020, but the reply discussed other discovery disputes and did not mention the confidentiality designations. *Id.* at 2.

On February 4, 2020—Mosaic's deadline to file a motion to maintain the confidentiality designations pursuant to paragraph 14 of the parties' agreement—counsel for Mosaic responded to the email string and asked: "Please advise whether the compromise we offered on January 31 is acceptable in terms of Mosaic's confidentiality designations." *Id.* at 1. Plaintiffs still did not respond. A few hours later, Mosaic's counsel inquired again, replying

to the email string: "Since you have not responded to either our offer of compromise on Friday nor our follow-up today, we will file a motion this evening to protect our client's confidentiality designations unless we hear otherwise from you within the next hour." *Id.* Plaintiffs still did not respond. Andrews Decl. ¶ 9. Mosaic therefore filed this motion.

Mosaic remains comfortable with the compromise position it offered plaintiffs. In this motion, it asks only that the Court allow it to maintain the confidentiality designation with respect to two categories of documents: (1) sensitive communications with third-party consumers (including call recordings and documents associated with those call recordings), which relate to the consumers' private financial concerns, and (2) internal communications among Mosaic employees that reveal corporate practices and processes for the appropriate, prompt, and respectful handling of complaints by consumers who are disgruntled and occasionally upset.[1]

To be clear, plaintiffs already have full access to the documents bearing the confidentiality designation, as will this Court in the event a party wishes to use any of the disputed evidence. The instant motion is addressed only to the question whether the disputed evidence deserves to be filed under seal or openly in the public record.

## C. The Court Should Maintain Mosaic's Remaining Confidentiality Designations

The Court should allow Mosaic to maintain the confidentiality designations for the items listed in footnote 1 above—namely, (1) communications with third-party consumers and

---

[1] Specifically, Mosaic asks the Court to maintain the confidentiality designation of 124 call recordings, which bear the following Bates stamps: Solar Mosaic_Cardona-Brown 000181–196, 198–304, and 306–307. Mosaic also asks the Court to maintain the confidentiality designation of 135 pages of documents, which bear the following Bates stamps: Solar Mosaic_Cardona-Brown 000313–320, 354–358, 368–373, 375–377, 380–381, 385, 389–391, 394–398, 403–405, 410–411, 414–415, 418–419, 427, 434–436, 444–445, 450, 460–462, 465–467, 480–486, 494–496, 506–508, 530–532, 551–553, 557, 566, 570–573, 576, 591–599, 603–609, 611, 613–625, 633–635, 638, 643, 648, 652–653, 656, 659–663, 667–669, 674, 676, 680, 685, 687, and 696.

(2) internal Mosaic communications discussing how to address those consumers' complaints. To repeat, Mosaic is not seeking to withhold this information from either plaintiffs or the Court, but only to keep it out of the public record (including most notably the internet).

### 1. Federal Rules of Civil Procedure

First and foremost, the protection of these two categories of information from disclosure in the public record comports with the general spirit of the Federal Rules of Civil Procedure.

To take an example relevant to the first category, the commentary to Federal Rule of Civil Procedure 5.2 advises somewhat poignantly: "Parties must remember that any personal information not otherwise protected by sealing or redaction will be made available over the internet. Counsel should notify clients of this fact so that an informed decision may be made on what information is to be included in a document filed with the court." In this instance, the innocent third-party consumers in Mosaic's call recordings have nothing to do with this lawsuit and will have no opportunity to make an "informed decision" as to whether their emails and recordings of their voices—discussing their sensitive personal financial circumstances—will be a matter of public record, available on the internet forever. The maintenance of Mosaic's confidentiality designations is absolutely essential to the protection of these third-party consumers' interests, in accordance with Rule 5.2.

To take an example relevant to the second category, Federal Rule of Civil Procedure 26(c)(1)(G) specifically allows parties to seek protective orders "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Mosaic's internal processes for handling customer complaints, its various departments and how they interact with one another, and the types of

6

customer support solutions it offers, are crucial components of Mosaic's business ventures and thus fall easily within the concept of "commercial information" discussed by subsection (G). Such information, if made available to Mosaic's competitors, for example, could place them at an unfair advantage and give them an edge in a crowded marketplace. The maintenance of Mosaic's confidentiality designations with respect to these internal communications is therefore of vital importance.

### 2. The Confidentiality Agreement

Ordinarily, federal district courts in Florida will enforce the provisions of the parties' confidentiality agreement (to the extent consistent with federal law) in determining whether a given confidentiality designation is appropriate. *E.g. Procaps S.A. v. Patheon Inc.*, No. 12–24356-CIV-GOODMAN, 2015 WL 4430955, at *6–7 (S.D. Fla. July 20, 2015) (engaging in extensive discussion of the parties' confidentiality agreement and requested confidentiality designations, and commenting that a good faith requirement is both implicit and, often, explicit in such determinations).

Here, the two categories of information for which Mosaic requests that its confidentiality designations be maintained fall squarely within the agreement's definition, and indeed, its list of examples. The first category—communications with third party consumers—contains both "sensitive personal information, [and] sensitive and personal financial information." Exh. A to Andrews Decl. ¶ 4. The second category—Mosaic's internal business communications—constitutes "non-public confidential . . . personnel[ ] or commercial information." *Id.* Mosaic designated them as confidential in good faith, and good cause exists to keep these categories of information out of the public record while allowing reasonable access to them by the Court and parties to the litigation.

## D. Conclusion

As Mosaic's confidentiality designations fall within the spirit and letter of the Federal Rules of Civil Procedure as well as within the parties' own confidentiality agreement, the Court should permit the designations to be maintained. Mosaic stands ready to file copies of the challenged documents and call recordings provisionally under seal with the Court, to the extent it would assist the Court in evaluating whether the evidence warrants the confidentiality designation.

## LOCAL RULE 3.01(g) CERTIFICATION

Pursuant to Local Rule 3.01(g), as described in greater detail in the accompanying declaration of Elizabeth Holt Andrews, Mosaic's counsel first attempted to confer via email with plaintiffs' counsel in a good-faith effort to resolve the issues raised by this motion and offered a reasonable compromise several days in advance of the motion deadline. Plaintiffs' counsel ignored three e-mails from undersigned counsel on the subject. Andrews Decl. ¶ 9 & Exh. B. This Court then denied Mosaic's motion without prejudice on February 6, 2020, to allow for telephonic meet-and-confer. ECF 119.

Mosaic's counsel telephoned plaintiffs' counsel on February 7, 2020. Present on the call were Mr. Milz and Mr. Lopez-Jacobs for plaintiffs and Mr. Lui-Kwan and Ms. Andrews for Mosaic. Andrews Decl. ¶ 10.

The meet-and-confer did not go well. Within the first five or ten minutes, in the presence of the other two attorneys, plaintiffs' counsel Mr. Milz raised his voice and accused Mosaic's counsel Ms. Andrews of "getting emotional" after she calmly—and without raising her own voice—declined to concede her client's position as to the sensitive nature of the commercial information at issue on this motion. *Id.* ¶ 11. When Ms. Andrews and Mr. Lui-

Kwan both objected to the blatant sexism of this characterization, Mr. Milz responded that he was "sorry if you were offended" and, after further conversation, conceded it was a "poor choice of words" and eventually apologized. *Id.* ¶ 12, 13. When Ms. Andrews responded by suggesting that his future behavior would attest to the sincerity of his regret, Mr. Milz complained that she was being "unfair." *Id.* ¶ 14. At this juncture, the meet-and-confer concluded without any resolution of the parties' differences. *Id.* ¶ 15.

Respectfully submitted this 10th day of February 2020.

By: */s/ Elizabeth Holt Andrews*

Kalama M. Lui-Kwan
Admitted *Pro Hac Vice*
Elizabeth Holt Andrews
Admitted *Pro Hac Vice*
TROUTMAN SANDERS LLP
3 Embarcadero Center, Suite 800
San Francisco, CA 94111-4064
Telephone: (415) 477-5758
kalama.lui-kwan@troutman.com
elizabeth.andrews@troutman.com

Alice M. Grabe, Esq.
Admitted *Pro Hac Vice*
Gillian Williston
Florida Bar No. 14270
TROUTMAN SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, VA 23462
Telephone: (757) 687-7589
Facsimile: (757) 687-7510
alice.grabe@troutman.com
gillian.williston@troutman.com

*Counsel for Solar Mosaic, Inc.*