UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| ELIZABETH CARDONA and JERARD BROWN, <br><br> Plaintiffs, <br><br> v. <br><br> VIVINT SOLAR, INC., VIVINT SOLAR DEVELOPER, LLC, and SOLAR MOSAIC, INC., <br> Defendants. | : <br> : <br> : <br> : <br> :     CASE NO.:    18-cv-02838-SCB-JSS <br> : <br> : <br> : <br> : <br> : |

**PLAINTIFFS' MOTION *IN LIMINE* TO EXCLUDE
SOLAR MOSAIC'S PURPORTED SUMMARY OF CREDIT APPLICATION DATA**

**Solar Mosaic, Inc.'s Newly Disclosed Spreadsheet**

On March 2, 2020, after discovery closed in this case, Defendant Solar Mosaic produced a previously undisclosed document bate labeled Solar Mosaic_Cardona-Brown 00924-01115. The document is a spreadsheet of 11,088 line items. Solar Mosaic represents the document as being a "subset of data" from a database culled by writing a command for "all credit applications submitted to Mosaic by Vivint representatives from consumers in the state of Florida from January 1, 2016 to December 31, 2017." The Vivint Credit Application Data contained the following categories of information: (1) "opportunity_id,"; (2) "date_opportunity created"; (3) "date_credit_app; (4) "contractor_name"; (5) "state"; (6) "decision_id"; and (7) "date_credit_decision."

Plaintiffs anticipate that the Defendants may attempt to introduce this spreadsheet at trial to argue *inter alia* that only a small subset of these credit applications were made by fraud, and that the majority were *bona fide*. While Plaintiffs maintain that even a small percentage of forgery and fraud is unacceptable, defendants may not use this document unless Solar Mosaic conforms to Fed. R. Ev. 1006 and establishes that the summary is compete and the underlying data is itself

admissible. Absent these showings, and for other reasons discussed *infra*, the spreadsheet is inadmissible.

## **Inadmissible Summaries Barred by Fed. R. Ev. 1006**

First, under Fed. R. Ev. 1006, the summary of credit application data found in Solar Mosaic_Cardona-Brown 00924-01115 is inadmissible, unless Solar Mosaic produces the underlying data for inspection. Rule 1006 states:

> The proponent may use a summary, chart, or calculation to prove the content of voluminous writings, recordings, or photographs that cannot be conveniently examined in court. The proponent must make the originals or duplicates available for examination or copying, or both, by other parties at a reasonable time and place. And the court may order the proponent to produce them in court.

Rule 1006 is designed to allow courts to admit summaries of "voluminous recordings which cannot conveniently be examined in court.... where, in the court's discretion, it would be inconvenient or unnecessarily time-consuming to" go over each piece of evidence individually. *United States v. Francis*, 131 F.3d 1452, 1457 (11th Cir. 1997).

Second, while under Rule 1006 voluminous records need not be introduced at trial, those records underlying a summary thereof must be admissible and not hearsay. As set forth by the Court of Appeals for the Eleventh Circuit:

> The materials or documents on which a Rule 1006 exhibit is based must be made available for "examination or copying ... by other parties at [a] reasonable time and place," but need not be admitted into evidence. If they are not introduced, however, those materials or documents must be admissible under the Federal Rules of Evidence. In other words, Rule 1006 is not a back-door vehicle for the introduction of evidence which is otherwise inadmissible. *See generally* J. McLaughlin, J. Weinstein, & M. Berger, 6 Weinstein's Federal Evidence § 1006.03[3] (2d ed. 2004) ("Charts, summaries, and calculations are only admissible when based on original or duplicate materials that are themselves admissible evidence."); C.A. Wright & V.J. Gold, 31 Federal Practice and Procedure § 8043, at 527 (2000) ("Rule 1006 evidence may also be excluded where the source materials are inadmissible hearsay or even where just some parts of those materials are inadmissible hearsay.").

*Peat, Inc. v. Vanguard Research, Inc.*, 378 F.3d 1154, 1160 (11th Cir. 2004); *Noureddine v. Aronsky*, 07-60102, 2008 WL 11399626, at *2 (S.D. Fla. Jan. 29, 2008) (citing *United States v. Smyth*, 556 F.2d 1179, 1184 (5th Cir. 1977)) ("[by] requiring that the underlying documents be made available to opposing counsel, the rule encourages counsel to eliminate objectionable matter and to stipulate to the form of the summary").

On March 12, 2020, shortly after receipt of Solar Mosaic's belatedly produced spreadsheet, Plaintiffs served a Rule 34 Notice of Inspection of the originals or duplicates of the writings and recordings underlying the spreadsheet, per Fed. R. Ev. 1006.  Plaintiffs also served a Rule 30(b)(1) Notice of Deposition of a Solar Mosaic representative to testify to the underlying documents.  To date, no inspection or deposition has occurred.

The parties are currently meeting and conferring about Solar Mosaic's ability to "make the originals or duplicates available for examination or copying, or both, by other parties at a reasonable time and place." Fed. R. Ev. 1006; *Peat, Inc.*, 378 F.3d at 1160.  If, at the time of trial, Solar Mosaic cannot meet their evidentiary burden under Rule 1006, or demonstrate that the underlying writings are not hearsay, Solar Mosaic_Cardona-Brown 00924-01115 should be excluded and inadmissible at trial.

### Additional Bases for Exclusion

Without proper inspection and discovery, Solar Mosaic's new spreadsheet is inadmissible under Fed. R. Civ. P. 37(c)(1) ("If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."); *Perdum v. Wells Fargo Bank, N.A.*, No. 17-972, 2020 WL 1467252, at *3 (N.D. Ga.

Jan. 6, 2020) ("The lack of opportunity to conduct discovery as to the documents at issue … is prejudicial").

Further, Solar Mosaic has refused to allow discovery into the credit applications submitted to Solar Mosaic by other solar panel installers during the same time period, which would help put this newly disclosed data in context. Such discovery may show that Vivint's inquiry-to-installation rate was far lower than other solar panel installers during the same time period, suggesting that the impermissible inquiry problem was unique to Vivint. Allowing Solar Mosaic to use its hand-picked inquiry data while depriving Plaintiffs of their ability to obtain impeachment evidence that could extinguish the probative weight of Mosaic's selected inquiry data would be unfairly prejudicial and misleading to the jury under Fed. R. Ev. 403.

## LOCAL RULE 3.01(G) CERTIFICATE

Undersigned counsel certifies: (1) that counsel for the Plaintiffs and counsel for the Defendants have had multiple emails and two telephone meet and confer conferences in the effort to resolve the disputed issue in this motion, and are currently still trying to reach a compromise. Solar Mosaic has offered a witness for a deposition limited to the proffered summary, but has not yet agreed to produce the underlying documents; and (2) this motion *in limine* is not yet ripe due to Solar Mosaic's belated production, filed now to conform with the Court's motion *in limine* deadline, and as such the Court's ruling should respectfully be deferred until the parties can supplement this motion with an adequate record based on forthcoming discovery related to the proffered spreadsheet.

|  |  |
|---|---|
|  | **Respectfully submitted,** |
| Date: <u>April 13, 2020</u> | */s/ Andrew M. Milz* <br> ANDREW M. MILZ <br> *Admitted pro hac vice* |

FLITTER MILZ, P.C.
450 N. Narberth Avenue, Suite 101
Narberth, PA 19072
(610) 822-0782 (ph)
(610) 667-0552 (fax)
amilz@consumerslaw.com

CRAIG E. ROTHBURD
FBN: 0049182
320 W. Kennedy Blvd., #700
Tampa, Florida  33606
(813) 251-8800 (ph)
(813) 251-5042 (fax)
crothburd@e-rlaw.com
mropp@e-rlaw.com

**ATTORNEYS FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

I certify that on April 13, 2020, the foregoing was filed with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to counsel of record.

> */s/ Andrew M. Milz*
> CARY L. FLITTER
> ANDREW M. MILZ
> JODY THOMAS LÓPEZ-JACOBS
>
> FLITTER MILZ, P.C.
> 450 N. Narberth Avenue, Suite 101
> Narberth, PA 19072
> (610) 822-0782
>
> **ATTORNEYS FOR PLAINTIFFS**