UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JERARD BROWN and
ELIZABETH CARDONA,

    Plaintiffs,

v.                                                                                          Case No. 8:18-cv-2838-T-24 JSS

VIVINT SOLAR, INC., ET AL.,

    Defendants.
_____/

**ORDER**

    This cause comes before the Court on two motions: (1) Vivint's Motion to Sever and for Separate Trials (Doc. No. 157), which Plaintiffs oppose (Doc. No. 164); and (2) Vivint's Motion to Bifurcate Trial (Doc. No. 159), which Mosaic joins (Doc. No. 163) and Plaintiffs oppose (Doc. No. 166). As explained below, the Court denies both motions.

**I. Background**

    Plaintiffs Jerard Brown and Elizabeth Cardona bring this lawsuit alleging violations of the Fair Credit Reporting Act ("FCRA") by Defendants. Defendant Vivint Solar, Inc. is the parent company of Defendant Vivint Solar Developer, LLC (collectively referred to as "Vivint"), and they sell solar panels. Defendant Solar Mosaic, Inc. ("Mosaic") is a financing company that finances solar energy systems.

    Vivint's door-to-door salesmen go to potential customers' houses to attempt to sell Vivint's solar panels. These salesmen have iPads with them, on which a potential customer can access Mosaic's online credit application to apply for financing for the purchase of Vivant's solar panels. Plaintiffs contend that Vivint's salesmen came to their houses and completed Mosaic's online credit application in Plaintiffs' names without Plaintiffs' knowledge or consent. Thus, Plaintiffs contend

that all three defendants acted together through Vivint's door-to-door salesmen to obtain Plaintiffs' credit reports under false pretenses and without any permissible purpose or authorization.

## II.  Vivint's Motion to Sever and for Separate Trials

Vivint moves the Court to sever Plaintiffs' claims and try each of the plaintiff's claims separately.  Vivint argues that since Plaintiffs live in different cities, dealt with different salesmen who reported to different supervisors, and had their encounters at different times, their claims should be severed.  Vivint argues that this is necessary in order to prevent jury confusion that could result from the differing evidence proffered by the two different plaintiffs.  Vivant also argues that severing is necessary to avoid unfair prejudice to Vivint, because the jury may believe that if two people allege that their credit reports were pulled without authorization or a permissible purpose, the jury may conclude that Vivint must be liable.

Plaintiffs respond that there will be significant overlapping evidence at trial.  Specifically, Plaintiffs point out that they will each show that Vivint incentivized its salesmen to qualify consumers for credit through Mosaic and that Mosaic told Vivint on several occasions about the perceived problem of impermissible credit pulls by Vivint's salesmen.  Furthermore, Plaintiffs intend to introduce the same pattern and practice evidence relating to other consumers that complained that Vivint's salesmen ran their credit without their permission.  Finally, Plaintiffs argue that any potential prejudice or confusion can be addressed with jury instructions.

Vivint cites to Rules 42 and 21 of the Federal Rules of Civil Procedure in support of its arguments that each plaintiff's claims should be tried separately.  As explained below, the Court finds that severing Plaintiffs' claims and holding two separate trials is not warranted.

### A.  Rule 21

Vivint moves for a severance based on Rule 21.  Rule 21 allows the Court to sever any claim against a party.  In considering Vivint's argument for severance based on Rule 21, the Court considers the following factors:

> (1) whether the claims arise out of the same transaction or occurrence; (2) whether the claims present some common questions of law or fact; (3) whether settlement of the claims or judicial economy would be facilitated; (4) whether prejudice would be avoided if severance were granted; and (5) whether different witnesses and documentary evidence are required for the separate claims.

<u>Securities and Exchange Commission v. Martin</u>, 2018 WL 3827206, at *3 (M.D. Fla. Feb. 15, 2018)(citations omitted).

Vivint argues that Plaintiffs' claims do not arise out of the same transaction or occurrence, because Plaintiffs dealt with different salesmen on different dates in different cities.  However, when determining whether severance is appropriate under Rule 21, "the term 'transaction is a word of flexible meaning' that 'may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship.'"  <u>Gonzalez v. Batmasian</u>, 320 F.R.D. 580, 581 (S.D. Fla. Mar. 29, 2017)(citation omitted).  The Court finds that Plaintiffs' claims arise out of the same series of transactions—Vivint's salesmen's attempts to qualify customers for credit with Mosaic.

Furthermore, Plaintiffs' claims present common questions of law and fact—whether the same conduct alleged to have been committed by Vivint's salesmen on behalf of Defendants violated the FCRA.  Judicial economy would not be facilitated by holding separate trials on Plaintiffs' related claims that they will attempt to prove using overlapping witnesses and documentary evidence.  Any prejudice that Vivint contends may occur by trying Plaintiffs'

claims together can be mitigated by proper jury instructions. Accordingly, the Court denies Vivint's request for a severance based on Rule 21.

### B. Rule 42(b)

Vivint also moves for a severance based on Rule 42(b). Rule 42(b) provides that "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues [or] claims." Fed. R. Civ. P. 42(b). Thus, the considerations under Rule 42(b) are similar to the considerations under Rule 21. See Gonzalez, 320 F.R.D. at 581. For the same reasons that the Court finds that severance is not warranted under Rule 21, the Court finds that severance is not warranted under Rule 42(b). Accordingly, Vivint's motion to sever Plaintiffs' claims into two separate trials is denied.

### III. Defendants' Motion to Bifurcate

Next, Defendants move the Court to bifurcate the trial into two stages: first, determining whether Defendants used or obtained Plaintiffs' credit reports for an impermissible purpose; and second, determining all remaining issues (*i.e.,* whether Defendants acted negligently or willfully and the amount of Plaintiffs' damages, which could include punitive damages for willful conduct). Defendants ask the Court for bifurcation, because they argue that the majority of Plaintiffs' case will be spent trying to show that Defendants acted willfully through pattern and practice evidence, and time spent on such evidence will be avoided if the jury first determines the narrow issue of whether Defendants used or obtained Plaintiffs' credit reports for an impermissible purpose and finds in favor of Defendants on that issue. Furthermore, Defendants contend that the pattern and practice evidence of other customer complaints will unfairly prejudice Defendants if introduced prior to the jury determining whether Defendants used or obtained Plaintiffs' credit reports for an impermissible purpose.

Defendants rely on Rule 42(b) to support their argument for bifurcation. As previously stated, Rule 42(b) provides that "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues [or] claims." Fed. R. Civ. P. 42(b). As explained below, the Court agrees with Plaintiffs that the requested bifurcation is not warranted.

Plaintiffs argue that a single trial promotes judicial economy due to the substantial overlap of evidence relating to whether Defendants used or obtained Plaintiffs' credit reports for an impermissible purpose and whether Defendants acted willfully. For example, one of Mosaic's arguments in support of summary judgment was that it reasonably believed that Plaintiffs' credit applications were submitted with Plaintiffs' consent. In addressing this argument in its summary judgment order, the Court stated the following:

> [W]hile Plaintiffs may have been victims of identity theft with respect to the loan applications to Mosaic, there is a genuine issue of fact regarding whether Mosaic knew or should have known that there was a possibility that the loan applications were not, in fact, submitted by Plaintiffs. There is evidence before the Court showing that Mosaic knew that there were problems with unauthorized credit checks caused by Vivint's salespeople, and it is for the jury to decide whether such evidence undercuts Mosaic's contention that it had a reasonable belief that it had a permissible purpose for checking Plaintiffs' credit.

(Doc. No. 145, p. 10).

Additionally, Plaintiffs contend that Defendants will likely argue that the consent forms/credit applications allegedly electronically signed by Plaintiffs are evidence that Plaintiffs consented to have their credit checked. Likewise, Plaintiffs contend that Defendants will likely argue that Vivint's policies and procedures were sufficient to keep their salesmen from fraudulently submitting the consent forms/credit applications without the customer's consent. Plaintiffs contend that Defendants' knowledge that other customers complained that their credit was checked without their consent (and

Mosaic responding by asking credit reporting companies to remove the hard credit pulls) is relevant to counter these defenses (and is also relevant to the issue of willfulness).

The above examples show that the evidence Plaintiffs intend to use to prove that Defendants used or obtained Plaintiffs' credit reports for an impermissible purpose and to overcome Defendants' defenses thereto overlaps with evidence regarding Defendants' knowledge and the willfulness of Defendants' actions. The Court agrees with Plaintiffs that bifurcation is not warranted. Furthermore, the Court can give jury instructions to ensure that the jury is not confused by the evidence admitted at trial.

## IV.  Conclusion

Accordingly, it is ORDERED AND ADJUDGED that:

(1)   Vivint's Motion to Sever and for Separate Trials (Doc. No. 157) is **DENIED.**

(2)   Defendants' Motion to Bifurcate Trial (Doc. No. 159, 163) is **DENIED**.

DONE AND ORDERED at Tampa, Florida, this 8th day of May, 2020.

SUSAN C. BUCKLEW
United States District Judge

Copies to: Counsel of Record