UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JERARD BROWN and
ELIZABETH CARDONA,

    Plaintiffs,
v.                                                    Case No. 8:18-cv-2838-T-24 JSS

VIVINT SOLAR, INC., ET AL.,

    Defendants.
_____/

**ORDER**

This cause comes before the Court on Mosaic's Motion in Limine (Doc. No. 156), in which Vivint joins (Doc. No. 169, 170). Plaintiffs oppose the motion. (Doc. No. 167). As explained below, the motion is granted in part and denied in part.

**I. Background**

Plaintiffs Jerard Brown and Elizabeth Cardona bring this lawsuit alleging violations of the Fair Credit Reporting Act ("FCRA") by Defendants. Defendant Vivint Solar, Inc. is the parent company of Defendant Vivint Solar Developer, LLC (collectively referred to as "Vivint"), and they sell solar panels. Defendant Solar Mosaic, Inc. ("Mosaic") is a financing company that finances solar energy systems.

Vivint's door-to-door salesmen go to potential customers' houses to attempt to sell Vivint's solar panels. These salesmen have iPads with them, on which a potential customer can access Mosaic's online credit application to apply for financing for the purchase of Vivant's solar panels. Plaintiffs contend that Vivint's salesmen came to their houses and completed Mosaic's online credit application in Plaintiffs' names without Plaintiffs' knowledge or consent. Thus, Plaintiffs contend that all three defendants acted together through Vivint's door-to-door salesmen to obtain Plaintiffs' credit reports under false pretenses and without any permissible purpose or authorization.

**II.  Mosaic's Motion in Limine**

Mosaic moves for a ruling on the admissibility on six types of evidence and argument: (1) the Total Credit Pull evidence; (2) evidence of damages; (3) deposition testimony from other cases; (4) evidence regarding credit applications submitted from outside of Florida and/or outside the 2016 and 2017 timeframe; (5) non-public personal identifying information of non-party customers; and (6) references to agency.  Accordingly, the Court will analyze each of these issues.

**A.  Total Credit Pull Evidence**

Mosaic seeks a ruling that a spreadsheet identifying the number of credit applications submitted to Mosaic by Vivint in Florida in 2016 and 2017 on behalf of its customers, as well as the testimony of Alexander Hughes (a data scientist at Mosaic) regarding the total number of credit reports accessed by Mosaic, (collectively referred to as "Total Credit Pull evidence") is admissible. The Court has already ruled that the spreadsheet is admissible and that Plaintiffs may depose Hughes. (Doc. No. 171).

Plaintiffs contend that Hughes' testimony about the credit applications would be hearsay, because the credit applications contain hearsay.  The Court rejects this argument, as Hughes would be testifying about the number of credit reports accessed by Mosaic.  Hughes will not be testifying regarding the information contained within the credit applications, and as such, his testimony would not be hearsay.  Accordingly, the Court grants Mosaic's motion asking the Court to find that the Total Credit Pull evidence is admissible at trial.

**B.  Damages**

Next, Mosaic makes three arguments regarding Plaintiffs' damages.  First, Mosaic argues that since Plaintiffs have never disclosed a specific value for the emotional distress and punitive damages they seek, Plaintiffs should be barred from suggesting dollar values at trial (including a range of

2

values). Plaintiffs respond that they do not intend to suggest dollar values at trial. Accordingly, the Court grants Mosaic's motion on this issue.

Second, Mosaic argues that Plaintiffs and their family members should be barred from offering testimony regarding Plaintiffs' subjective feelings in connection with Plaintiffs' emotional distress damages. Mosaic contends that such testimony would consist of speculation and hearsay. Plaintiffs do not respond to this argument. The Court agrees with Mosaic that Plaintiffs' family members cannot testify as to what Plaintiffs were feeling; however, Plaintiffs' family members may testify regarding their perceptions of Plaintiffs based on their interactions with Plaintiffs. Accordingly, the motion is granted in part on this issue.

Third, Mosaic argues that in order to obtain emotional distress damages, Plaintiffs must prove that they sustained actual monetary losses. In support of this argument, Mosaic cites Rambarran v. Bank of America, N.A., 609 F. Supp.2d 1253, 1269-71 (S.D. Fla. 2009). However, the facts of that case are distinguishable, as the plaintiff in Rambarran alleged that the monetary losses that he suffered from the defendant's FCRA violation caused him emotional distress. See id. at 1269. The court rejected this argument, because the court found that the defendant's alleged FCRA violation did not result in the complained of monetary losses that he contended caused his emotional distress. See id. Therefore, this Court rejects Mosaic's argument on this issue. Furthermore, in this Court's summary judgment order (Doc. No. 145), this Court found that damages for emotional distress can be awarded if there is a causal connection between the FCRA violation and the emotional harm. See Marchisio v. Carrington Mortgage Services, LLC, 919 F.3d 1288, 1304 (11th Cir. 2019). Accordingly, the Court denies Mosaic's motion on this issue.

**C. Deposition Testimony from Other Cases**

Next, Mosaic moves to exclude the introduction of deposition testimony taken of various individuals in other FCRA cases against Vivint in which Mosaic was not a party. Mosaic contends that it would be prejudiced by the admission of this testimony, because: (1) it did not have an opportunity to cross-examine these witnesses; (2) the jury could be misled into thinking that the alleged wrongdoing of Vivint in those cases could somehow be imputed to Mosaic; and (3) the alleged wrongdoing in the other cases is not relevant to the issue in this case of whether Mosaic used or obtained Plaintiffs' credit reports for an impermissible purpose.

Plaintiffs identify the following people who gave deposition testimony in other FCRA cases against Vivint: (1) Philip Chamberlain, former Vivint District Manager; (2) Tanner Baumgarten, former Vivint employee; (3) Colt Reid, Vivint's Vice President of Sales Operations; (4) Lisa Xochimitl, Vivint's Central Scheduling Manager; and (5) Jane Driggs, Utah Better Business Bureau ("BBB") designee. Plaintiffs respond that they intend to call these witnesses live, but these witnesses may not be available because they live out of state. Plaintiffs argue that under Federal Rule of Civil Procedure 32, as well as Federal Rules of Evidence 804(b)(1) and 801(d)(2)(D), this deposition testimony is admissible against Vivint, because Vivint was a party to those depositions, and the depositions involved the same issue of impermissible credit pulls initiated by Vivint.

Rule 32(a)(1) provides that a deposition may be used against a party at trial if three conditions are met: (1) "the party was present or represented at the taking of the deposition or had reasonable notice of it;" (2) the deposition "is used to the extent it would be admissible under the Federal Rules of Evidence if the deponent were present and testifying; and" (3) "the

use is allowed by Rule 32(a)(2) through (8)." Rule 32(a)(8) addresses depositions taken in an earlier action and provides that such deposition testimony may be used in two situations: (1) the deposition "may be used in a later action involving the same subject matter between the same parties, or their representatives or successors in interest, to the same extent as if taken in the later action;" or (2) "[a] deposition previously taken may also be used as allowed by the Federal Rules of Evidence." The reason why Rule 32(a) references the Federal Rules of Evidence is that "the Federal Rules of Evidence generally exclude testimony from a prior proceeding as hearsay." Pinkney v. Winn Dixie Stores, Inc., 2014 WL 7272551, at *1 (S.D. Ga. Dec. 17, 2014).

Plaintiffs intend to use this deposition testimony against Vivint, who was present at these prior depositions. Furthermore, it appears that Federal Rule of Evidence 801(d)(2)(D) provides a basis for admitting the deposition testimony of Colt Reid, Vivint's Vice President of Sales Operations, and Lisa Xochimitl, Vivint's Central Scheduling Manager. Rule 801(d)(2)(D) provides that a statement that is offered against an opposing party that "was made by the party's agent or employee on a matter within the scope of that relationship and while it existed" is not hearsay. As such, the Court denies Mosaic's motion as to Reid and Xochimitl's deposition testimony in general, but Mosaic may raise any specific objections to the use of the depositions at trial.

Likewise, it appears that Federal Rule of Evidence 804(b)(1) provides a basis for admitting all five depositions against Vivint if these witnesses are unavailable to testify at trial, because their deposition testimony was given in a different case and would be "offered against a party [Vivint] who had—or, in a civil case, whose predecessor in interest had—an opportunity and similar motive to develop it by direct, cross-, or redirect examination." F.R.E. 804(b)(1). As such, the Court denies Mosaic's motion on the issue of the general admissibility of the prior

deposition testimony, but Mosaic may raise any specific objections to the use of this testimony at trial.

The Court notes that Mosaic argues that it may be prejudiced by the admission of the deposition testimony, because the jury could be misled into thinking that the alleged wrongdoing of Vivint in those cases could somehow be imputed to Mosaic. The Court believes that any potential prejudice can be prevented by proper limiting instructions being given at trial.

### D.  Credit Applications Submitted Outside of Florida and/or Outside of 2016-2017

Mosaic asks the Court to exclude evidence of consumer complaints from outside of the state of Florida and/or outside of the 2016-2017 time period. Mosaic argues that this evidence is irrelevant, highly prejudicial, and outside the scope of discovery.

During discovery in this case, Plaintiffs moved to compel Defendants to provide information regarding other consumer complaints of FCRA violations, as such evidence is relevant to the issue of willfulness of an FCRA violation. In granting the motions in part, the Court stated that after "considering the relevance of prior complaints and the proportionality to the needs of the case, the Court will limit the scope of discovery in this area. Defendants shall produce any prior complaints from Florida, in 2016 and 2017, that allege Defendants violated the FCRA by obtaining a consumer credit report without authorization by the consumer." (Doc. No. 34, p. 4). Plaintiffs contend that the Court limited the scope of discovery based on proportionality and that any such discovery limitation should not preclude otherwise admissible, relevant evidence from being used at trial. The Court agrees with Plaintiffs that the discovery order is not a sufficient basis to preclude evidence outside of its scope from being used at trial.

At this time, the Court does not find that excluding all such evidence is necessary. The Court will limit the time period for consumer complaints to those that occurred prior to

December 31, 2017. However, the Court does not find it necessary to limit the complaints to those made in Florida, as long as the complaints relate to either Vivint or Mosaic committing similar conduct to that in the instant case, as Plaintiffs intend to call other consumers to testify regarding what happened to them.

Mosaic contends that it would be highly prejudicial to have Plaintiffs surprise Defendants at trial with complaints falling outside of the scope of discovery, but the Court finds that Mosaic can hardly argue surprise. It has been clear throughout this case that Plaintiffs were relying on complaints throughout the country. Mosaic contends that Defendants would have no way to rebut such evidence at trial, as they did not have an opportunity to develop evidence in discovery. However, as long as Plaintiffs can show that such customers complained to Vivint or to Mosaic regarding a credit application submitted by Vivint, then such would show that Vivint or Mosaic had knowledge of the complaint and cannot be surprised by its use against that defendant at trial. Accordingly, the Court denies Mosaic's motion on this issue.

Mosaic also moves to exclude two more types of evidence: (1) evidence of consumer complaints regarding credit applications submitted to Mosaic through other solar energy vendors, arguing that such evidence is irrelevant and prejudicial; and (2) evidence of contracts that Mosaic entered into with Vivint after 2017, arguing that such evidence would go to subsequent remedial measures undertaken by Mosaic. Plaintiffs have not responded to these arguments, and the Court construes their silence as Plaintiffs having no objection. Accordingly, the Court grants Mosaic's motion as to these two types of evidence.

### E. Non-Public Personal Identifying Information

Next, Mosaic seeks to exclude evidence regarding non-public personal identifying information of non-party customers. The Court agrees that the non-party customers have privacy

interests that should be protected, and as such, the parties shall redact non-party customer last names on documents beyond the first letter of their last names. Additionally, non-party customers' contact information and financial information shall also be redacted. To this extent, the Court grants Mosaic's motion on this issue.

### F. Reference to Agency or Agents

Next, Mosaic argues that the Court should preclude counsel from referring to Vivint and Mosaic as agents or principals of one another. Mosaic argues that whether an agency relationship exists between Vivint and Mosaic is a question of fact for the jury to decide, so counsel should not be permitted to make such references.

Plaintiffs oppose this argument. By way of example, Plaintiffs point out that whether or not their credit was checked for a permissible purpose is also a question of fact, but the Court is not preventing counsel from arguing to the jury that the credit pulls were permissible. Thus, Plaintiffs argue, the existence of a factual dispute does not require a party or their counsel to qualify every statement made about the disputed fact.

The Court agrees with Plaintiffs that counsel should not be barred from referring to Vivint and Mosaic as agents or principals of one another. That is certainly appropriate argument that can be made to the jury. If it appears during trial that agency references are made in some sort of prejudicial manner when questioning witnesses, Defendants can make an objection to the Court. Otherwise, the Court denies Mosaic's motion on this issue.

## III. Conclusion

Accordingly, it is ORDERED AND ADJUDGED that:

(1) Mosaic's Motion in Limine (Doc. No. 156) is **GRANTED IN PART AND DENIED IN PART** as set forth above.

DONE AND ORDERED at Tampa, Florida, this 15th day of May, 2020.

SUSAN C. BUCKLEW
United States District Judge

Copies to: Counsel of Record