UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JERARD BROWN and
ELIZABETH CARDONA,

    Plaintiffs,

v.                                                     Case No. 8:18-cv-2838-T-24 JSS

VIVINT SOLAR, INC., ET AL.,

    Defendants.
_____/

**ORDER**

This cause comes before the Court on Vivint's Motion in Limine (Doc. No. 158), in which Mosaic joins (Doc. No. 163). Plaintiffs oppose the motion. (Doc. No. 165). As explained below, the motion is granted in part and denied in part.

**I. Background**

Plaintiffs Jerard Brown and Elizabeth Cardona bring this lawsuit alleging violations of the Fair Credit Reporting Act ("FCRA") by Defendants. Defendant Vivint Solar, Inc. is the parent company of Defendant Vivint Solar Developer, LLC (collectively referred to as "Vivint"), and they sell solar panels. Defendant Solar Mosaic, Inc. ("Mosaic") is a financing company that finances solar energy systems.

Vivint's door-to-door salesmen go to potential customers' houses to attempt to sell Vivint's solar panels. These salesmen have iPads with them, on which a potential customer can access Mosaic's online credit application to apply for financing for the purchase of Vivant's solar panels. Plaintiffs contend that Vivint's salesmen came to their houses and completed Mosaic's online credit application in Plaintiffs' names without Plaintiffs' knowledge or consent. Thus, Plaintiffs contend that all three defendants acted together through Vivint's door-to-door salesmen to obtain Plaintiffs' credit reports under false pretenses and without any permissible purpose or authorization.

## II.  Vivint's Motion in Limine

Vivint moves for a ruling on the admissibility on seven types of evidence and argument: (1) other consumer complaints; (2) inflammatory statements; (3) Vivint's financial status; (4) Hendricks' testimony; (5) damages; (6) emails and other communications; and (7) certain complaints against Mitchell Coan.  Accordingly, the Court will analyze each of these issues.

### A.  Other Consumer Complaints

Vivint asks the Court to exclude or limit evidence of other consumer complaints on four bases.  As explained below, the motion is largely denied on this issue.

First, Vivint asks that the Court to bifurcate the trial, so that evidence of other consumer complaints used to show a pattern and practice of willful FCRA violations would be excluded from trial unless the jury first finds that Defendants used or obtained Plaintiffs' credit reports for an impermissible purpose.  The Court has already denied this request when ruling on Vivint's separate motion to bifurcate trial, finding that such evidence is relevant to the issue of whether Defendants used or obtained Plaintiffs' credit reports for an impermissible purpose and that jury instructions can be used to prevent unfair prejudice.  (Doc. No. 172).

Second, Vivint asks the Court to exclude evidence of other consumer complaints during all stages of the trial, because the complaints are inadmissible hearsay used to prove the truth of the matter asserted in the complaints.  Plaintiffs respond that they are not using evidence of other consumer complaints for the truth of the matter asserted; instead, they are using this evidence to show that Defendants were on notice of the complaints and disregarded the possibility that they were violating the FCRA.  Accordingly, the Court finds that exclusion on the basis of hearsay is not warranted as long as Plaintiffs use such evidence to show notice (rather than to prove the truth of the complaints).

Third, Vivint asks the Court to exclude evidence beyond the scope of discovery, *i.e.,* consumer complaints from outside of the state of Florida and/or outside of the 2016-2017 time period. The Court has already denied part of this request when ruling on Mosaic's motion in limine, finding that it is not necessary to limit the complaints to those made in Florida, as long as the complaints relate to either Vivint or Mosaic committing conduct similar to that alleged in the instant case. (Doc. No. 174). The Court will limit the time period for consumer complaints to those that occurred prior to December 31, 2017.

Fourth, Vivint asks the Court to preclude Plaintiffs from referencing and using evidence from other civil actions or proceedings against Defendants. The Court has already ruled on the admissibility of deposition testimony taken in other FCRA cases against Vivint. (Doc. No. 174).

Vivint argues that Plaintiffs should be precluded from referencing other lawsuits against Defendants, because it would cause unfair prejudice, confuse the issues, mislead the jury, and waste time. Plaintiffs respond that the only other lawsuit that they intend to reference is the case filed by Mr. Littlejohn against Vivint. Plaintiffs intend to call Littlejohn and two other customers to testify live at trial about their experience with Vivint, and Plaintiffs contend that this evidence will be used to show that Vivint was on notice of an alleged problem with its salesmen submitting credit applications without customer consent.

Upon consideration, the Court rejects Vivint's argument to exclude references to other lawsuits to the extent that Plaintiffs may refer to Littlejohn's lawsuit against Vivint. Furthermore, Plaintiffs may call Littlejohn and the two other customers to testify at trial in order to show that Vivint was on notice of an alleged problem with its salesmen submitting credit applications without customer consent.

### B. Inflammatory Statements

Next, Vivint asks the Court to preclude Plaintiffs' counsel from using inflammatory, negative conclusory statements, such as saying that Vivint and/or its salesmen have a "demonstrable record of fraud, forgery, and impermissible credit pulls," and referring to "victimized consumers." Vivint contends that these statements are unproven allegations that will be unfairly prejudicial, and as such, they should not be permitted without counsel qualifying the statements as being allegations rather than statements of fact. Plaintiffs respond that the evidence at trial will support the statements that their counsel makes.

The Court declines to rule on the appropriateness of statements or arguments that have not yet been made. The Court presumes that all counsel will conduct themselves properly during the trial. Furthermore, statements made by counsel are not evidence; such statements are generally explanation and argument regarding what counsel believes the evidence will show and how the jury should construe the evidence. At this point, the Court denies the motion without prejudice, and counsel may object at trial if statements or arguments are inflammatory and unduly prejudicial.

### C. Vivint's Financial Status

Next, Vivint argues that Plaintiffs should be precluded from offering evidence relating to Vivint's financial status, because such information is inflammatory and irrelevant unless the jury first finds that Vivint willfully violated the FCRA. Vivint asks the Court to bifurcate the trial so that the jury would first consider whether Defendants willfully violated the FCRA, and if the jury finds that Defendants did willfully violate the FCRA, then Plaintiffs can introduce evidence regarding Vivint's financial status.

Plaintiffs respond that they are not opposed to bifurcation in this manner, as long as they can speak generally about Defendants' financial motives, Defendants' stake in the solar power industry,

and other related evidence that does not directly disclose Defendants' finances. The Court agrees that Plaintiffs' proposal is an acceptable solution.

The Court notes, however, that Plaintiffs state that Defendants have not yet disclosed their financial information in response to Plaintiffs' discovery requests. It appears that Defendants are under the impression that they can wait until after the jury decides whether they willfully violated the FCRA before they respond to Plaintiffs' discovery requests regarding their financial status. This is not acceptable, as it will obviously result in a delay between the liability and damages phases of the trial if the jury finds that Defendants willfully violated the FCRA. Instead, Defendants must respond to Plaintiffs' existing discovery requests for financial information by August 10, 2020, and if necessary, such information can be produced pursuant to a confidentiality agreement.

### D.  Hendricks' Testimony

Next, Vivint argues that Plaintiffs' expert, Evan Hendricks, should be precluded from testifying about the actual effect Defendants' hard credit pulls had on Plaintiffs' credit. Vivint points out that Plaintiffs have no evidence regarding the actual effect Defendants' credit pulls had on their credit. Furthermore, Vivint argues that Hendricks' testimony regarding the effect of hard credit pulls generally would be unfairly prejudicial, as the jury may assume that the general effect of a hard credit pull was the actual effect in this case.

This Court has already ruled that Hendricks can testify regarding the general effect of hard credit pulls (Doc. No. 150), so the Court denies Vivint's motion on this issue. However, Hendricks may not testify regarding the actual effect the credit pulls had on Plaintiffs' credit, and Vivint may cross-examine Hendricks on this point.

### E. Damages

Next, Vivint argues that the Court should limit Plaintiffs' evidence of damages. Specifically, Vivint argues that the only out-of-pocket losses identified by Plaintiffs is the $30 Cardona spent to freeze her credit. Plaintiffs do not respond to this argument, and the Court construes their silence as agreement that they will not proffer any evidence of other out-of-pocket damages. Accordingly, the Court grants Vivint's motion on this issue.

Vivint also argues that Plaintiffs should be precluded from offering testimony regarding their subjective feelings as evidence of their emotional distress damages. The Court has already rejected this argument when it ruled on Mosaic's motion in limine, noting that damages for emotional distress can be awarded if there is a causal connection between the FCRA violation and the emotional harm. See Marchisio v. Carrington Mortgage Services, LLC, 919 F.3d 1288, 1304 (11th Cir. 2019). (Doc. No. 174). Accordingly, the Court denies Vivint's motion on this issue.

### F. Emails and Other Communications

Next, Vivint makes three arguments in its request to exclude emails and other communications. First, Vivint asks the Court to exclude all communications that pertain to consumers outside of Florida and not within the 2016-2017 time period, arguing that such evidence is irrelevant. Second, Vivint asks the Court to exclude all communications offered for their truth, arguing that such evidence is hearsay. The Court has already ruled on these arguments in Section II.A in connection with consumer complaints, and the same rulings apply here.

Third, Vivint asks the Court to exclude a specific document produced in discovery, arguing that statements within the document are unfairly prejudicial and consist of hearsay and that the document lacks authentication. Vivint, however, fails to attach the document to the motion or point to the document in the record. The Court will not rule on the admissibility of this document without

first reviewing the document. Therefore, the Court denies without prejudice Vivint's motion on this issue. Vivint may renew this motion at the pretrial conference or at trial as long as Vivint provides the Court with a copy of the document for review.

### G. Certain Complaints against Coan

Next, Vivint asks the Court to exclude all evidence of consumer complaints against Mitchell Coan during his prior employment in 2016 and 2017 selling security systems on behalf of a different Vivint company. Vivint argues that this evidence is irrelevant, unfairly prejudicial, will confuse the jury, and is improper character evidence.

Plaintiff responds that there were 24 accounts assigned to Coan when he was working for the security system company for which the customers requested that their contracts be cancelled due to forgery. Plaintiffs argue that this evidence can be used for the non-propensity reasons set forth in Federal Rule of Evidence 404(b), such as motive, knowledge, intent, and absence of mistake. Further, Plaintiffs argue that pursuant to Federal Rule of Evidence 608(b), Plaintiffs may cross-examine Coan about these forgery allegations, because they are probative of his character for truthfulness.

Upon consideration, the Court agrees with Vivint that this evidence should be excluded. Neither Rule 404(b), which applies to criminal cases, nor Rule 608(b) provide a basis for admissibility of the customer complaints. The notations in Coan's employment record that certain accounts requested cancellation due to forgery is not proof that Coan forged anything, as the alleged forgeries could have been committed by others (such as a family member of the customer) or there may not have actually been a forgery at all. Because the customer complaints are past *allegations* of forgery, not *proof* of past forgery by Coan, the customer complaints are not probative of Coan's character for truthfulness.

## III.  Conclusion

Accordingly, it is ORDERED AND ADJUDGED that Vivint's Motion in Limine (Doc. No. 158) is **GRANTED IN PART AND DENIED IN PART** as set forth above.

DONE AND ORDERED at Tampa, Florida, this 6th day of July, 2020.

SUSAN C. BUCKLEW
United States District Judge

Copies to: Counsel of Record