UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JERARD BROWN and
ELIZABETH CARDONA,

    Plaintiffs,
v.                                                  Case No. 8:18-cv-2838-T-24 JSS

VIVINT SOLAR, INC., ET AL.,

    Defendants.
_____/

## ORDER

This cause comes before the Court on Vivint's Motion to Exclude Late Disclosed Documents (Doc. No. 186), which is joined by Mosaic (Doc. No. 188). Plaintiffs oppose the motion. (Doc. No. 189). As explained below, the motion is granted.

## I. Background

Plaintiffs Jerard Brown and Elizabeth Cardona bring this lawsuit alleging violations of the Fair Credit Reporting Act by Defendants. Defendant Vivint Solar, Inc. is the parent company of Defendant Vivint Solar Developer, LLC (collectively referred to as "Vivint"), and they sell solar panels. Defendant Solar Mosaic, Inc. ("Mosaic") is a financing company that finances solar energy systems.

Vivint's door-to-door salesmen go to potential customers' houses to attempt to sell Vivint's solar panels. These salesmen have iPads with them, on which a potential customer can access Mosaic's online credit application to apply for financing for the purchase of Vivant's solar panels. Plaintiffs contend that Vivint's salesmen came to their houses and completed Mosaic's online credit application in Plaintiffs' names without Plaintiffs' knowledge or consent. Thus, Plaintiffs contend that all three defendants acted together through Vivint's door-to-door salesmen to obtain Plaintiffs' credit reports under false pretenses and without any permissible purpose or authorization.

## II. Motion to Exclude Documents

Vivint moves the Court to exclude certain late-disclosed documents that Plaintiffs intend to use at trial. The first document is an Assurance of Discontinuance, dated January 6, 2020, wherein Vivint entered into an agreement with the New York Attorney General to discontinue certain deceptive business practices. (Doc. No. 186-2). The Assurance of Discontinuance references a broad range of deceptive practices allegedly committed by Vivint in New York. The second document is a Consent Order entered into in August of 2019 between Vivint and the New Jersey Attorney General. (Doc. No. 186-3). The Consent Order addresses several deceptive practices allegedly committed by Vivint in New Jersey, including obtaining credit reports on potential customers without their knowledge. Both documents state that they are not admissions by Vivint. (Doc. No. 186-2, ¶ 58, 80; Doc. No. 186-3, § 8.9).

Discovery in this case ended on January 31, 2020. (Doc. No. 97). On June 12, 2020—after dispositive motions were ruled on and motions in limine were briefed—Plaintiffs disclosed these two documents to Vivint. (Doc. No. 186). Vivint makes several arguments for exclusion of these documents, but the Court need only address the fact that these documents were not disclosed prior to the discovery deadline, and Plaintiffs offer no explanation for the late disclosure.

Vivint argues that the two documents should be excluded pursuant to Federal Rule of Civil Procedure 37(c)(1), because they were not timely disclosed. Rule 37(c)(1) provides:

> If a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information . . . to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless.

Fed. R. Civ. P. 37(c)(1). Further, this Court is guided by the following considerations:

> The discovery process is designed "to avoid surprise and minimize prejudice." No party can use information after failing to provide it under Rule 26, "unless the failure was substantially justified or is harmless." The non-disclosing party bears the burden of showing its failure to disclose was substantially justified or harmless. And the Court enjoys "broad discretion in determining whether a violation is justified or harmless." To determine whether a violation was justified or harmless, courts have found the following factors helpful: "(1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the non-disclosing party's explanation for its failure to disclose the evidence."

Knowles v. Inzi Controls Alabama, Inc., 2019 WL 4551609, at *3 (M.D. Ala. Sept. 19, 2019)(internal citations omitted).

It is undisputed that these documents were not disclosed prior to the discovery deadline, and Plaintiffs do not provide any reason for the untimely disclosure. Instead, Plaintiffs argue that Vivint is not prejudiced, because Vivint was able to file the instant motion to challenge the documents. The Court is not persuaded by Plaintiffs' argument.

Additionally, the Court notes that Vivint previously moved to prevent Plaintiffs from referencing other civil actions or proceedings against it. (Doc. No. 158). In response, Plaintiff led the Court to believe that the only evidence of other civil actions against Vivint would be the Littlejohn lawsuit. (Doc. No. 165, p. 12-13; Doc. No. 177, p. 3). As a result, the Court ruled that the only other civil action or proceeding that Plaintiffs could refer to at trial was the Littlejohn lawsuit. (Doc. No. 177, p. 3). Plaintiffs have given the Court no reason to disturb that ruling.

**III. Conclusion**

Accordingly, it is ORDERED AND ADJUDGED that Vivint's Motion to Exclude Late Disclosed Documents (Doc. No. 186) is **GRANTED**. Plaintiffs may not use or refer to the 2020 Assurance of Discontinuance or the 2019 Consent Order at trial.

DONE AND ORDERED at Tampa, Florida, this 25th day of August, 2020.

SUSAN C. BUCKLEW
United States District Judge

Copies to: Counsel of Record